IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DEBORAH N. SHARP, an Individual and Personal Representative of the Estate of REUBEN BENJAMIN SHARP, Deceased,<br><br>   Plaintiff,<br><br>v.<br><br>(1) 68 TRANSPORT, LLC, a Foreign Limited Liability Company;<br>(2) ISMAEL LUJAN, an Individual;<br>(3) J.H. ROSE LOGISTICS, LLC, a Foreign Limited Liability Company; and<br>(4) ACTION SAFETY SUPPLY CO., a Domestic Corporation,<br><br>   Defendants. | Case No.  17-CV-78-KEW<br><br>Removed from Murray County District Court<br>Case No. CJ-2015-00070<br>Judge Aaron Duck |

**DEFENDANT J.H. ROSE LOGISTICS, LLC'S NOTICE OF REMOVAL**

**COMES NOW** Defendant J.H. Rose Logistics, LLC, pursuant to 28 U.S.C. §§ 1441 and 1446, and files this notice of removal of the above-titled action from the District Court of Murray County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma.

**STATEMENT OF GROUNDS FOR REMOVAL**

**A.   FACTS**

1. Plaintiff Deborah Sharp is a citizen of the State of Oklahoma.

2. Defendant 68 Transport, LLC is a limited liability company, all of whose members are citizens of the State of Texas.  Therefore, under *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015), 68 Transport is a citizen of the State of Texas.

3. Defendant Ismael Lujan is a citizen of the State of Texas.

4. Defendant J.H. Rose Logistics, LLC, is a limited liability company which is wholly owned by MVT Holdings, LLC, all of whose members are citizens of the State of New Mexico, trusts whose beneficiaries are citizens of New Mexico or Texas, or MVT Enterprises, Inc., which is a corporation created under the law of the State of New Mexico and which has its principal place of business in New Mexico. Therefore, J.H. Rose is a citizen of the States of Texas and New Mexico.

5. On February 14, 2017, Plaintiff filed a Third Amended Petition against the above-named Defendants, seeking damages in excess of $75,000.00, as the result of a highway accident. (Exhibit # 1, Third Amended Petition).

6. In her Third Amended Petition, Plaintiff also named an Oklahoma company, Action Safety Supply Co., as a defendant, stating that "Plaintiff has reason to believe other Defendants will claim reasonable care was not used by Defendant Action Safety, who is therefore joined pursuant to Oklahoma Statute Title 12, Section 2020." (Exhibit # 1, ¶ 25). As explained below, Plaintiff fraudulently joined Action Safety.

7. This Court has jurisdiction because of the complete diversity of the citizenship between the parties, and the sufficiency of the amount in controversy, pursuant to 28 U.S.C. § 1332(a)(1).

8. This Notice of Removal is filed within thirty (30) days of service of the Third Amended Petition, and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

9. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, copies of all documents filed or served in this case to date, along with a copy of the state district court Docket Sheet, are submitted with this notice of removal. (Exhibit # 1, Third Amended Petition; Exhibit # 2, Docket Sheet; Exhibit # 3, All Court Filings).

B.     **DIVERSITY AND JOINDER**

As acknowledged in her Third Amended Petition, Plaintiff is a citizen of Oklahoma, all defendants except Action Safety are citizens of other states, and the amount in controversy exceeds $75,000, exclusive of costs and interests. Thus, this Court has diversity jurisdiction over this action pursuant to U.S.C. § 1332, if the "claim" against Action Safety is not joined with the claims against the other defendants. If diversity exists, and all requirements are met, federal law states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

C.     **FRAUDULENT JOINDER**

The claim against the Oklahoma corporate defendant, Action Safety, has been fraudulently joined with the claims against the other defendants, who are all diverse from Plaintiff. Courts recognize that a plaintiff suing an out-of-state defendant may attempt to avoid section 1441(a) and prevent removal by also suing a defendant from the same state as the plaintiff. *See*, *for example*, *Hunter v. Missouri-Kansas-Texas R. Co.*, 258 F. Supp. 20, 22 (N.D. Okla. 1966). To prevent this from occurring, the concept of fraudulent joinder was developed. To apply this concept, the removing party must allege jurisdiction on the basis that the non-diverse party has been fraudulently joined, and demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) *inability of the plaintiff to establish a cause of action against the non-diverse party in state court*. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

There is no possibility that Plaintiff can establish a cause of action against Action Safety. In fact, Plaintiff has not even asserted a cause of action against Action Safety. The totality of the

allegations against Action Safety are that it failed to act properly and, as a result, "Plaintiff has reason to believe other Defendants will claim reasonable care was not used by Defendant Action Safety, who is therefore joined pursuant to Oklahoma Statute Title 12, Section 2020." (Exhibit # 1, ¶¶ 24-25).

Whether *other* parties may assert Action Safety committed negligence is simply not a legally cognizable cause of action alleged by Plaintiff against Action Safety. Plaintiff has stated that she added Action Safety because another party might do so. This is not a cause of action or even an allegation, but is simply the type of speculation that is not the equivalent of stating a cause of action.

Our courts do not elevate form over substance. *In re Paige*, 685 F.3d 1160, 1193 (10th Cir. 2012); *Earp v. Eucalyptus Real Estate, LLC*, 2016 WL 2939537, at *2 (W.D. Okla. 2016). Rather, a pleading is measured by its content rather than by the author-provided title. *State ex rel. Hettel v. Sec. Nat. Bank & Trust Co. in Duncan*, 922 P.2d 600, 609 (Okla. 1996). While Plaintiff may have included Action Safety within her "First Cause of Action-Negligence" portion of her Third Amended petition, the contents of the sole allegations against Action Safety do not reveal she is asserting a cause of action against it, or even alleging Action safety caused her harm. Therefore, this non-diverse corporate defendant has been fraudulently joined.

**D.** **NOTICE**

Under 28 U.S.C. § 1446(b)(3), if a case is initially not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In the instant case, the receipt by J.H. Rose of Plaintiff's Third Amended Petition is the "amended pleading" that triggers the 30-day period for removal. The pleading was filed on February 14, 2017, so this Notice of Removal is well within the 30-day period.

Prior to the filing of the Third Amended Petition, removal was not possible because Plaintiff had sued an additional, non-diverse defendant, Overland Corporation, a citizen of the State of Oklahoma. (Exhibit # 4, Second Amended Petition). It was only upon the elimination of Overland that the case became removable.[1]

Further, pursuant to 28 U.S.C. § 1446(c)(1), a party has one year after commencement of the action to remove the case. In a decision from this District, the court noted that "there is a significant body of law that suggests that an amended complaint or petition is tantamount to commencing a new cause of action in certain circumstances. Furthermore, the language of the Federal Rules of Civil Procedure also suggests that the Amended Petition is equivalent to a new cause of action with a new commencement date." *Plummer v. Farmers Grp., Inc.*, 388 F. Supp. 2d 1310, 1314 (E.D. Okla. 2005). The Third Amended Petition was filed on February 14, 2017, much less than one year ago. Further, J.H. Rose was not made a party to the lawsuit until Plaintiff filed her Second Amended Petition June 6, 2016, also within a year of removal. Thus, no matter which filing is considered the commencement of the action, removal is timely.

E.   CONSENT

Title 28 U.S.C. § 1446(2)(A) codifies the common-law "rule of unanimity," which requires that when a civil action is removed solely under section 1441(a), "all defendants who have been

---

[1] Plaintiff filed a dismissal of Overland on December 27, 2016. (Exhibit # 5, Dismissal Without Prejudice). No notice to J.H. Rose was given, as the Certificate of Service reveals that only Overland's attorney received notice. J.H. Rose was not aware that Overland was no longer a defendant until it received the Third Amended Petition omitting Overland.

*properly* joined and served must join in or consent to the removal of the action." (Emphasis added). Attached herein are consents to removal from the other two diverse defendants, 68 Transport and Ismael Lujan. (Exhibits ## 6 & 7).

J.H. Rose has not attempted to obtain consent from Action Safety, because, as explained, it was not properly joined. The federal courts have expressly held that a removing defendant alleging fraudulent joinder does not need to obtain consent from improperly or fraudulently joined parties. *See*, *for example*, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *McDonald v. Raycom TV Broad., Inc. d/b/a WLBT*, 2009 WL 1149569, at *1 (S.D. Miss. 2009).

## CONCLUSION

**WHEREFORE,** J.H. Rose Logistics, LLC, prays that this Notice of Removal be accepted by this Court, that the lawsuit proceeds as an action properly removed to this Court's jurisdiction as to Plaintiff's claims against the diverse defendants, and that this Court remand Plaintiff's claims against the non-diverse defendant, Action Safety Supply Co., to the state district court.

Respectfully submitted,

*s/ Phil R. Richards*
Phil R. Richards, OBA # 10457
Randy Lewin, OBA #16518
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma 74103
Telephone: 918/585.2394
Facsimile: 918/585.1449

**ATTORNEYS FOR DEFENDANT
J.H. ROSE LOGISTICS, LLC**

# **CERTIFICATE OF SERVICE**

       I hereby certify that on the 2nd day of March, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Additionally, pursuant to 28 U.S.C. § 1446(d), true and correct copies of the Notice of Removal were mailed, postage prepaid, to the following:

James A. Belote, Esq.
Jack Stipe, Esq.
STIPE & BELOTE, LLP
9400 Broadway Extension, Suite 420
Oklahoma City, Oklahoma  73114

**ATTORNEYS FOR PLAINTIFF**
**DEBORAH N. SHARP**

Tim N. Cheek, Esq.
D. Todd Riddles, Esq.
Gregory D. Winningham, Esq.
Tyler J. Coble, Esq.
CHEEK LAW FIRM, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, Oklahoma  73102

**ATTORNEYS FOR DEFENDANT**
**68 TRANSPORT**

L. Don Smitherman, Esq.
MORICOLI KELLOGG & GLEASON PC
211 N. Robinson, Suite 1350
Oklahoma City, Oklahoma  73105

**ATTORNEY FOR DEFENDANT**
**ISMAEL LUJAN**

Christie Pittman
Murray County District Court Clerk
1001 W Wyandotte Ave
Sulphur, Oklahoma 73086

Robert P. Coffey, Jr., Esq.
Andrew B. Morsman, Esq.
David T. Fletcher, Esq.
COFFEY, SENGER & MCDANIEL, PLLC
4725 E. 91st Street, Suite 100
Tulsa, Oklahoma  74137

**ATTORNEYS FOR DEFENDANT**
**LOGISTI-K USA, LLC**

Keith P. Connell, Esq.
LAW OFFICES OF ANN FRIES
4500 South Garnett Road, Suite 230
Tulsa, Oklahoma  74146

**ATTORNEY FOR DEFENDANT**
**OVERLAND CORPORATION**

Dan S. Folluo, Esq.
Rachel M. Rogers, Esq.
RHODES, HIERONYMUS, JONES, TUCKER & GABLE, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121

**ATTORNEYS FOR DEFENDANT**
**ACTION SAFETY SUPPLY CO.**

 

*s/ Phil R. Richards*
Phil R. Richards