## IN THE DISTRICT COURT IN AND FOR MURRAY COUNTY
### STATE OF OKLAHOMA

DEBORAH A. SHARP, an Individual
and as Next of Kin of REUBEN
BENJAMIN SHARP, Deceased.

PLAINTIFF,

v.

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION, a Domestic
Corporation, ACTION SAFETY
SUPPLY CO., a Domestic Corporation,

DEFENDANTS.

Case No. CJ-15-70

**F I L E D**
MURRAY COUNTY, OKLAHOMA

DEC 0 4 2015

CHRISTIE BURMAN, Court Clerk
By_____Deputy

### PETITION

Plaintiff, Deborah A. Sharp, for her cause of action against the Defendants, 68 Transport,

LLC, Ismael Lujan, Overland Corporation and Action Safety Supply Co. alleges and states as

follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 12 OS 2004(F).

2.    Plaintiff Deborah A. Sharp is a resident of Oklahoma County, Oklahoma.

3.    Defendant 68 Transport, LLC is a limited liability company in Texas.

4.    Defendant Ismael Lujan is a resident of Texas.

5.    Defendant Overland Corporation ("Overland") is an Oklahoma Corporation with

its corporate headquarters in Ardmore, Oklahoma.

6.    Action Safety Supply Co. ("Action Supply") is an Oklahoma Corporation with its

EXHIBIT
3

corporate headquarters in Oklahoma City, Oklahoma.

7.      There is no diversity of citizenship pursuant to 28 USC §1332(c), and removal of the action to Federal Court would also be improper pursuant to 28 USC §1441(b).

8.      This Court has venue of this matter and controversy pursuant to 12 OS§134 and 137, because Murray County is the county where the cause of action, or some part thereof arose.

## GENERAL FACTS

9.      On July 30, 2015 Defendant Lujan was driving his semi-tractor on Interstate 35 heading south. Traffic in front of Lujan was slowing due to a construction zone which was narrowing the south bound lanes down to one lane. Although Defendant Lujan traveled past multiple warning signs advising of congested traffic and the narrowing lane, he failed to slow down and struck the rear of Plaintiff's vehicle. Ms. Sharp suffered personal injury as a direct result of the collision. Mr. Sharp died on July 31, 2015 as a direct result of the injuries he received in the collision.

10.     Defendant Lujan was operating a semi-tractor owned by Defendant 68 Transport, LLC ("68 Transport"), his employer at the time of the collision.

11.     Defendant Lujan was acting within the course and scope of his employment with Defendant 68 Transport at the time of collision.

12.     Defendant 68 Transport is liable for the negligence of their employee, Ismael Lujan, under the theory of *respondeat superior*.

13.     Defendant Lujan was the statutory employee of 68 Transport at the time of the collision.

14.     Overland was performing construction on south-bound I-35 where the collision occurred. Overland set up and maintained the construction zone at issue.

15.    Action Safety planned, set up and maintained the signage in the construction zone at issue.

## FIRST CAUSE OF ACTION - NEGLIGENCE

16.    Plaintiff hereby adopts Paragraphs 1 through 15 above as those stated herein.

17.    The collision between Defendant Lujan and the Sharps' vehicle was caused by the negligence and/or negligence per-se of Defendant Lujan. Plaintiff alleges that the injuries sustained by her and her husband were directly caused by Lujan's negligence in at least the following respects:

a.    In failing to operate his vehicle in a safe and prudent manner as a person of ordinary care would have done under the same or similar circumstances; and

b.    In failing to keep a proper lookout and proper attentiveness.

18.    Defendant Lujan and vicariously Defendant 68 Transport are guilty of negligence per-se for violation of Oklahoma Statutes including, but not limited to, 47 O.S. §11-901(A) and 47 O.S. §11-903.

19.    Defendant Overland failed to properly operate and maintain the construction project and construction zone at issue which contributed to the collision.

20.    Plaintiff has reason to believe other Defendants will claim reasonable care was not used by Defendant Overland, who is therefore joined pursuant to Oklahoma Statute Title 12, Section 2020.

21.    Defendant Action Safety failed to properly plan, set up, operate and maintain the construction project, signage and construction zone at issue which contributed to the collision.

22.    Plaintiff has reason to believe other Defendants will claim reasonable care was not

used by Defendant Action Safety, who is therefore joined pursuant to Oklahoma Statute Title 12, Section 2020.

23.     Ms. Sharp claims property damage for her 2008 Ford Expedition and personal property in the vehicle, damages for loss of use and attorney fees.

24.     As a direct result of the negligence of the Defendants, and each of them, Plaintiff has suffered damages in excess of the sum of Seventy-Five Thousand Dollars ($75,000). Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life and for past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes, for physical pain and suffering and mental pain and anguish suffered by the Decedent, the loss of consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

25.     The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

26.     The acts and omissions of the Defendants, and each of them, were willful, malicious, reckless and done in wanton disregard of Plaintiff's rights and entitle Plaintiff to punitive damages against Defendants.

WHEREFORE, Plaintiff, prays this Court render judgment in favor of Plaintiff and against Defendants, and each of them, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), for actual damages, for punitive damages, attorney fees and cost and such other and further relief the Court deems just, equitable and proper.

## SECOND CAUSE OF ACTION – NEGLIGENCE (SAFETY VIOLATIONS)

27.     Plaintiff incorporates all of the facts alleged and stated in Paragraphs 1 through 26 as those stated herein.

28.     Upon information and belief, Defendant 68 Transport was negligent in at least the following respects:

a.     Failing to comply with Federal Motor Carrier Safety Act (FMCSA) regulations;

b.     Failing to monitor Defendant Lujan's hours of service to ensure compliance with FMCSA requirements;

c.     Failing to ensure Defendant Lujan was not fatigued prior to dispatching;

d.     Failing to monitor and/or comply with logging hours of duty for Defendant Lujan;

and

e.     Failing to ensure Defendant Lujan complied with all company policies regarding the carrying of passengers.

29.     Defendant 68 Transport owed a duty of care to Plaintiff, her deceased husband and the general public, to ensure that its employee and/or agent was suitable for his position as a driver of a commercial vehicle.

30.     Defendant 68 Transport had a duty to make sure its drivers, including Defendant Lujan was qualified to operate safely its commercial motor vehicle in such a way as not to harm the public.

31.     Defendant 68 Transport had a duty to require Defendant Lujan to comply with

Federal and State Industry Standard Safety Rules.

32.     Defendants, and each of them, had a duty to comply with all applicable safety rules, including Trucking Industry Safety Standards, Oklahoma Traffic Laws, and Federal Motor Carrier Safety Regulations.

33.     Defendants, and each of them, violated some or all of the duties alleged above.

34.     The violation of their duties by Defendants, and each of them, was negligence and negligence per-se.

35.     As a direct result of the negligence of the Defendants, and each of them, Plaintiff has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000). Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life and for the past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes, for physical pain and suffering and mental pain and anguish suffered by the Decedent, the loss of consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

36.     The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

37.     The acts and omissions of the Defendants, and each of them, were willful, malicious, reckless and done in wanton disregard of Plaintiffs rights and entitle Plaintiff to punitive damages against Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, for actual and punitive damages, attorney fees and cost and such other relief as the Court may deem

just, equitable and proper in an amount in excess of Seventy-Five Thousand Dollars ($75,000).

## THIRD CAUSE OF ACTION –NEGLIGENT
## HIRING, TRAINING, AND RETENTION

38.    Plaintiff incorporates all facts alleged and stated in Paragraphs 1 through 37 as those stated herein.

39.    Defendant 68 Transport had a duty to train its drivers, including Defendant Lujan to operate safely its commercial vehicle in such a way as to not harm the public.

40.    Upon information and belief, Defendant Lujan was not competent, suitable and/or qualified to operate the subject commercial vehicle when the motor vehicle collision took place on July 30, 2015.

41.    Upon information and belief, Defendant 68 Transport was negligent by failing to conduct the appropriate procedures for hiring, training, retention and/or supervision of Defendant Lujan, in, among other things, failing to conduct a proper background investigation of his driving history, providing education and training on driving risks, appropriate handling of commercial vehicles and driving fatigue. Defendant 68 Transport otherwise failed to properly supervise and/or insure their agent and/or employee properly operated the commercial motor vehicle and obeyed applicable statutes, laws and/or regulations of commercial drivers.

42.    As a result of the negligence of 68 Transport, Plaintiff has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000). Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life, and for past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes, for physical pain

and suffering and mental pain and anguish suffered by the Decedent, the loss of consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

43.    The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

44.    The acts and omissions of the Defendant 68 Transport were willful, malicious, reckless, and done in wanton disregard of Plaintiff's rights and entitle Plaintiff to punitive damages against Defendant 68 Transport.

WHEREFORE, Plaintiff prays for judgment against Defendant 68 Transport for actual and punitive damages, attorney fees and cost and such other relief as the Court may deem just, equitable and proper.

## FOURTH CAUSE OF ACTION –NEGLIGENT ENTRUSTMENT

45.    Plaintiff incorporates all facts alleged and stated in Paragraphs 1 through 44 as those stated herein.

46.    An owner of a vehicle has a duty to use ordinary care to avoid lending it to another person whom it knows, or reasonably should know, is careless, reckless, or incompetent to drive.

47.    Upon information and belief, on July 30, 2015 Defendant 68 Transport negligently entrusted its commercial vehicle to Defendant Lujan. Defendant 68 Transport knew or should have known when it entrusted its vehicle to Defendant Lujan that Defendant Lujan was not competent to drive it. Defendant 68 Transport was negligent when it entrusted its commercial vehicle to Defendant Lujan on the day of the collision.

48.    As a direct result of the negligence of Defendant 68 Transport, Plaintiff has suffered

damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000). Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life, and for past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes, for physical pain and suffering and mental pain and anguish suffered by the Decedent, the loss of consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

49.   The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

50.   The acts and omissions of Defendant 68 Transport were willful, malicious, reckless and done in wanton disregard to Plaintiff's rights and entitle Plaintiff to punitive damages against Defendant.

51.   Pursuant to 12 O.S. §§ 3233-3234, Plaintiff requests that each Defendant provide answers to each of the Interrogatories and Requests for Production transmitted concurrently herewith no later than forty-five (45) days from date of service.

WHEREFORE, Plaintiff prays for judgment against Defendant 68 Transport for actual and punitive damages, attorney fees and costs and such other relief as the Court may deem just, equitable and proper.

Respectfully Submitted,

STIPE & BELOTE, LLP

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
525 Central Park Drive, Ste. 101
Oklahoma City, OK 73105
PH: (405) 524-2268
FAX: (405) 525-3231
jbelote@stipelawokc.com
jstipe@stipelawokc.com
ATTORNEYS FOR PLAINTIFF

ATTORNEY'S LIEN CLAIMED

**IN THE DISTRICT COURT OF MURRAY COUNTY**
**STATE OF OKLAHOMA**

**Issued**

DEBORAH A. SHARP, an Individual
and as Next of Kin of REUBEN
BENJAMIN SHARP, Deceased.

DEC 04 2015

CHRISTIE PITTMAN, Court Clerk
By _____ Deputy

PLAINTIFF,

Case No.

v.

CJ-15-70

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION,    a    Domestic
Corporation,   ACTION   SAFETY
SUPPLY CO., a Domestic Corporation

DEFENDANTS.

**SUMMONS**

TO:    **Overland Corporation**
      **C/o Jonathan McAlister**
      **7 Miles South of City on State Highway 77**
      **Ardmore, OK 73401**

TO THE ABOVE-NAMED DEFENDANT:

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of this action.

Issued this 4 day of December 2015.

Christie Pittman

, COURT CLERK

By: _____

_____ OBA # 12995
_____ OBA #17965
_____ rk Drive, Ste. 101
_____ Oklahoma 73105
(405) _____ 268

This summons was served on _____.
                              (Date of service)

_____
Signature of person serving summons

**IN THE DISTRICT COURT OF MURRAY COUNTY** ~~issued~~
**STATE OF OKLAHOMA**

DEBORAH A. SHARP, an Individual
and as Next of Kin of REUBEN
BENJAMIN SHARP, Deceased.

        PLAINTIFF,

v.

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION,   a   Domestic
Corporation,   ACTION   SAFETY
SUPPLY CO., a Domestic Corporation

        DEFENDANTS.

Case No. CJ-15-70

<u>**S U M M O N S**</u>

TO:    **Action Safety Supply Co.**
        **C/o Gerald J. Hietpas**
        **6804 Melrose Lane**
        **Oklahoma City, OK 73127**

TO THE ABOVE-NAMED DEFENDANT:

    You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

    Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of this action.

Issued this ___ day of December 2015.

                                , COURT CLERK

                  By: _____

(SEAL)
Attorneys for Plaintiff
JAMES A. BELOTE, OBA # 12995
JACK STIPE, OBA #17965
525 Central Park Drive, Ste. 101
Oklahoma City, Oklahoma  73105
(405) 524-2268

    This summons was served on _____.
                        (Date of service)

                                  _____
                                  Signature of person serving summons

## IN THE DISTRICT COURT OF MURRAY COUNTY
### STATE OF OKLAHOMA



DEBORAH A. SHARP, an Individual
and as Next of Kin of REUBEN
BENJAMIN SHARP, Deceased.

    PLAINTIFF,

v.

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION, a Domestic
Corporation, ACTION SAFETY
SUPPLY CO., a Domestic Corporation

    DEFENDANTS.

Case No. CJ-15-70

### S U M M O N S

**TO:**    **Ismael Lujan**
        **210 Tradewind Dr., Apt. 109**
        **Mesquite, TX 75150-3399**

TO THE ABOVE-NAMED DEFENDANT:

    You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

    Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of this action.

Issued this 4 day of December, 2015.

Christie Patman, COURT CLERK

By: _____

Attorney for Plaintiff:
JAMES A. BELOTE, OBA # 12995
_____ STIPE, OBA #17965
525 Central Park Drive, Ste. 101
Oklahoma City, Oklahoma 73105
(405) 524-2268

    This summons was served on _____.
                                   (Date of service)

                                 _____
                                 Signature of person serving summons

**IN THE DISTRICT COURT OF MURRAY COUNTY**
**STATE OF OKLAHOMA**

DEBORAH A. SHARP, an Individual
and as Next of Kin of REUBEN
BENJAMIN SHARP, Deceased.

      PLAINTIFF,

v.

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION, a Domestic
Corporation, ACTION SAFETY
SUPPLY CO., a Domestic Corporation

      DEFENDANTS.

Case No. CJ-15-70

**SUMMONS**

**TO:**    **68 Transport, LLC**
       **3126 Royal Coach Way**
       **Garland, TX 75044**

TO THE ABOVE-NAMED DEFENDANT:

    You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

    Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of this action.

Issued this 4 day of December, 2015.

Christie Pittman , COURT CLERK

By: _____

(SEAL)

Attorneys for Plaintiff:
JAMES A. BELOTE, OBA # 12995
JACK STIPE, OBA #17965
525 Central Park Drive, Ste. 101
Oklahoma City, Oklahoma 73105
(405) 524-2268

This summons was served on _____.
                           (Date of service)

                                  _____
                                    Signature of person serving summons

## IN THE DISTRICT COURT IN AND FOR MURRAY COUNTY
## STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual
and Personal Representative of the
Estate of REUBEN BENJAMIN
SHARP, Deceased.

       PLAINTIFF,

v.

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION, a Domestic
Corporation, ACTION SAFETY
SUPPLY CO., a Domestic Corporation,

      DEFENDANTS.

Case No. CJ-2015-00070

**F I L E D**
MURRAY COUNTY, OKLAHOMA
DEC 1 4 2015
CHRISTIE PITTMAN, Court Clerk
By _____ Deputy

### AMENDED PETITION

    Plaintiff, Deborah N. Sharp, for her cause of action against the Defendants, 68 Transport,

LLC, Ismael Lujan, Overland Corporation and Action Safety Supply Co. alleges and states as

follows:

### JURISDICTION AND VENUE

    1.    This Court has jurisdiction pursuant to 12 OS 2004(F).

    2.    Plaintiff Deborah N. Sharp is a resident of Oklahoma County, Oklahoma.

    3.    Defendant 68 Transport, LLC is a limited liability company in Texas.

    4.    Defendant Ismael Lujan is a resident of Texas.

    5.    Defendant Overland Corporation ("Overland") is an Oklahoma Corporation with

its corporate headquarters in Ardmore, Oklahoma.

6.     Action Safety Supply Co. ("Action Supply") is an Oklahoma Corporation with its corporate headquarters in Oklahoma City, Oklahoma.

7.     There is no diversity of citizenship pursuant to 28 USC §1332(c), and removal of the action to Federal Court would also be improper pursuant to 28 USC §1441(b).

8.     This Court has venue of this matter and controversy pursuant to 12 OS§134 and 137, because Murray County is the county where the cause of action, or some part thereof arose.

## GENERAL FACTS

9.     On July 30, 2015 Defendant Lujan was driving his semi-tractor on Interstate 35 heading south. Traffic in front of Lujan was slowing due to a construction zone which was narrowing the south bound lanes down to one lane. Although Defendant Lujan traveled past multiple warning signs advising of congested traffic and the narrowing lane, he failed to slow down and struck the rear of Plaintiff's vehicle. Ms. Sharp suffered personal injury as a direct result of the collision. Mr. Sharp died on July 31, 2015 as a direct result of the injuries he received in the collision.

10.     Defendant Lujan was operating a semi-tractor owned by Defendant 68 Transport, LLC ("68 Transport"), his employer at the time of the collision.

11.     Defendant Lujan was acting within the course and scope of his employment with Defendant 68 Transport at the time of collision.

12.     Defendant 68 Transport is liable for the negligence of their employee, Ismael Lujan, under the theory of *respondeat superior*.

13.     Defendant Lujan was the statutory employee of 68 Transport at the time of the collision.

14.     Overland was performing construction on south-bound I-35 where the collision

occurred. Overland set up and maintained the construction zone at issue.

15.     Action Safety planned, set up and maintained the signage in the construction zone at issue.

## FIRST CAUSE OF ACTION - NEGLIGENCE

16.     Plaintiff hereby adopts Paragraphs 1 through 15 above as those stated herein.

17.     The collision between Defendant Lujan and the Sharps' vehicle was caused by the negligence and/or negligence per-se of Defendant Lujan. Plaintiff alleges that the injuries sustained by her and her husband were directly caused by Lujan's negligence in at least the following respects:

    a.     In failing to operate his vehicle in a safe and prudent manner as a person of ordinary care would have done under the same or similar circumstances; and

    b.     In failing to keep a proper lookout and proper attentiveness.

18.     Defendant Lujan and vicariously Defendant 68 Transport are guilty of negligence per-se for violation of Oklahoma Statutes including, but not limited to, 47 O.S. §11-901(A) and 47 O.S. §11-903.

19.     Defendant Overland failed to properly operate and maintain the construction project and construction zone at issue which contributed to the collision.

20.     Plaintiff has reason to believe other Defendants will claim reasonable care was not used by Defendant Overland, who is therefore joined pursuant to Oklahoma Statute Title 12, Section 2020.

21.     Defendant Action Safety failed to properly plan, set up, operate and maintain the construction project, signage and construction zone at issue which contributed to the collision.

22.     Plaintiff has reason to believe other Defendants will claim reasonable care was not used by Defendant Action Safety, who is therefore joined pursuant to Oklahoma Statute Title 12, Section 2020.

23.     Ms. Sharp claims property damage for her 2008 Ford Expedition and personal property in the vehicle, damages for loss of use and attorney fees.

24.     As a direct result of the negligence of the Defendants, and each of them, Plaintiff has suffered damages in excess of the sum of Seventy-Five Thousand Dollars ($75,000). Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life and for past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes, for physical pain and suffering and mental pain and anguish suffered by the Decedent, the loss of consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

25.     The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

26.     The acts and omissions of the Defendants, and each of them, were willful, malicious, reckless and done in wanton disregard of Plaintiff's rights and entitle Plaintiff to punitive damages against Defendants.

WHEREFORE, Plaintiff, prays this Court render judgment in favor of Plaintiff and against Defendants, and each of them, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), for actual damages, for punitive damages, attorney fees and cost and such other and further relief the Court deems just, equitable and proper.

## SECOND CAUSE OF ACTION – NEGLIGENCE (SAFETY VIOLATIONS)

27.    Plaintiff incorporates all of the facts alleged and stated in Paragraphs 1 through 26 as those stated herein.

28.    Upon information and belief, Defendant 68 Transport was negligent in at least the following respects:

      a.    Failing to comply with Federal Motor Carrier Safety Act (FMCSA) regulations;

      b.    Failing to monitor Defendant Lujan's hours of service to ensure compliance with FMCSA requirements;

      c.    Failing to ensure Defendant Lujan was not fatigued prior to dispatching;

      d.    Failing to monitor and/or comply with logging hours of duty for Defendant Lujan;

        and

      e.    Failing to ensure Defendant Lujan complied with all company policies regarding the carrying of passengers.

29.    Defendant 68 Transport owed a duty of care to Plaintiff, her deceased husband and the general public, to ensure that its employee and/or agent was suitable for his position as a driver of a commercial vehicle.

30.    Defendant 68 Transport had a duty to make sure its drivers, including Defendant Lujan was qualified to operate safely its commercial motor vehicle in such a way as not to harm the public.

31.   Defendant 68 Transport had a duty to require Defendant Lujan to comply with Federal and State Industry Standard Safety Rules.

32.   Defendants, and each of them, had a duty to comply with all applicable safety rules, including Trucking Industry Safety Standards, Oklahoma Traffic Laws, and Federal Motor Carrier Safety Regulations.

33.   Defendants, and each of them, violated some or all of the duties alleged above.

34.   The violation of their duties by Defendants, and each of them, was negligence and negligence per-se.

35.   As a direct result of the negligence of the Defendants, and each of them, Plaintiff has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000). Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life and for the past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes, for physical pain and suffering and mental pain and anguish suffered by the Decedent, the loss of consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

36.   The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

37.   The acts and omissions of the Defendants, and each of them, were willful, malicious, reckless and done in wanton disregard of Plaintiffs rights and entitle Plaintiff to punitive damages against Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, for

actual and punitive damages, attorney fees and cost and such other relief as the Court may deem just, equitable and proper in an amount in excess of Seventy-Five Thousand Dollars ($75,000).

## THIRD CAUSE OF ACTION –NEGLIGENT
## HIRING, TRAINING, AND RETENTION

38.     Plaintiff incorporates all facts alleged and stated in Paragraphs 1 through 37 as those stated herein.

39.     Defendant 68 Transport had a duty to train its drivers, including Defendant Lujan to operate safely its commercial vehicle in such a way as to not harm the public.

40.     Upon information and belief, Defendant Lujan was not competent, suitable and/or qualified to operate the subject commercial vehicle when the motor vehicle collision took place on July 30, 2015.

41.     Upon information and belief, Defendant 68 Transport was negligent by failing to conduct the appropriate procedures for hiring, training, retention and/or supervision of Defendant Lujan, in, among other things, failing to conduct a proper background investigation of his driving history, providing education and training on driving risks, appropriate handling of commercial vehicles and driving fatigue. Defendant 68 Transport otherwise failed to properly supervise and/or insure their agent and/or employee properly operated the commercial motor vehicle and obeyed applicable statutes, laws and/or regulations of commercial drivers.

42.     As a result of the negligence of 68 Transport, Plaintiff has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000).  Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life, and for past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff

claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes, for physical pain and suffering and mental pain and anguish suffered by the Decedent, the loss of consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

43.    The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

44.    The acts and omissions of the Defendant 68 Transport were willful, malicious, reckless, and done in wanton disregard of Plaintiff's rights and entitle Plaintiff to punitive damages against Defendant 68 Transport.

WHEREFORE, Plaintiff prays for judgment against Defendant 68 Transport for actual and punitive damages, attorney fees and cost and such other relief as the Court may deem just, equitable and proper.

## FOURTH CAUSE OF ACTION –NEGLIGENT ENTRUSTMENT

45.    Plaintiff incorporates all facts alleged and stated in Paragraphs 1 through 44 as those stated herein.

46.    An owner of a vehicle has a duty to use ordinary care to avoid lending it to another person whom it knows, or reasonably should know, is careless, reckless, or incompetent to drive.

47.    Upon information and belief, on July 30, 2015 Defendant 68 Transport negligently entrusted its commercial vehicle to Defendant Lujan.  Defendant 68 Transport knew or should have known when it entrusted its vehicle to Defendant Lujan that Defendant Lujan was not competent to drive it.  Defendant 68 Transport was negligent when it entrusted its commercial vehicle to Defendant Lujan on the day of the collision.

48.     As a direct result of the negligence of Defendant 68 Transport, Plaintiff has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000). Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life, and for past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes, for physical pain and suffering and mental pain and anguish suffered by the Decedent, the loss of consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

49.     The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

50.     The acts and omissions of Defendant 68 Transport were willful, malicious, reckless and done in wanton disregard to Plaintiff's rights and entitle Plaintiff to punitive damages against Defendant.

51.     Pursuant to 12 O.S. §§ 3233-3234, Plaintiff requests that each Defendant provide answers to each of the Interrogatories and Requests for Production transmitted concurrently herewith no later than forty-five (45) days from date of service.

WHEREFORE, Plaintiff prays for judgment against Defendant 68 Transport for actual and punitive damages, attorney fees and costs and such other relief as the Court may deem just, equitable and proper.

Respectfully Submitted,

STIPE & BELOTE, LLP

_____

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
525 Central Park Drive, Ste. 101
Oklahoma City, OK 73105
PH: (405) 524-2268
FAX: (405) 525-3231
jbelote@stipelawokc.com
jstipe@stipelawokc.com
ATTORNEYS FOR PLAINTIFF

ATTORNEY'S LIEN CLAIMED

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

**F I L E D**

MURRAY COUNTY, OKLAHOMA

DEC 2 8 2015

CHRISTIE PITTMAN, Court Clerk
By _____ GL _____ Deputy

DEBORAH N. SHARP, an Individual and Personal
Representative of the Estate of REUBEN BENJAMIN
SHARP, Deceased.

                Plaintiff,

v.

68 TRANSPORT, LLC., a Foreign Limited Liability
Company; ISMAEL LUJAN, an Individual;
OVERLAND CORPORATION, a Domestic
Corporation, ACTION SAFETY SUPPLY CO., a
Domestic Corporation,

                Defendants.

CASE NO. CJ-2015-00070
JUDGE ARRON DUCK

## ENTRY OF APPEARANCE AS COUNSEL FOR
## DEFENDANT ACTION SAFETY SUPPLY CO

      COMES NOW Rachel M. Rogers of the Law Firm of Rhodes, Hieronymus, Jones,

Tucker & Gable and enters her appearance as counsel of record for the Defendant, Action Safety

Supply Co., pursuant to Title 12 O.S. §2005.2(a).

                    Respectfully submitted,

By:          _____
                DAN S. FOLLUO, OBA 11303
                RACHEL M. ROGERS, OBA #22626
                Rhodes, Hieronymus, Jones, Tucker
                  & Gable, P.L.L.C.
                P.O. Box 21100
                Tulsa, Oklahoma 74121-1100
                Telephone:    918/582-1173
                Facsimile:     918/592-3390
                dfolluo@rhodesokla.com
                rrogers@rhodesokla.com
                ATTORNEYS FOR DEFENDANT,
                  ACTION SAFETY SUPPLY CO.

## CERTIFICATE OF MAILING

I hereby certify that on this _22_ day of _Dec_____, 2015, I caused to be mailed a true and correct copy of the above and foregoing instrument to:

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
525 Central Park Drive, Suite 101
Oklahoma City, Oklahoma 73105
jbelote@stipelawokc.com
jstipe@stipelawokc.com
*Attorneys for Plaintiff*

_____
DAN S. FOLLUO/RACHEL M. ROGERS

2

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

**F I L E D**
MURRAY COUNTY, OKLAHOMA

DEC 2 8 2015

CHRISTIE PITTMAN, Court Clerk
By _____ Deputy

DEBORAH N. SHARP, an Individual and Personal
Representative of the Estate of REUBEN BENJAMIN
SHARP, Deceased.

Plaintiff,

v.

68 TRANSPORT, LLC., a Foreign Limited Liability
Company; ISMAEL LUJAN, an Individual;
OVERLAND CORPORATION, a Domestic
Corporation, ACTION SAFETY SUPPLY CO., a
Domestic Corporation,

Defendants.

CASE NO. CJ-2015-00070
JUDGE AARON DUCK

## DEFENDANT'S SPECIAL RESERVATION OF
## ADDITIONAL TIME TO ANSWER OR OTHERWISE PLEAD

COMES NOW the Defendant, Action Safety Supply Co. and makes this Special
Reservation of Time reserving an additional twenty (20) days through January 27, 2016,
pursuant to Title 12 O.S. §2012(a) and *Young v. Walton*, 1991 OK 20, 807 P.2d 248, and *Powers
v. Dist. Court of Tulsa County*, 2009 OK 91, 227 P.3d 1060, fully preserving any and all
defenses under Title 12 O.S. §2012(b).

Respectfully submitted,

By: _____
DAN S. FOLLUO, OBA 11303
RACHEL M. ROGERS, OBA #22626
Rhodes, Hieronymus, Jones, Tucker
  & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
Telephone:    918/582-1173
Facsimile:    918/592-3390
dfolluo@rhodesokla.com
rrogers@rhodesokla.com
ATTORNEYS FOR DEFENDANT,
  ACTION SAFETY SUPPLY CO.

## CERTIFICATE OF MAILING

I hereby certify that on this __22__ day of __Dec_____, 2015, I caused to be mailed a true and correct copy of the above and foregoing instrument to:

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
525 Central Park Drive, Suite 101
Oklahoma City, Oklahoma 73105
jbelote@stipelawokc.com
jstipe@stipelawokc.com
*Attorneys for Plaintiff*

_____
DAN S. FOLLUO/RACHEL M. ROGERS

2

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

**FILED**

MURRAY COUNTY, OKLAHOMA

DEC 2 8 2015

CHRISTIE PITTMAN, Court Clerk

By _____G𝐿_____ Deputy

DEBORAH N. SHARP, an Individual and Personal
Representative of the Estate of REUBEN BENJAMIN
SHARP, Deceased.

                Plaintiff,

v.

68 TRANSPORT, LLC., a Foreign Limited Liability
Company; ISMAEL LUJAN, an Individual;
OVERLAND CORPORATION, a Domestic
Corporation, ACTION SAFETY SUPPLY CO., a
Domestic Corporation,

                Defendants.

CASE NO. CJ-2015-00070
JUDGE AARON DUCK

## ENTRY OF APPEARANCE AS COUNSEL FOR
## DEFENDANT ACTION SAFETY SUPPLY CO

COMES NOW Dan S. Folluo of the Law Firm of Rhodes, Hieronymus, Jones, Tucker &

Gable and enters his appearance as counsel of record for the Defendant, Action Safety Supply

Co., pursuant to Title 12 O.S. §2005.2(a).

Respectfully submitted,

By: _____

DAN S. FOLLUO, OBA 11303
RACHEL M. ROGERS, OBA #22626
Rhodes, Hieronymus, Jones, Tucker
  & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
Telephone:    918/582-1173
Facsimile:    918/592-3390
dfolluo@rhodesokla.com
rrogers@rhodesokla.com
ATTORNEYS FOR DEFENDANT,
  ACTION SAFETY SUPPLY CO.

## CERTIFICATE OF MAILING

I hereby certify that on this _22_ day of _Oct_____, 2015, I caused to be mailed a true and correct copy of the above and foregoing instrument to:

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
525 Central Park Drive, Suite 101
Oklahoma City, Oklahoma 73105
jbelote@stipelawokc.com
jstipe@stipelawokc.com
*Attorneys for Plaintiff*

_____
DAN S. FOLLUO/RACHEL M. ROGERS

2

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH A. SHARP, an individual and as next )
of kin of REUBEN BENJAMIN SHARP, )
Deceased, )
                )
             Plaintiff, )
                )
vs. )    Case No. CJ-2015-00070
                )
68 TRANSPORT, LLC, a Foreign Limited )
Liability Company; ISMAEL LUJAN, an )
individual; OVERLAND CORPORATION, a )
Domestic Corporation, ACTION SAFETY )
SUPPLY CO., a Domestic Corporation, )
                )
             Defendants. )

**F I L E D**
MURRAY COUNTY, OKLAHOMA

JAN 0 4 2016

CHRISTIE PITTMAN, Court Clerk
By _____ Deputy

## SPECIAL APPEARANCE AND REQUEST FOR ENLARGEMENT OF TIME IN WHICH TO FURTHER ANSWER OR PLEAD

Defendant Overland Corporation, by and through its attorney of record, Keith P. Connell,

of the Law Office of Ann Fries, pursuant to 12 O.S. §2005.2, hereby enters a special appearance

in the above entitled action, reserving all objections to the Amended Petition, Summons, service

and jurisdiction. Defendant Overland Corporation hereby reserves an additional twenty (20)

days in which to file responsive pleadings herein, thereby extending said date to further plea or

answer to January 25, 2016. Counsel further agrees to accept service of all future pleadings,

discovery, and correspondence generated in connection with the subject litigation by electronic

means to Keith.Connell@thehartford.com with a copy to Carolyn.Shepard@thehartford.com.

Respectfully submitted,

Keith P. Connell, OBA #12087
Law Offices of Ann Fries
4500 S. Garnett Road, Suite 230
Tulsa, Oklahoma  74146-5220
(405) 917-8157 Telephone
(877) 369-4896 Fax
Keith.Connell@thehartford.com
Attorney for Defendant Overland

## CERTIFICATE OF SERVICE

This is to certify that on the __30__ day of ___Dec___, 2015, a true and correct copy of the above and foregoing was mailed by United States Mail with postage thereon fully prepaid to:

James A. Belote
Jack Stipe
Stipe, Harper, Laizure, Uselton,
Belote, Maxcey & Thetford
525 Central Park Drive, Suite 101
Oklahoma City, OK  73105

Keith P. Connell

IN THE DISTRICT COURT IN AND FOR MURRAY COUNTY
STATE OF OKLAHOMA

FILED
MURRAY COUNTY, OKLAHOMA

JAN 11 2016

Christie Pittman, Court Clerk
By _____ BW _____ Deputy

DEBORAH N. SHARP, an Individual and )
Personal Representative of the Estate of REUBEN )
BENJAMIN SHARP, Deceased )
                    Plaintiff, )
  )
vs. )
  )
68 TRANSPORT, LLC, a Foreign Limited )
Liability Company; ISMAEL LUJAN, an )
Individual; OVERLAND CORPORATION, a )
Domestic Corporation, ACTION SAFETY )
SUPPLY CO., a Domestic Corporation, )
               Defendants. )

Case Number: CJ-2015-00070

## ENTRY OF APPEARANCE

COME NOW the undersigned counsel and hereby enter their appearance on behalf of the

Defendant, 68 Transport, LLC named in the above-captioned cause. The undersigned further

certify that they are admitted to practice in this Court.

Respectfully submitted,

68 TRANSPORT, LLC,

- Defendant

By: _____
    Tim N. Cheek – OBA #11257
    tcheek@cheeklaw.com
    D. Todd Riddles – OBA #15143
    triddles@cheeklaw.com
    Gregory D. Winningham – OBA #22773
    gwinningham@cheeklaw.com
    Tyler J. Coble – OBA #30526
    tcoble@cheeklaw.com
    CHEEK LAW FIRM, P.L.L.C.
    311 North Harvey Avenue
    Oklahoma City, Oklahoma 73102
    Telephone: (405) 272-0621
    Facsimile: (405) 232-1707
    ATTORNEYS FOR DEFENDANT

1

## CERTIFICATE OF MAILING

This is to certify that I have this 8th day of January, 2016 mailed a true and correct copy of the above and foregoing document to:

James A. Belote
Jack Stipe
STIPE & BELOTE, LLP
525 Central Park Drive, Suite 101
Oklahoma City, OK 73105
Telephone: (405) 524-2268
Facsimile: (405) 525-3231
Email: jbelote@stipelawokc.com
jstipe@stipelawokc.com
ATTORNEYS FOR PLAINTIFF

Tim N. Cheek/D. Todd Riddles
Gregory D. Winningham/Tyler J. Coble

2

IN THE DISTRICT COURT IN AND FOR MURRAY COUNTY,
STATE OF OKLAHOMA

**FILED**

MURRAY COUNTY, OKLAHOMA

JAN 1 1 2016

Christie Pittman, Court Clerk
By _____ ᵇW _____ Deputy

DEBORAH N. SHARP, an Individual and )
Personal Representative of the Estate of REUBEN )
BENJAMIN SHARP, Deceased )
                                    Plaintiff, )
)
vs. )
)    Case Number: CJ-2015-00070
)
68 TRANSPORT, LLC, a Foreign Limited )
Liability Company; ISMAEL LUJAN, an )
Individual; OVERLAND CORPORATION, a )
Domestic Corporation, ACTION SAFETY )
SUPPLY CO., a Domestic Corporation, )
                                    Defendants. )

## ANSWER

COMES NOW, Defendants 68 Transport, LLC ("Defendant") to Answer Plaintiff's Amended Petition as follows:

1.      Defendant admits the allegations contained in Paragraphs 1, 3, 4, 8, 10, and 11.

2.      Defendant denies the allegations contained in Paragraphs 17, 18, 23, 24, 25, 26, 28, 33, 34, 35, 36, 40, 41, 42, 43, 44, 47, 48, 49, and 50.

3.      No response is necessary to Paragraphs 16, 27, 38, and 45 and, therefore, Defendant offesr no response.

4.      The allegations contained in Paragraphs 29, 30, 31, 32, 39, 46, and 51 are statements of law to which Defendant is not required to respond.

5.      With regard to Paragraph 9 of Plaintiff's Amended Petition, Defendant admits that Defendant Lujan was driving his semi-tractor on Interstate 35 heading south on July 30, 2015 and that traffic in front of Ismael Lujan ("Lujan") was slowing due to a construction zone, which was narrowing the southbound lanes down to one lane. Defendant admits that Lujan struck the rear of Plaintiff's vehicle. The remaining allegations in Paragraph 9 are denied and Defendant request strict proof thereof.

1

6.      Defendant is unable to admit or deny the allegations contained in Paragaraph 12 and therefor denies the same at this time. **Defenses and Affirmative Defenses**

1.  Any award of punitive damages based upon any standard of proof that is less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the Oklahoma Constitution.

2.  Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the Oklahoma Constitution.

3.  Plaintiff's claim for punitive damages are in contravention of Defendants' rights under each of the following constitutional provisions:

    a.  The Commerce Clause of Article 1, Section 8 of the United States Constitution;

    b.  The Contracts Clause of Article 1, Section 10 of the United States Constitution;

    c.  The prohibition against ex post facto laws embodied in Article 1, Section 10 of the United States Constitution;

    d.  The Supremacy Clause of Article VI of the United States Constitution;

    e.  The Free Speech Clause of the First Amendment of the United States Constitution;

    f.  The Due Process Clause of the Fifth and Fourteenth Amendment of the United States Constitution;

    g.  The Takings Clause of the Fifth Amendment of the United States Constitution;

    h.  The Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

    i.  The Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution; and

    j.  The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; as well as the corresponding provision of the Oklahoma Constitution.

4.  The Plaintiff's claim for punitive damages is improper for the following reasons:

a.  There are no standards provided by Oklahoma law for the imposition of punitive damages, and, therefore, defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award;

b.  The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

c.  The procedures under which punitive damages are awarded and the instructions used under the Oklahoma law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible jury passion;

d.  Present Oklahoma law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

e.  Present Oklahoma law does not provide for a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

f.  Present Oklahoma procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

g.  Present Oklahoma procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrong doing or culpability;

h.  Present Oklahoma procedures fail to permit the reduction of any award for punitive damages based on the capability of the Plaintiff.

5.  Defendants specifically incorporate by reference, as if fully set forth here, any and all standards or limitations regarding the determination and enforceability of punitive damages awards as set forth in BMW of North America v. Gore, 116 S.Ct. 1589 (1996).

6.  Defendants reserve the right to amend their Answer in accordance with 12 O.S. §2015 or with the Court's permission.

Respectfully submitted,

68 TRANSPORT, LLC

- Defendant

By:

Tim N. Cheek – OBA #11257

3

tcheek@cheeklaw.com
D. Todd Riddles – OBA #15143
triddles@cheeklaw.com
Gregory D. Winningham – OBA #22773
gwinningham@cheeklaw.com
Tyler J. Coble – OBA #30526
tcoble@cheeklaw.com
CHEEK LAW FIRM, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 272-0621
Facsimile: (405) 232-1707
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF MAILING

This is to certify that I have this 8th day of January, 2016 mailed a true and correct copy of the above and foregoing document to:

James A. Belote
Jack Stipe
STIPE & BELOTE, LLP
525 Central Park Drive, Suite 101
Oklahoma City, OK 73105
Telephone:  (405) 524-2268
Facsimile:  (405) 525-3231
Email:  jbelote@stipelawokc.com
jstipe@stipelawokc.com
ATTORNEYS FOR PLAINTIFF

Tim N. Cheek/D. Todd Riddles
Gregory D. Winningham/Tyler J. Coble

4

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH A. SHARP, an individual and as )
next of kin of REUBEN BENJAMIN SHARP, )
Deceased, )
)
)
Plaintiff, )
)
vs. )                          Case No. CJ-2015-00070
)
68 TRANSPORT, LLC, a Foreign Limited )
Liability Company; ISMAEL LUJAN, an )
individual; OVERLAND CORPORATION, a )
Domestic Corporation, ACTION SAFETY )
SUPPLY CO., a Domestic Corporation, )
)
Defendants. )

**F I L E D**
MURRAY COUNTY, OKLAHOMA

JAN 2 6 2016

Christie Pittman, Court Clerk
By_____Deputy

## ANSWER

COMES NOW the Defendant, Overland Corporation, and for its answer to the Amended Petition filed on behalf of the Plaintiffs, alleges and states as follows:

1.      Defendant generally and specifically denies each and every material allegation contained in the Amended Petition filed on behalf of the Plaintiffs except for those which may be specifically admitted hereinafter.

2.      Defendant admits Paragraphs 1, 2, 3, 4, 5, and 6 of Plaintiffs' Amended Petition.

3.      Defendant is without sufficient information knowledge or belief to admit or deny the allegations contained within Paragraph 7 of Plaintiffs' Amended Petition and therefore denies the same and demands strict proof thereof.

4.      Defendant admits Paragraph 8 of Plaintiffs' Amended Petition.

5.      Defendant admits that there was a collision of automobiles at the approximate time and location contained in Paragraph 9 of the Plaintiffs' Amended Petition. However, Defendant denies that the accident occurred in a construction zone or that the traffic was narrowing down to two lanes at the location of the accident and demands strict proof thereof.

6.      Defendant is without sufficient information, knowledge or belief to either admit or deny the allegations contained in Paragraphs 10, 11, 12 and 13 of the Plaintiffs' Petition; therefore, Defendant denies the same and demands strict proof thereof.

7.      Defendant denies that Overland was performing construction at the time of the collision as stated in Paragraph 14 of Plaintiffs' Amended Petition and demands strict proof thereof.

8.      Defendant denies that the accident occurred in the construction zone as stated in Paragraph 15 of Plaintiffs' Amended Answer and demands strict proof thereof.

9.      Defendant restates and incorporates Paragraphs 1 through 8 in response to Paragraph 16 of Plaintiffs' Amended Petition and demands strict proof thereof.

10.     Defendant admits Paragraphs 17 and 18 of Plaintiffs' Amended Petition.

11.     Defendant denies Paragraphs 19, 20, 21 and 22 of Plaintiffs' Amended Petition and demands strict proof thereof.

12.     Defendant is without sufficient information, knowledge or belief to either admit or deny the allegations contained in Paragraphs 23 and 24 of the Plaintiffs' Petition; therefore, Defendant denies the same and demands strict proof thereof.

13.     Defendant specifically denies Paragraphs 25 and 26 of Plaintiffs' Amended Petition and demands strict proof thereof.

14.    Defendant restates and incorporates Paragraphs 1 through 13 in response to Paragraph 27 of Plaintiffs' Amended Petition and demands strict proof thereof.

15.    Defendant is without sufficient information, knowledge or belief to either admit or deny the allegations contained in Paragraphs 28, 29, 30, and 31 of the Plaintiffs' Amended Petition; therefore, Defendant denies the same and demands strict proof thereof.

16.    Defendant will specifically deny Paragraphs 32, 33, 34, 35, 36 and 37 with respect to this Defendant and demands strict proof thereof.

17.    Defendant will restate and incorporate Paragraphs 1 through 16 in response to Paragraph 38 of Plaintiffs' Amended Petition and demands strict proof thereof.

18.    Defendant is without sufficient information, knowledge or belief to either admit or deny the allegations contained in Paragraphs 39, 40, 41, 42, 43, and 44 of the Plaintiffs' Amended Petition; therefore, Defendant denies the same and demands strict proof thereof.

19.    Defendant will restate and incorporate Paragraphs 1 through 18 in response to Paragraph 45 of Plaintiffs' Amended Petition and demands strict proof thereof.

20.    Defendant admits Paragraph 46 of Plaintiffs' Amended Petition.

21.    Defendant is without sufficient information, knowledge or belief to either admit or deny the allegations contained in Paragraphs 47, 48, 49 and 50 of the Plaintiffs' Petition; therefore, Defendant denies the same and demands strict proof thereof.

22.    Defendant admits Paragraph 51 of Plaintiffs' Amended Petition.

## Affirmative Defenses

1.     Defendant denies causation and the nature and extent of injuries and damages.

2.     The accident was proximately caused or contributed to by the negligence of third parties.

3.     The negligence of the Plaintiff was more than 50% the cause of this accident, thereby preventing Plaintiff's recovery herein against this Defendant. Alternatively, Defendant alleges that the negligence of the Plaintiff was a cause of this accident, thereby reducing Plaintiff's recovery herein against this Defendant.

4.     The injuries complained of in Plaintiffs' Amended Petition are the result of pre-existing health problems that were neither caused nor aggravated by this accident and for which Defendant is not liable.

5.     The injuries complained of in Plaintiffs' Amended Petition are the result of health care problems which developed subsequent to the date of the alleged accident, which were neither caused nor aggravated by this Defendant and for which this Defendant is not liable.

6.     The accident was proximately caused or contributed to by the negligence of third parties over whom Defendant had no control and no duty to control.

7.     Plaintiffs have failed to state a claim upon which relief can be granted.

8.     Defendant states that Plaintiffs' claims seeking punitive or exemplary damages violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Oklahoma in that:

(a) Consideration of any punitive or exemplary damages in this action (including but not limited to acts occurring outside of the State of Oklahoma or acts involving nonparties) would allow standardless discretion to the jury to improperly determine punishment, depriving this Defendant of fair notice of the consequences of its actions and would amount to a taking of property without due process;

(b) The admission of any evidence directly to the jury concerning this Defendant's assets or net worth will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive or exemplary damages, and the measure of punitive or exemplary damages.

(c) Punitive or exemplary damages, by their very nature, constitute punishment and are a quasi-criminal sanction for which the burden of proof should not be less than "beyond a reasonable doubt" and not merely a "preponderance of the evidence".

9.    Defendant states that an award of punitive or exemplary damages, if allowed, would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and the Constitution of the State of Oklahoma in that punitive or exemplary damages would constitute an excessive fine upon the Defendant.

10.    Defendant states that punitive or exemplary damages are punishment, a quasi-criminal sanction, for which this Defendant is not afforded the specific procedural safeguards prescribed by the Fourth, Fifth, and Sixth Amendments of the United States Constitution and the Constitution of the State of Oklahoma.

11.    The imposition of punitive damages without proper standards or proportion to the alleged actual damages violates the Fourth, Fifth, Sixth and Fourteenth

Amendments to the United States Constitution, and the Constitution of the State of Oklahoma.

12.    Discovery in this case is just commencing, and Defendant reserves the right to amend its answer to assert additional affirmative defenses as they may be ascertained.

WHEREFORE, premises considered, Defendant Overland Corporation prays that Plaintiffs' Amended Petition be dismissed against this Defendant and Plaintiffs take nothing thereby, and further, Defendant prays for costs of this action and for such other relief deemed to be fair and equitable by the Court.

Respectfully submitted,

Keith P. Connell, OBA #12087
LAW OFFICES OF ANN FRIES
4500 South Garnett Road, Suite 230
Tulsa, Oklahoma  74146-5220
(405) 917-8157
(877) 369-4896 *Facsimile*
*Keith.Connell@thehartford.com*

ATTORNEY FOR DEFENDANT
OVERLAND CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that on the 22 day of _____, 2016, a true and correct copy of the above and foregoing instrument was mailed with postage thereon fully prepaid to:

James A. Belote
Stipe, Harper, Laizure, Uselton, Belote, Maxcey & Thetford
525 Central Park Drive, Suite 101
Oklahoma City, OK  73105


Keith P. Connell

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual and Personal
Representative of the Estate of REUBEN BENJAMIN
SHARP, Deceased.

Plaintiff,

v.

68 TRANSPORT, LLC., a Foreign Limited Liability
Company; ISMAEL LUJAN, an Individual;
OVERLAND CORPORATION, a Domestic
Corporation, ACTION SAFETY SUPPLY CO., a
Domestic Corporation,

Defendants.

CASE NO. CJ-2015-00070
JUDGE AARON DUCK

**FILED**
**MURRAY COUNTY, OKLAHOMA**

JAN 28 2016

Christie Pittman, Court Clerk
By_____DW_____ Deputy

## ANSWER OF DEFENDANT ACTION SAFETY SUPPLY CO.

COMES NOW the Defendant Action Safety Supply Co., and Answers Plaintiff's
Amended Petition in numerical sequence as follows:

1.     This Defendant admits the allegations contained in Paragraph No. 1 of the
Plaintiff's Amended Petition.

2.     This Defendant is without sufficient information to either admit or deny the
allegations contained in Paragraph No. 2 of the Plaintiff's Amended Petition, therefore they are
denied.

3.     This Defendant is without sufficient information to either admit or deny the
allegations contained in Paragraph No. 3 of the Plaintiff's Amended Petition, therefore they are
denied.

4.     This Defendant is without sufficient information to either admit or deny the
allegations contained in Paragraph No. 4 of the Plaintiff's Amended Petition, therefore they are
denied.

5.      This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 5 of the Plaintiff's Amended Petition, therefore they are denied.

6.      This Defendant admits the allegations contained in Paragraph No. 6 of the Plaintiff's Amended Petition.

7.      This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 7 of the Plaintiff's Amended Petition, therefore they are denied.

8.      This Defendant admits the allegations contained in Paragraph No. 6 of the Plaintiff's Amended Petition.

9.      This Defendant admits that an accident occurred on or about the date alleged, at the location alleged.  This Defendant is without sufficient information to either admit or deny the balance of the allegations contained in Paragraph No. 9 of the Plaintiff's Amended Petition, therefore they are denied.

10.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 10 of the Plaintiff's Amended Petition, therefore they are denied.

11.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 11 of the Plaintiff's Amended Petition, therefore they are denied.

12.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 12 of the Plaintiff's Amended Petition, therefore they are denied.

13.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 13 of the Plaintiff's Amended Petition, therefore they are denied.

14.    Upon information and belief this Defendant admits the allegations contained in Paragraph No. 14 of the Plaintiff's Amended Petition.

15.    This Defendant denies the allegations contained in Paragraph No. 15 of the Plaintiff's Amended Petition.

16.    This Defendant re-adopts, re-alleges and incorporates by reference all allegations and denials contained above.

17.    The allegations contained in Paragraph No. 17 of the Plaintiff's Amended Petition are not directed toward this Defendant and therefore no response is needed.

18.    The allegations contained in Paragraph No. 18 of the Plaintiff's Amended Petition are not directed toward this Defendant and therefore no response is needed.

19.    The allegations contained in Paragraph No. 19 of the Plaintiff's Amended Petition are not directed toward this Defendant and therefore no response is needed.

20.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 20 of the Plaintiff's Amended Petition, therefore they are denied.

21.    This Defendant denies the allegations contained in Paragraph No. 21 of the Plaintiff's Amended Petition.

22.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 22 of the Plaintiff's Amended Petition, therefore they are denied.

23.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 23 of the Plaintiff's Amended Petition, therefore they are denied.

24.    As to this Defendant, the allegations contained in Paragraph No. 24 of the Plaintiff's Amended Petition are denied.

25.    As to this Defendant, the allegations contained in Paragraph No. 25 of the Plaintiff's Amended Petition are denied.

26.    As to this Defendant, the allegations contained in Paragraph No. 26 of the Plaintiff's Amended Petition are denied.

27.    This Defendant re-adopts, re-alleges and incorporates by reference all allegations and denials contained above.

28.    The allegations in Paragraph No. 28 of the Plaintiff's Amended Petition are not directed toward this Defendant and therefore response is required.

29.    The allegations in Paragraph No. 29 of the Plaintiff's Amended Petition are not directed toward this Defendant and therefore response is required.

30.    The allegations in Paragraph No. 30 of the Plaintiff's Amended Petition are not directed toward this Defendant and therefore response is required.

31.    The allegations in Paragraph No. 31 of the Plaintiff's Amended Petition are not directed toward this Defendant and therefore response is required.

32.    As to this Defendant the allegations contained in Paragraph No. 32 of the Plaintiff's Amended Petition are denied.

33.    As to this Defendant the allegations contained in Paragraph No. 33 of the Plaintiff's Amended Petition are denied.

4

34.    As to this Defendant the allegations contained in Paragraph No. 34 of the Plaintiff's Amended Petition are denied.

35.    As to this Defendant the allegations contained in Paragraph No. 35 of the Plaintiff's Amended Petition are denied.

36.    As to this Defendant the allegations contained in Paragraph No. 36 of the Plaintiff's Amended Petition are denied.

37.    As to this Defendant the allegations contained in Paragraph No. 37 of the Plaintiff's Amended Petition are denied.

38.    This Defendant re-adopts, re-alleges and incorporates by reference all allegations and denials contained above.

39.    The allegations contained in Paragraph No. 39 of the Plaintiff's Amended Petition are not directed toward this Defendant and therefore no response is required.

40.    The allegations contained in Paragraph No. 40 of the Plaintiff's Amended Petition are not directed toward this Defendant and therefore no response is required.

41.    The allegations contained in Paragraph No. 41 of the Plaintiff's Amended Petition are not directed toward this Defendant and therefore no response is required.

42.    The allegations contained in Paragraph No. 42 of the Plaintiff's Amended Petition are not directed toward this Defendant and therefore no response is required.

43.    As to this Defendant, the allegations contained in Paragraph No. 43 of the Plaintiff's Amended Petition are denied.

44.    The allegations contained in Paragraph No. 44 of the Plaintiff's Amended Petition are not directed toward this Defendant, therefore no response is required.

45.     This Defendant re-adopts, re-alleges and incorporates by reference all allegations and denials contained above.

46.     The allegations contained in Paragraph No. 46 of the Plaintiff's Amended Petition are not directed toward this Defendant, therefore no response is required.

47.     The allegations contained in Paragraph No. 47 of the Plaintiff's Amended Petition are not directed toward this Defendant, therefore no response is required.

48.     The allegations contained in Paragraph No. 48 of the Plaintiff's Amended Petition are not directed toward this Defendant, therefore no response is required.

49.     As to this Defendant, the allegations contained in Paragraph No. 49 of the Plaintiff's Amended Petition are denied.

50.     The allegations contained in Paragraph No. 50 of the Plaintiff's Amended Petition are not directed toward this Defendant, therefore no response is required.

51.     This Defendant denies the allegations contained in Paragraph No. 51 of the Plaintiff's Amended Petition in the sense that Paragraph No. 51 contains improper allegations as it pertains to the Oklahoma Discovery Code.

### AFFIRMATIVE DEFENSES

1.     Action Safety Supply Co., is an improperly named Defendant and should be dismissed.

2.     Plaintiffs' Amended Petition fails to state a claim for relief or cause of action against this Defendant and this Defendant specifically denies that it owed a "duty" as alleged in the Amended Petition.

3.     Plaintiffs' should be barred or reduced by the doctrine of comparative fault.

4.     Plaintiffs' claims should be barred by the doctrine of voluntarily assumption of a

known risk.

5.      The accident in question was the result of the negligence of third parties over whom this Defendant had no control.

6.      By way of further defense and pleading in the alternative the actions of this Defendant, at best, created a "mere condition" and were not the "direct cause" of the Plaintiffs' alleged injury.

7.      Any claims brought against Action Safety Supply Co., may be barred by Action Safety Supply Co.'s compliance with all contract terms, project plans and industry standards.

8.      Action Safety Supply Co.'s work on the subject project was completed and accepted.

9.      Plaintiffs' alleged injuries and/or the subject accident may have been caused by intervening and/or superseding causes.

10.     Plaintiffs' complaints, if any, are the result of a pre-existing condition or causes not related to the accident in question.

11.     Plaintiffs' Amended Petition, to the extent that it seeks punitive damages, violates Defendant's right to both procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Oklahoma in that:

A. The standards under which such claims are submitted are so vague as to be effectively meaningless and threaten the deprivation of property for the benefit of society without the protection of fundamentally fair procedures;

B.   The highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures and any statutory limitations;

C.   The introduction of evidence of financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of injury;

D.   Oklahoma Law does not place a reasonable constraint on the jury's discretion when considering punitive damages;

E.   Oklahoma Law does not provide sufficient post-trial procedures and standards, at the District Court level, for scrutinizing a punitive damage award;

F.   Oklahoma law is not sufficiently established for adequate appellate review of punitive damage awards.

12.   Plaintiffs' Amended Petition, to the extent it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of Oklahoma.

13.   Plaintiffs' Amended Petition, to the extent it seeks punitive damages, violates Defendant's right to equal protection under the law and is otherwise unconstitutional under the United States Constitution and the Constitution of the State of Oklahoma.

14.   For further defense, Defendant affirmatively alleges that joint and several liability in unconstitutional and violative of the provisions of the United States Constitution and the Oklahoma Constitution, including but not limited to, Defendants right to due process and equal protection under the law.

15.   Plaintiffs' Amended Petition fails to state a claim for relief which would entitle the Plaintiffs to attorney's fees.

8

16.     Defendant reserves the right to amend or modify its Answer upon the completion of discovery.

WHEREFORE, premises considered, Defendants, Action Safety Supply Co., prays to be dismissed from this action with its costs and attorneys' fees expended herein, and for any and all relief which this Court deems just and equitable.

Respectfully submitted,

By: _____

DAN S. FOLLUO, OBA 11303
RACHEL M. ROGERS, OBA #22626
Rhodes, Hieronymus, Jones, Tucker
   & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
Telephone:     918/582-1173
Facsimile:     918/592-3390
dfolluo@rhodesokla.com
rrogers@rhodesokla.com
ATTORNEYS FOR DEFENDANT,
   ACTION SAFETY SUPPLY CO.

9

## CERTIFICATE OF MAILING

I hereby certify that on this __25__ day of __Jan_____, 2016, I caused to be mailed a true and correct copy of the above and foregoing instrument to:

| | |
|---|---|
| James A. Belote, OBA #12558<br>Jack Stipe, OBA #17965<br>525 Central Park Drive, Suite 101<br>Oklahoma City, Oklahoma 73105<br>jbelote@stipelawokc.com<br>jstipe@stipelawokc.com<br>***Attorneys for Plaintiff*** | Todd D. Riddles<br>The Cheek Law Firm<br>311 North Harvey Avenue, Suite 200<br>Oklahoma City, Oklahoma 73102<br>triddles@cheeklaw.com<br>***Attorney for Defendant***<br>***68 Transport, LLC*** |
| Keith P. Connell<br>Law Offices of Ann Fries<br>One Corporate Plaza<br>3525 Northwest 56th, Suite B<br>Oklahoma City, Oklahoma 73118<br>Keith.Connell@thehartford.com<br>***Attorney for Defendant***<br>***Overland Corporation*** | |

DAN S. FOLLUO/RACHEL M. ROGERS

10

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

FILED

MURRAY COUNTY, OKLAHOMA

FEB 2 6 2016

Christie Pittman, Court Clerk
By_____Deputy

DEBORAH A. SHARP, an individual and as next )
of kin of REUBEN BENJAMIN SHARP, )
Deceased, )
　 )
　 )
Plaintiff, )
　 )
　 )
vs. )
　 )
68 TRANSPORT, LLC, a Foreign Limited )
Liability Company; ISMAEL LUJAN, an )
individual; OVERLAND CORPORATION, a )
Domestic Corporation, ACTION SAFETY )
SUPPLY CO., a Domestic Corporation, )
　 )
　 )
Defendants. )

Case No. CJ-2015-00070

JUDGE DUCK

## DEFENDANT OVERLAND CORPORATION'S MOTION TO COMPEL

COMES NOW Defendant Overland Corporation and pursuant to 12 O.S. §3237, moves

for an Order compelling the Plaintiff, Deborah A. Sharp, as next of kin of Reuben Benjamin

Sharp, Deceased, to fully and completely respond to discovery propounded. In support thereof,

Defendant would state as follows:

　　　1.　　On December 30, 2015, Defendant propounded Interrogatories and Requests for

Production to Plaintiff Sharp on behalf of the Deceased. Said requests were received by the

Plaintiff on January 4, 2016 (see Exhibit "A");

　　　2.　　According to the Oklahoma Discovery Code, answers and objections were due on

or before February 3, 2016;

　　　3.　　To date, Defendant has received no responses, nor any requests for extension;

　　　4.　　Counsel for Defendant has contacted counsel for Plaintiff to discuss in good faith

the answers to the Interrogatories and Requests for Production prior to filing this Motion but was

unsuccessful in resolving the issues without court action.

5.      By failing to answer or object within the time allotted, the Plaintiff has waived all objections, and Defendant is entitled to full and complete discovery responses.

WHEREFORE, above premises considered, Defendant Overland Corporation respectfully requests an Order of this Court compelling full and complete answers to discovery propounded, together with an award of costs and attorney's fees necessitated by the Plaintiff's complete failure to comply with the Oklahoma Discovery Code.

Respectfully submitted,

Keith P. Connell, OBA #12087
LAW OFFICES OF ANN FRIES
4500 South Garnett Road, Suite 230
Tulsa, Oklahoma 74146-5220
(405) 917-8157
(877) 369-4896 Facsimile
*Keith.Connell@thehartford.com*

ATTORNEY FOR DEFENDANT
OVERLAND CORPORATION

CERTIFICATE OF SERVICE

I hereby certify that on this __24__ day of __Feb__, 2016, a true and correct copy of the above and foregoing instrument was mailed, Return Receipt Requested, Receipt No. _____, with proper postage thereon fully prepaid to:

James A. Belote
Stipe, Harper, Laizure, Uselton, Belote, Maxcey & Thetford
525 Central Park Drive, Suite 101
Oklahoma City, OK  73105

Keith P. Connell

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

James Belote
Stipe Law
525 Central Park Dr Ste101
OKC 73105

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature:
X _____

☐ Agent
☐ Addressee

B. Received by ( Printed Name)
T Mull

C. Date of Delivery
1-4-16

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

RECEIVED
JAN 06 2016
KEY OFFICE LOK

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
7015 3010 0000 6831 2175

Sharp

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

Ex A

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

**F I L E D**

**MURRAY COUNTY, OKLAHOMA**

MAR 0 9 2016

Christie Pittman, Court Clerk
By ___*BW*___ Deputy

|  |  |  |
|---|---|---|
| DEBORAH A. SHARP, an individual and as next of kin of REUBEN BENJAMIN SHARP, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CJ-2015-00070 |
| 68 TRANSPORT, LLC, a Foreign Limited Liability Company; ISMAEL LUJAN, an individual; OVERLAND CORPORATION, a Domestic Corporation, ACTION SAFETY SUPPLY CO., a Domestic Corporation, | ) ) ) ) ) ) | JUDGE DUCK |
| Defendants. | ) ) | |

## <u>ORDER FOR HEARING</u>

COMES before the Court Defendant Overland Corporation's Motion to Compel.

Said Motion is ordered set for hearing at 10:30 o'clock a.m. on the 12 day of April, 2016.

Dated this 9 day of March, 2016.

_____
JUDGE OF THE DISTRICT COURT

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

**F I L E D**
MURRAY COUNTY, OKLAHOMA

APR 0 1 2016

CHRISTIE F. TTMAN, Court Clerk

By _____ Deputy

DEBORAH SHARP, an individual )
A Personal Representative of the Estate of )
REUBEN SHARP, Deceased. )
)
      PLANTIFF, )
)
vs. )   Case No. CJ-2015-00070
)
68 TRANSPORT,LLC, a Foreign LLC, )
ISMAEL LUJAN ,an individual, )
OVERLAND CORPORATION, a Domestic )
Corporation, ACTION SAFETY SUPPLY, )
)
      DEFENDANTS. )

## DEFENDANT ISMAEL LUJAN'S ANSWER

COMES NOW, Defendant, Ismael Lujan ("Lujan"), and for his Answer to the Amended Petition filed herein by Plaintiff denies each and every allegation contained therein unless specifically stated otherwise herein. For further response, Defendant states as follows:

1.     Paragraphs 1, 7, 8, 12, 18, 25, 26, 29, 30, 31, 32, 36, 37, 39, 43, 44, 46, 47, 49, 50, and 51 constitute or require a legal conclusion as to which no response is required. To the extent that such paragraphs contain allegations of fact, Lujan denies same.

2.     Lujan is without sufficient information to admit or deny the allegations in paragraphs 2, 5, 6, 14, 15, 19, 20, 21, 22, 28, and 41 and therefore denies same.

3.     Lujan admits the allegations contained in paragraphs 3, 4, 10, 11, 13.

4.     In response to paragraph 9 Lujan admits that he was driving a semi-tractor on Interstate 35 heading south on July 30, 2015, and that traffic in front of him slowed due to a construction zone, which was narrowing the southbound lands down to one lane. Lujan admits that

his vehicle struck the rear of the vehicle in which Plaintiff was traveling.  The remaining allegations in paragraph 9 are denied and Lujan demands strict proof thereof.

5.      Lujan denies the allegations in Paragraphs 17, 33, 40, 48.

6.      Paragraphs 16, 27, 38, and 45 do not contain factual allegations and therefore do not require an admission or denial.  To the extent such paragraphs warrant an admission or denial, Lujan incorporates its responses elsewhere herein to each paragraph.

7.      In response to paragraph 23, 24, 35, 42, and 48, Lujan lacks sufficient information to admit or deny what Plaintiff might claim, but Lujan denies that Plaintiff is entitled to recovery on such claims and denies any additional factual allegations contained in such paragraphs.

8.      In response to paragraphs 33-34, Lujan denies the allegations therein as to Lujan. Lujan lacks sufficient information to admit or deny the allegations in paragraphs 33-34 with respect to the remainder of the defendants in this action.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims should be barred or reduced by the doctrine of comparative fault.

2.      Plaintiff's claims should be barred by the doctrine of voluntary assumption of a known risk.

3.      Any award of punitive damages based upon any standard of proof that is less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the Oklahoma Constitution.

4.      Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the Oklahoma Constitution.

5.      Plaintiff's claim for punitive damages are in contravention of Lujan's rights under each of the following constitutional provisions:

a. The Due Process Clause of the Fifth and Fourteenth Amendment of the United States Constitution;

b. The Takings Clause of the Fifth Amendment of the United States Constitution;

c. The Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

d. The Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution; and

e. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; as well as the corresponding provision of the Oklahoma Constitution.

6.      The Plaintiff's claim for punitive damages is improper for the following reasons:

a. There are no standards provided by Oklahoma law for the imposition of punitive damages, and, therefore, defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award;

b. The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

c. The procedures under which punitive damages are awarded and the instructions used under the Oklahoma law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible jury passion;

d. Present Oklahoma law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

e. Present Oklahoma law does not provide for a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

f. Present Oklahoma procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

g. Present Oklahoma procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrong doing or culpability;

h. Present Oklahoma procedures fail to permit the reduction of any award for punitive damages based on the capability of the Plaintiff

7.       Lujan specifically incorporates by reference, as if fully set forth herein, any and all standards or limitations regarding the determination and enforceability of punitive damages awards as set forth in BMW of North America v. Gore, 116 S.Ct. 1589 (1996).

8.       Lujan reserves the right to amend their Answer in accordance with 12 O.S. §2015 or with the Court's permission.

**WHEREFORE,** Defendant Ismael Lujan respectfully requests that the relief requested in the Plaintiff's Amended Petition be denied and that Plaintiff take nothing on account thereof, that Lujan be granted a reasonable attorney's fee, costs of this action, and such other and further relief as the Court deems just and equitable.

Moricoli Kellogg & Gleason PC
One Leadership Square
211 N.Robinson #1350
Oklahoma City, OK 73105
Tel: 405/235-3357 Fax: 405/232-6515

By _____
    L. DON SMITHERMAN, OBA # 14596

ANSWER

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2016, a true and correct copy of the foregoing document was served upon the following by:   X   regular mail; _____ email; _____ facsimile; ___ hand delivery:

James A. Belote
Jack Stipe
Stipe & Belote, LLP
525 Central Park Drive, Suite 101
Oklahoma City, OK 73105

Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
   Tucker & Gable, P.L.L.C.
P. O. Box 21100
Tulsa, OK 74121-1100

Keith P. Connell
Law Offices of Ann Fries
4500 S. Garnett Road, Suite 230
Tulsa, OK 74146-5220

Tim N.Cheek
D. Todd Riddles
Gregory D. Winningham
Tayler J. Coble
Cheek Law Firm, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, OK 73102

_____
L. Don Smitherman

IN THE DISTRICT COURT OF MURRAY COUNTY

STATE OF OKLAHOMA

F I L E D
MURRAY COUNTY, OKLAHOMA

APR 04 2016

Christie Pittman, Court Clerk
By_____BW_____Deputy

DEBORAH A. SHARP an Individual

And as Next of Kin of REUBEN

BENJAMIN SHARP, deceased,

(PLAINTIFF)

VS.

CASE NO. CJ 15-70

68 TRANSPORT, L.L.C., a Foreign

Limited Liability Company; ISMAEL LUJAN

An individual; OVERLAND CORPORATION,

A Domestic Corporation, ACTION SAFETY

SUPPLY CO., a Domestic Corporation,

(DEFENDANT)

Judge: Aaron Duck

Date: April 1, 2016

COURT ORDER

Court sets this matter for Scheduling Conference on the motion docket on May 10, 2016, at 10:30 a.m.

Court Clerk to give copy of order to all parties.

_____
JUDGE OF THE DISTRICT COURT

**IN THE DISTRICT COURT OF MURRAY COUNTY**
**STATE OF OKLAHOMA**

DEBORAH N. SHARP, an Individual
and Personal Representative of the
Estate of REUBEN BENJAMIN
SHARP, Deceased.

      PLAINTIFF,

v.

      Case No. CJ-2015-00070

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION, a Domestic
Corporation, ACTION SAFETY
SUPPLY CO., a Domestic Corporation,

      DEFENDANTS.

F I L E D
MURRAY COUNTY, OKLAHOMA
APR 1 1 2016
CHRISTIE PITMAN, Court Clerk

**APPLICATION FOR WRIT OF ASSISTANCE**
**PURSUANT TO 63 O.S. 2011, §§ 939 and/or 949**

Deborah N. Sharp ("Sharp"), wife and Personal Representative of the Estate of Reuben

Benjamin Sharp, Deceased, by and through her attorney of record, Jack Stipe, OBA #17965,

respectfully requests that this Court issue an Order authorizing and directing the Office of the Chief

Medical Examiner, State of Oklahoma, to release and deliver to the law office of Stipe & Belote,

525 Central Park Dr., Ste. 101 Oklahoma City, OK 73151 and permit inspection and copying of all

documents in the Medical Examiner Case File, including but not limited to an allocation of the

tissue and blood samples, recuts of the microscopic slides, and photographs if applicable concerning

the death of Reuben Benjamin Sharp, with date of birth March 24, 1964, collected following his

death on July 31, 2015, in Oklahoma City, Oklahoma. Applicant Sharp represents to the Court that

the autopsy and the medical examiner's report have been completed and these samples are

necessary and needed to aid in the prosecution of her wrongful death claim and without the requested order remaining specimens may otherwise be discarded pursuant to the standard policies and procedures of the Office of the Chief Medical Examiner.

Counsel for the Chief Medical Examiner, Assistant Attorney General Tiffany J. Wythe, Office of the Attorney General, has been contacted about this matter, and has no objection to the release of these blood samples, specimens, etc., provided there is a Court Order directing such release as required by 63 O.S. 2011, §§ 939 and/or 949. Counsel for the named Defendants has been contacted and they have no objection to the release of said information.

WHEREFORE, Applicant Sharp requests that this Court enter its Order directing the Office of the Chief Medical Examiner to produce and permit inspection and copying of all documents in the Medical Examiner Case File, including but not limited to an allocation of the tissue and blood samples, recuts of the microscopic slides, and photographs if applicable concerning the decedent Reuben Benjamin Sharp. Such materials should be released to: law office of Stipe & Belote, 525 Central Park Dr., Ste. 101 Oklahoma City, OK 73105, on or before fourteen business days after receipt by the Office of Chief Medical Examiner of a certified copy of this Order.


Respectfully Submitted,

STIPE & BELOTE, LLP

_____

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
525 Central Park Drive, Ste. 101
Oklahoma City, OK 73105
PH: (405) 524-2268
FAX: (405) 525-3231
*Attorneys for Plaintiff*

## CERTIFICATE OF MAILING

The undersigned certifies that on this 8th day of April 2016, a true and correct copy of the above and foregoing was mailed to:

Tim N. Cheek
D. Todd Riddles
Gregory D. Winningham
Tyler J. Coble
Cheek Law Firm, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, OK 73102

Keith P. Connell
Law Offices of Ann Fries
4500 South Garnett Road, Suite 230
Tulsa, Oklahoma 74146

Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
Tucker & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, OK 74121

L. Don Smitherman
Moricoli Kellogg & Gleason PC
211 N. Robinson, Suite 1350
Oklahoma City, OK 73105

Jack Stipe

## IN THE DISTRICT COURT OF MURRAY COUNTY
## STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual
and Personal Representative of the
Estate of REUBEN BENJAMIN
SHARP, Deceased.

      PLAINTIFF,

v.

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION, a Domestic
Corporation, ACTION SAFETY
SUPPLY CO., a Domestic Corporation,

      DEFENDANTS.

F I L E D

MURRAY COUNTY OKLAHOMA

APR 1 2 2016

CH___ ___TMAN, Court Clerk

By _____ Deputy

Case No. CJ-2015-00070

### AGREED ORDER

This matter comes before the Court on the Application for Writ of Assistance of Deborah

N. Sharp, wife and Personal Representative of the Estate of Reuben Benjamin Sharp, Deceased,

and at the request of said Applicant, Deborah N. Sharp, and the Office of the Chief Medical

Examiner, State of Oklahoma, that an Agreed Order be entered directing the Office of the Chief

Medical Examiner to produce and permit inspection and copying of all documents in the Medical

Examiner Case File, including but not limited to an allocation of the tissue and blood samples,

recuts of the microscopic slides, and photographs if applicable concerning the death of Reuben

Benjamin Sharp, with the exception of those documents to which the Medical Examiner claims a

privilege and/or is prohibited by statute from producing. And further, that said samples be produced

on or before fourteen business days after receipt by the Office of Chief Medical Examiner of a

certified copy of this Order, and as provided by State Statutes, including costs to the requesting

party. The parties agree that any and all Subpoenas, Motions, or Orders in the above-captioned lawsuit pending before this Court in which the Office of the Chief Medical Examiner is an interested party shall be rendered moot by this Order.

### IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

The Office of the Chief Medical Examiner of Oklahoma is directed to produce and permit inspection and copying of all documents in the Medical Examiner Case File, including but not limited to an allocation of the tissue and blood samples, recuts of the microscopic slides, and photographs if applicable concerning the death of Reuben Benjamin Sharp, with the exception of those documents which the Medical Examiner claims a privilege and/or is prohibited by law or statute from producing. And further, that said documents be produced on or before fourteen business days after receipt by the Office of Chief Medical Examiner of a certified copy of this Order, with costs to the requesting party as provided by 63 O.S. 2011, §§ 939 and/or 949, and released and delivered to: .

### IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all Subpoenas, Motions, and Orders in the above-captioned lawsuit pending before this Court in which the Office of the Chief Medical Examiner of Oklahoma is an interested party shall be considered moot by this Order.

Dated this _12_ day of _April_ , 20 _16_.

_____

District Court Judge

APPROVED:

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
525 Central Park Drive, Ste. 101
Oklahoma City, OK 73105
PH: (405) 524-2268
FAX: (405) 525-3231
*Attorneys for Plaintiff*

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

**FILED**
MURRAY COUNTY, OKLAHOMA

MAY 1 0 2016

CHRISTIE PITTMAN, Court Clerk
By _____ Deputy

DEBORAH N. SHARP, an Individual
and Personal Representative of the
Estate of REUBEN BENJAMIN
SHARP, Deceased.

PLAINTIFF,

v.

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION, a Domestic
Corporation, ACTION SAFETY
SUPPLY CO., a Domestic Corporation,

DEFENDANTS.

Case No. CJ-2015-00070

## PLAINTIFF'S APPLICATION REQUESTING
## LEAVE TO AMEND PETITION TO ADD ADDITIONAL DEFENDANTS

Pursuant to Title 12, Section 2015(A) of the Oklahoma Statutes and District Court Rue 4,

Plaintiff respectfully requests this Court allow her to amend her Petition in order to add three

additional party-defendants: J.H. Rose Logistics, LLC, Basi Logistics Group and Logisit-K USA,

LLC. In support of this application, Plaintiff offers the following:

1.      J.H., Basi and Logisti are broker/carriers subject to suit pursuant to the Federal

Motor Carrier Safety Regulations ("FMCSR") and common law.

2.      These companies operate out of Texas and were directly involved in brokering the

load Defendant Lujan was hauling at the time of the collision.

3.      The named Defendants have been contacted and have no objection to Plaintiff

amending her petition to add the additional defendants.

4.      At the time of filing this Application, no scheduling order has been issued. Although Section 2015(A) allows an amendment if all adverse parties give written consent, undersigned counsel wanted to advised the Court of Plaintiff's intentions because a scheduling conference is set on Tuesday, May 10, 2016.

5.      Rule 2015(A) provides that the Court should freely give leave when justice so requires.  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

Plaintiff respectfully requests the Court allow her to amend her petition in order to name additional defendants.

Respectfully submitted,

STIPE & BELOTE, LLP

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
525 Central Park Drive, Suite 101
Oklahoma City, OK 73152
PH: (405) 524-2268
FAX: (405) 525-3231
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF MAILING

The undersigned certifies that on this 10th day of May 2016, a true and correct copy of the above and foregoing was mailed to:

Tim N. Cheek
D. Todd Riddles
Gregory D. Winningham
Tyler J. Coble
Cheek Law Firm, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, OK 73102

Keith P. Connell
Law Offices of Ann Fries
4500 South Garnett Road, Suite 230
Tulsa, Oklahoma 74146

Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
Tucker & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, OK 74121

L. Don Smitherman
Moricoli Kellogg & Gleason PC
211 N. Robinson, Suite 1350
Oklahoma City, OK 73105

Jack Stipe

## IN THE DISTRICT COURT OF MURRAY COUNTY
## STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual
and Personal Representative of the
Estate of REUBEN BENJAMIN
SHARP, Deceased.

        PLAINTIFF,

v.

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION, a Domestic
Corporation, ACTION SAFETY
SUPPLY CO., a Domestic Corporation,

        DEFENDANTS.

**F I L E D**

MURRAY COUNTY, OKLAHOMA

MAY 1 0 2016

CHRISTIE PITMAN, Court Clerk

By _____ Deputy

Case No. CJ-2015-00070

## ORDER

The Court has reviewed Plaintiff's Application Requesting Leave to Amend Petition, wherein Plaintiff has requested to add additional party-defendants.

It is **ORDERED** that Plaintiff's Application is granted. Plaintiff is hereby **ORDERED** to file her Amended Petition within thirty (30) days from the date of this Order.

_____
DISTRICT COURT JUDGE

## IN THE DISTRICT COURT OF MURRAY COUNTY
## STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual
and Personal Representative of the
Estate of REUBEN BENJAMIN
SHARP, Deceased,

PLAINTIFF,

v.

Case No. CJ-2015-00070

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION, a Domestic
Corporation, ACTION SAFETY
SUPPLY CO., a Domestic Corporation,

DEFENDANTS.

**F I L E D**

MURRAY COUNTY, OKLAHOMA

MAY 1 0 2016

CHRISTIE PITTMAN, Court Clerk

By _____ Deputy

### AGREED ORDER

This matter comes before the Court on the Application for Writ of Assistance of Deborah
N. Sharp, wife and Personal Representative of the Estate of Reuben Benjamin Sharp, Deceased,
and at the request of said Applicant, Deborah N. Sharp, and the Office of the Chief Medical
Examiner, State of Oklahoma, that an Agreed Order be entered directing the Office of the Chief
Medical Examiner to produce and permit inspection and copying of all documents in the Medical
Examiner Case File, including but not limited to an allocation of the tissue and blood samples,
recuts of the microscopic slides, and photographs if applicable concerning the death of Reuben
Benjamin Sharp, with the exception of those documents to which the Medical Examiner claims a
privilege and/or is prohibited by statute from producing. And further, that said samples be produced
on or before fourteen business days after receipt by the Office of Chief Medical Examiner of a
certified copy of this Order, and as provided by State Statutes, including costs to the requesting

party.  The parties agree that any and all Subpoenas, Motions, or Orders in the above-captioned

lawsuit pending before this Court in which the Office of the Chief Medical Examiner is an interested

party shall be rendered moot by this Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

The Office of the Chief Medical Examiner of Oklahoma is directed to produce and permit

inspection and copying of all documents in the Medical Examiner Case File, including but not

limited to an allocation of the tissue and blood samples, recuts of the microscopic slides, and

photographs if applicable concerning the death of Reuben Benjamin Sharp, with the exception of

those documents which the Medical Examiner claims a privilege and/or is prohibited by law or

statute from producing.  And further, that said documents be produced on or before fourteen

business days after receipt by the Office of Chief Medical Examiner of a certified copy of this

Order, with costs to the requesting party as provided by 63 O.S. 2011, §§ 939 and/or 949, and

released and delivered to: Stipe Law Firm, 525 Central Park Drive, Suite 101, Oklahoma City, OK

73105.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all Subpoenas,

Motions, and Orders in the above-captioned lawsuit pending before this Court in which the Office

of the Chief Medical Examiner of Oklahoma is an interested party shall be considered moot by

this Order.

Dated this _10_ day of _M___ , 20_16_.

_____
District Court Judge

APPROVED:

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
525 Central Park Drive, Ste. 101
Oklahoma City, OK 73105
PH: (405) 524-2268
FAX: (405) 525-3231
*Attorneys for Plaintiff*

APPROVED:

Tiffany J. Wythe, OBA #21405
Assistant Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921 Phone
(405) 522-4536 Fax
Tiffany.Wythe@oag.ok.gov
ATTORNEY FOR THE OFFICE OF
THE CHIEF MEDICAL EXAMINER

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH A. SHARP an Individual
And as NeXt of Kin of REUBEN BENJAMIN SHARP
DECEASED,

(PLAINTIFF)S,

VS.

68 TRANSPORT, LLC, a Foreign
Limited Liability Company;ISMAEL LUJAN,
An Individual; OVERLAND CORPORATION,
A domestic Corporation, ACTION SAFETY
SUPPLY CO., a Domestic Corporation,

(DEFENDANT)S,

CASE NO.   CJ-15-70

F I L E D
MURRAY COUNTY, OKLAHOMA

MAY 1 0 2016

Christie Pittman, Court Clerk
By_____BW_____Deputy

JUDGE   Aaron Duck
DATE 10 May 2016
CT. RPT.

COURT ORDER

This matter came on for scheduling conference. Plaintiff appears by Jack Stipe. Defendant, 68 Transport appears by Greg Winningham; Defendant, Overland Corporation appears by Keith Connell; Action Safety Supply appears by Rachel Rogers. By agreement of parties Court continues this matter for scheduling conference on August 9, 2016, at 10:30 a.m. Defendant, Ismael Lujan and counsel Don Smitherman do not appear.

COURT CLERK TO GIVE COPY OF ORDER TO ALL PARTIES

_____
JUDGE OF THE DISTRICT COURT

## IN THE DISTRICT COURT IN AND FOR MURRAY COUNTY
## STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual
and Personal Representative of the
Estate of REUBEN BENJAMIN
SHARP, Deceased.

        PLAINTIFF,

v.

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION, a Domestic
Corporation; ACTION SAFETY
SUPPLY CO., a Domestic Corporation;
J.H. ROSE LOGISTICS, LLC, a
Foreign Limited Liability Company;
LOGISTI-K USA, LLC, a Foreign
Limited Liability Company; BASI
LOGISTICS GROUP, INC., a Foreign
Corporation,

        DEFENDANTS.

Case No. CJ-2015-00070

F I L E D
MURRAY COUNTY, OKLAHOMA

JUN 06 2016

Christie Pittman, Court Clerk
By_____Deputy

### SECOND AMENDED PETITION

Plaintiff, Deborah N. Sharp, for her cause of action against the Defendants, 68 Transport,

LLC, Ismael Lujan, Overland Corporation, Action Safety Supply Co., J.H. Rose Logistics, LLC,

Logisti-K USA, LLC and BASI Logistics Group, Inc. alleges and states as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 12 OS 2004(F).

2.     Plaintiff Deborah N. Sharp is a resident of Oklahoma County, Oklahoma.

3.     Defendant 68 Transport, LLC is a limited liability company in Texas.

4.     Defendant Ismael Lujan is a resident of Texas.

5.      Defendant Overland Corporation ("Overland") is an Oklahoma Corporation with its corporate headquarters in Ardmore, Oklahoma.

6.      Action Safety Supply Co. ("Action Supply") is an Oklahoma Corporation with its corporate headquarters in Oklahoma City, Oklahoma.

7.      Defendant J.H. Rose Logistics, LLC ('Rose") is a limited liability company in New Mexico.

8.      Defendant Logisti-K USA, LLC ("Logisti") is a limited liability company in Texas.

9.      Defendant BASI Logistics Group, Inc. ("Basi") is a Texas Corporation.

10.     There is no diversity of citizenship pursuant to 28 USC §1332(c), and removal of the action to Federal Court would also be improper pursuant to 28 USC §1441(b).

11.     This Court has venue of this matter and controversy pursuant to 12 OS§134 and 137, because Murray County is the county where the cause of action, or some part thereof arose.

## GENERAL FACTS

12.     On July 30, 2015 Defendant Lujan was driving his semi-tractor on Interstate 35 heading south. Traffic in front of Lujan was slowing due to a construction zone which was narrowing the south bound lanes down to one lane. Although Defendant Lujan traveled past multiple warning signs advising of congested traffic and the narrowing lane, he failed to slow down and struck the rear of Plaintiff's vehicle. Ms. Sharp suffered personal injury as a direct result of the collision. Mr. Sharp died on July 31, 2015 as a direct result of the injuries he received in the collision.

13.     Defendant Lujan was operating a semi-tractor owned by Defendant 68 Transport, LLC ("68 Transport"), his employer at the time of the collision.

14.     Defendant Lujan was acting within the course and scope of his employment with

2

Defendant 68 Transport and Rose at the time of collision.

15.     Defendant 68 Transport and Rose is liable for the negligence of their employee, Ismael Lujan, under the theory of *respondeat superior*.

16.     Defendant Lujan was the statutory employee of 68 Transport and Rose at the time of the collision.

17.     Overland was performing construction on south-bound I-35 where the collision occurred. Overland set up and maintained the construction zone at issue.

18.     Action Safety planned, set up and maintained the signage in the construction zone at issue.

19.     Defendants Rose, Logisti and Basi coordinated and brokered the load that Defendant Lujan was transporting at the time of the collision.

<u>**FIRST CAUSE OF ACTION - NEGLIGENCE**</u>

20.     Plaintiff hereby adopts Paragraphs 1 through 19 above as those stated herein.

21.     The collision between Defendant Lujan and the Sharps' vehicle was caused by the negligence and/or negligence per-se of Defendant Lujan. Plaintiff alleges that the injuries sustained by her and her husband were directly caused by Lujan's negligence in at least the following respects:

        a.      In failing to operate his vehicle in a safe and prudent manner as a person of ordinary care would have done under the same or similar circumstances; and

        b.      In failing to keep a proper lookout and proper attentiveness.

22.     Defendant Lujan and vicariously Defendants 68 Transport, Rose, Logisti and Basi

3

are guilty of negligence per-se for violation of Oklahoma Statutes including, but not limited to, 47 O.S. §11-901(A) and 47 O.S. §11-903.

23.    Defendant Overland failed to properly operate and maintain the construction project and construction zone at issue which contributed to the collision.

24.    Plaintiff has reason to believe other Defendants will claim reasonable care was not used by Defendant Overland, who is therefore joined pursuant to Oklahoma Statute Title 12, Section 2020.

25.    Defendant Action Safety failed to properly plan, set up, operate and maintain the construction project, signage and construction zone at issue which contributed to the collision.

26.    Plaintiff has reason to believe other Defendants will claim reasonable care was not used by Defendant Action Safety, who is therefore joined pursuant to Oklahoma Statute Title 12, Section 2020.

27.    Defendants Rose, Logisti and Basi failed to research, examine and verify whether Defendants 68 Transport and Lujan were qualified to safely operate the tractor trailer at issue.

28.    Ms. Sharp claims property damage for her 2008 Ford Expedition and personal property in the vehicle, damages for loss of use and attorney fees.

29.    As a direct result of the negligence of the Defendants, and each of them, Plaintiff has suffered damages in excess of the sum of Seventy-Five Thousand Dollars ($75,000). Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life and for past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes,

4

for physical pain and suffering and mental pain and anguish suffered by the Decedent, the loss of consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

30.   The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

31.   The acts and omissions of the Defendants, and each of them, were willful, malicious, reckless and done in wanton disregard of Plaintiff's rights and entitle Plaintiff to punitive damages against Defendants.

WHEREFORE, Plaintiff prays this Court render judgment in favor of Plaintiff and against Defendants, and each of them, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), for actual damages, for punitive damages, attorney fees and cost and such other and further relief the Court deems just, equitable and proper.

### SECOND CAUSE OF ACTION – NEGLIGENCE (SAFETY VIOLATIONS)

32.   Plaintiff incorporates all of the facts alleged and stated in Paragraphs 1 through 31 as those stated herein.

33.   Upon information and belief, Defendants 68 Transport, Rose, Logisti and Basi were negligent and negligence per-se in at least the following respects:

  a.   Failing to comply with Federal Motor Carrier Safety Act (FMCSA) regulations;

  b.   Failing to monitor Defendant Lujan's hours of service to ensure compliance with FMCSA requirements;

  c.   Failing to ensure Defendant Lujan was not fatigued prior to dispatching;

5

d.      Failing to monitor and/or comply with logging hours of duty for Defendant Lujan;

e.      Failing to ensure Defendant Lujan was not under the influence of drugs while he was operating the tractor trailer at issue;

f.      Failing to ensure 68 Transport was monitoring Defendant Lujan as to his compliance with mandatory drug testing;

and

g.      Failing to ensure Defendant Lujan complied with all company policies regarding the carrying of passengers.

34.      Defendants 68 Transport, Rose, Logisti and Basi owed a duty of care to Plaintiff, her deceased husband and the general public, to ensure that their employee and/or agent was suitable for his position as a driver of a commercial vehicle.

35.      Defendant 68 Transport, Rose, Logisti and Basi had a duty to make sure their drivers and agents, including Defendant Lujan was qualified to operate safely their commercial motor vehicle in such a way as not to harm the public.

36.      Defendant 68 Transport had a duty to require Defendant Lujan to comply with Federal and State Industry Standard Safety Rules.

37.      Defendants Rose, Logisti and Basi had a duty to require each other as well as Defendants 68 Transport and Lujan to comply with Federal and State Industry Standard Safety Rules.

38.      Defendants, and each of them, had a duty to comply with all applicable safety rules, including Trucking Industry Safety Standards, Oklahoma Traffic Laws, and Federal Motor Carrier

6

Safety Regulations.

39.     Defendants, and each of them, violated some or all of the duties alleged above.

40.     The violation of their duties by Defendants, and each of them, was negligence and negligence per-se.

41.     As a direct result of the negligence of the Defendants, and each of them, Plaintiff has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000). Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life and for the past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes, for physical pain and suffering and mental pain and anguish suffered by the Decedent, the loss of consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

42.     The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

43.     The acts and omissions of the Defendants, and each of them, were willful, malicious, reckless and done in wanton disregard of Plaintiff's rights and entitle Plaintiff to punitive damages against Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, for actual and punitive damages, attorney fees and cost and such other relief as the Court may deem just, equitable and proper in an amount in excess of Seventy-Five Thousand Dollars ($75,000).

7

## THIRD CAUSE OF ACTION –NEGLIGENT
## HIRING, TRAINING, AND RETENTION

44.    Plaintiff incorporates all facts alleged and stated in Paragraphs 1 through 43 as those stated herein.

45.    Defendants 68 Transport and Rose had a duty to train its drivers, including Defendant Lujan to operate safely their commercial vehicle in such a way as to not harm the public.

46.    Upon information and belief, Defendant Lujan was not competent, suitable and/or qualified to operate the subject commercial vehicle when the motor vehicle collision took place on July 30, 2015.

47.    Upon information and belief, Defendants 68 Transport and Rose were negligent by failing to conduct the appropriate procedures for hiring, training, retention and/or supervision of Defendant Lujan, in, among other things, failing to conduct a proper background investigation of his driving history, providing education and training on driving risks, appropriate handling of commercial vehicles and driving fatigue and ensuring that he was complying with mandatory drug testing procedures and not taking narcotics while driving. Defendants 68 Transport and Rose otherwise failed to properly supervise and/or insure their agent and/or employee properly operated the commercial motor vehicle and obeyed applicable statutes, laws and/or regulations of commercial drivers.

48.    Upon information and belief, Defendants Rose, Logisti and Basi were negligent by failing to conduct the appropriate procedures for hiring, training, retention and/or supervision of Defendant 68 Transport and Defendant Lujan, in, among other things, failing to conduct a proper background investigation of 68 Transport's hiring/training policies and procedures, Lujan's driving history, providing education and training on driving risks, appropriate handling of

8

commercial vehicles and driving fatigue and ensuring that Lujan was complying with mandatory drug testing procedures and not taking narcotics while driving. Defendants otherwise failed to properly supervise and/or insure their agent and/or employee properly operated the commercial motor vehicle and obeyed applicable statutes, laws and/or regulations of commercial drivers.

49.    As a result of the negligence of 68 Transport, Rose, Logisti and Basi, Plaintiff has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000). Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life, and for past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes, for physical pain and suffering and mental pain and anguish suffered by the Decedent, the loss of consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

50.    The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

51.    The acts and omissions of the Defendants, and each of them, were willful, malicious, reckless, and done in wanton disregard of Plaintiff's rights and entitle Plaintiff to punitive damages against the Defendants.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, for actual and punitive damages, attorney fees and cost and such other relief as the Court may deem just, equitable and proper.

## FOURTH CAUSE OF ACTION –NEGLIGENT ENTRUSTMENT

52.    Plaintiff incorporates all facts alleged and stated in Paragraphs 1 through 51 as those stated herein.

53.    An owner of a vehicle has a duty to use ordinary care to avoid lending it to another person whom it knows, or reasonably should know, is careless, reckless, or incompetent to drive.

54.    Upon information and belief, on July 30, 2015 Defendant 68 Transport negligently entrusted its commercial vehicle to Defendant Lujan.  Defendant 68 Transport knew or should have known when it entrusted its vehicle to Defendant Lujan that Defendant Lujan was not competent to drive it.  Defendant 68 Transport was negligent when it entrusted its commercial vehicle to Defendant Lujan on the day of the collision.

55.    Upon information and belief, Defendants Rose, Logisti and Basi negligently entrusted the relevant load to Defendant 68 Transport and Lujan. Defendants Rose, Logisti and Basi knew or should have known when it entrusted the relevant load to Defendant 68 Transport and Lujan they were not competent to handle and safely transport the load on the day of the collision.

56.    As a direct result of the negligence of Defendants, and each of them, Plaintiff has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000).  Plaintiff claims damages for permanent injury, physical pain and suffering, mental pain and suffering, lost wages, loss of earning capacity, disfigurement, loss of enjoyment of life, and for past and future medical expenses all in an amount in excess of Seventy-Five Thousand Dollars ($75,000). In addition, Plaintiff claims damages, pursuant to Title 12, Section 1053 of the Oklahoma Statutes, for physical pain and suffering and mental pain and anguish suffered by the Decedent, the loss of

10

consortium and grief of the surviving spouse, pecuniary loss, medical and burial expenses and for the grief and loss of companionship of the children of the Decedent.

57.     The acts and omissions of the Defendants, and each of them, amount to gross negligence and reckless disregard.

58.     The acts and omissions of Defendant 68 Transport, Rose, Logisti and Basi were willful, malicious, reckless and done in wanton disregard to Plaintiff's rights and entitle Plaintiff to punitive damages against Defendant.

59.     Pursuant to 12 O.S. §§ 3233-3234, Plaintiff requests that each Defendant provide answers to each of the Interrogatories and Requests for Production transmitted concurrently herewith no later than forty-five (45) days from date of service.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, for actual and punitive damages, attorney fees and costs and such other relief as the Court may deem just, equitable and proper.

Respectfully Submitted,

STIPE & BELOTE, LLP

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
525 Central Park Drive, Ste. 101
Oklahoma City, OK 73105
PH: (405) 524-2268
FAX: (405) 525-3231
jbelote@stipelawokc.com
jstipe@stipelawokc.com
ATTORNEYS FOR PLAINTIFF

11

## CERTIFICATE OF MAILING

The undersigned certifies that on this 3rd day of June 2016, a true and correct copy of the

above and foregoing was mailed to:

Tim N. Cheek
D. Todd Riddles
Gregory D. Winningham
Tyler J. Coble
Cheek Law Firm, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, OK 73102

Keith P. Connell
Law Offices of Ann Fries
4500 South Garnett Road, Suite 230
Tulsa, Oklahoma 74146

Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
Tucker & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, OK 74121

L. Don Smitherman
Moricoli Kellogg & Gleason PC
211 N. Robinson, Suite 1350
Oklahoma City, OK 73105

Jack Stipe

12

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH SHARP, an individual )
A Personal Representative of the Estate of )
REUBEN SHARP, Deceased. )
 )
PLANTIFF, )
 )
vs. )   Case No. CJ-2015-00070
 )
68 TRANSPORT,LLC, a Foreign LLC, )
ISMAEL LUJAN ,an individual, )
OVERLAND CORPORATION, a Domestic )
Corporation, ACTION SAFETY SUPPLY, )
 )
DEFENDANTS. )

FILED
MURRAY COUNTY, OKLAHOMA

JUN 15 2016

Christie Pittman, Court Clerk
By_____ØW_____Deputy

DEFENDANT ISMAEL LUJAN'S ANSWER
TO SECOND AMENDED PETITION

COMES NOW, Defendant, Ismael Lujan ("Lujan"), and for his Answer to the Second

Amended Petition filed herein by Plaintiff denies each and every allegation contained therein unless

specifically stated otherwise herein.  For further response, Defendant states as follows:

1.      Paragraphs 1, 10, 11, 15, 16, 18, 22, 30, 34, 35, 36, 37, 38, 42, 45, 50, 53, 57, and 59

constitute or require a legal conclusion as to which no response is required.   To the extent that such

paragraphs contain allegations of fact, Lujan denies same.

2.      Lujan is without sufficient information to admit or deny the allegations in paragraphs

2, 5, 6, 7, 8, 9, 17, 18, 19, 23, 24, 25, 26, 27, 33(a-b) and 58, and therefore denies same.

3.      Lujan admits the allegations contained in paragraphs 3, 4, 13, and 14.

4.      In response to paragraph 12 Lujan admits that he was driving a semi-tractor on

Interstate 35 heading south on July 30, 2015, and that traffic in front of him slowed due to a

construction zone, which was narrowing the southbound lands down to one lane.  Lujan admits that

his vehicle struck the rear of the vehicle in which Plaintiff was traveling. The remaining allegations in paragraph 12 are denied and Lujan demands strict proof thereof.

5.      Lujan denies the allegations in Paragraphs 21, 31, 33(c-g), 43, 46, 47, 48, 51, 54, and 55.

6.      Paragraphs 20, 32, 44, and 52 do not contain factual allegations and therefore do not require an admission or denial. To the extent such paragraphs warrant an admission or denial, Lujan incorporates his responses elsewhere herein to each paragraph.

7.      In response to paragraph 28, 29, 41, 49, and 56, Lujan lacks sufficient information to admit or deny what Plaintiff might claim, but Lujan denies that Plaintiff is entitled to recovery on such claims from Lujan and denies any additional factual allegations contained in such paragraphs.

8.      In response to paragraphs 39-40, Lujan denies the allegations therein as to Lujan. Lujan lacks sufficient information to admit or deny the allegations in paragraphs 39-40 with respect to the remainder of the defendants in this action.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims should be barred or reduced by the doctrine of comparative fault.

2.      Plaintiff's claims should be barred by the doctrine of voluntary assumption of a known risk.

3.      Any award of punitive damages based upon any standard of proof that is less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the Oklahoma Constitution.

4.      Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the Oklahoma Constitution.

5.      Plaintiff's claim for punitive damages are in contravention of Lujan's rights under each of the following constitutional provisions:

    a. The Due Process Clause of the Fifth and Fourteenth Amendment of the United States Constitution;

    b. The Takings Clause of the Fifth Amendment of the United States Constitution;

    c. The Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

    d. The Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution; and

    e. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; as well as the corresponding provision of the Oklahoma Constitution.

6.      The Plaintiff's claim for punitive damages is improper for the following reasons:

    a. There are no standards provided by Oklahoma law for the imposition of punitive damages, and, therefore, defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award;

    b. The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

    c. The procedures under which punitive damages are awarded and the instructions used under the Oklahoma law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible jury passion;

    d. Present Oklahoma law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

e. Present Oklahoma law does not provide for a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

f. Present Oklahoma procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

g. Present Oklahoma procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrong doing or culpability;

h. Present Oklahoma procedures fail to permit the reduction of any award for punitive damages based on the capability of the Plaintiff

7.      Lujan specifically incorporates by reference, as if fully set forth herein, any and all standards or limitations regarding the determination and enforceability of punitive damages awards as set forth in <u>BMW of North America v. Gore,</u> 116 S.Ct. 1589 (1996).

8.      Lujan reserves the right to amend his Answer in accordance with 12 O.S. §2015 or with the Court's permission.

**WHEREFORE,** Defendant Ismael Lujan respectfully requests that the relief requested in the Plaintiff's Second Amended Petition be denied and that Plaintiff take nothing on account thereof, that Lujan be granted a reasonable attorney's fee, costs of this action, and such other and further relief as the Court deems just and equitable.

Moricoli Kellogg & Gleason PC
One Leadership Square
211 N.Robinson #1350
Oklahoma City, OK 73105
Tel: 405/235-3357 Fax: 405/232-6515

By _____
L. DON SMITHERMAN, OBA # 14596

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2016, a true and correct copy of the foregoing document was served upon the following by: __X__ regular mail; _____ email; _____ facsimile; ___ hand delivery:

James A. Belote
Jack Stipe
Stipe & Belote, LLP
525 Central Park Drive, Suite 101
Oklahoma City, OK 73105

Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
 Tucker & Gable, P.L.L.C.
P. O. Box 21100
Tulsa, OK 74121-1100

Keith P. Connell
Law Offices of Ann Fries
4500 S. Garnett Road, Suite 230
Tulsa, OK 74146-5220

Tim N.Cheek
D. Todd Riddles
Gregory D. Winningham
Tayler J. Coble
Cheek Law Firm, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, OK 73102

L. Don Smitherman

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual and Personal
Representative of the Estate of REUBEN BENJAMIN
SHARP, Deceased.

            Plaintiff,

v.

68 TRANSPORT, LLC., a Foreign Limited Liability
Company; ISMAEL LUJAN, an Individual;
OVERLAND CORPORATION, a Domestic
Corporation, ACTION SAFETY SUPPLY CO., a
Domestic Corporation; J.H. ROSE LOGISTICS, LLC,
a Foreign Limited Liability Company; LOGISTI-K
USA, LLC, a Foreign Limited Liability Company,
BASI LOGISTICS GROUP, INC., a Foreign
Corporation,

            Defendants.

CASE NO. CJ-2015-00070
JUDGE AARON DUCK

F I L E D
MURRAY COUNTY, OKLAHOMA

JUN 17 2016

Christie Pittman, Court Clerk
By_____ BW _____ Deputy

## ANSWER OF DEFENDANT ACTION SAFETY SUPPLY CO.
## TO PLAINTIFF'S SECOND AMENDED PETITION

COMES NOW the Defendant Action Safety Supply Co., and Answers Plaintiff's Second
Amended Petition in numerical sequence as follows:

1.     This Defendant admits the allegations contained in Paragraph No. 1 of the
Plaintiff's Second Amended Petition.

2.     This Defendant is without sufficient information to either admit or deny the
allegations contained in Paragraph No. 2 of the Plaintiff's Second Amended Petition, therefore
they are denied.

3.     This Defendant is without sufficient information to either admit or deny the
allegations contained in Paragraph No. 3 of the Plaintiff's Second Amended Petition, therefore
they are denied.

4.      This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 4 of the Plaintiff's Second Amended Petition, therefore they are denied.

5.      This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 5 of the Plaintiff's Second Amended Petition, therefore they are denied.

6.      This Defendant admits the allegations contained in Paragraph No. 6 of the Plaintiff's Second Amended Petition.

7.      This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 7 of the Plaintiff's Second Amended Petition, therefore they are denied.

8.      This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 8 of the Plaintiff's Second Amended Petition, therefore they are denied.

9.      This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 9 of the Plaintiff's Second Amended Petition, therefore they are denied.

10.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 10 of the Plaintiff's Second Amended Petition, therefore they are denied.

11.     This Defendant admits the allegations contained in Paragraph No. 11 of the Plaintiff's Second Amended Petition.

## GENERAL FACTS

12.     This Defendant admits that an accident occurred on or about the date alleged, at the location alleged.  This Defendant is without sufficient information to either admit or deny the balance of the allegations contained in Paragraph No. 12 of the Plaintiff's Second Amended Petition, therefore they are denied.

13.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 13 of the Plaintiff's Second Amended Petition, therefore they are denied.

14.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 14 of the Plaintiff's Second Amended Petition, therefore they are denied.

15.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 15 of the Plaintiff's Second Amended Petition, therefore they are denied.

16.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 16 of the Plaintiff's Second Amended Petition, therefore they are denied.

17.     Upon information and belief this Defendant admits the allegations contained in Paragraph No. 17 of the Plaintiff's Second Amended Petition.

18.     This Defendant denies the allegations contained in Paragraph No. 18 of the Plaintiff's Second Amended Petition.

19.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 19 of the Plaintiff's Second Amended Petition, therefore

they are denied.

## FIRST CAUSE OF ACTION - NEGLIGENCE

20.     This Defendant re-adopts, re-alleges and incorporates by reference all allegations and denials contained above.

21.     The allegations contained in Paragraph No. 21 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore no response is needed.

22.     The allegations contained in Paragraph No. 22 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore no response is needed.

23.     The allegations contained in Paragraph No. 23 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore no response is needed.

24.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 24 of the Plaintiff's Second Amended Petition, therefore they are denied.

25.     This Defendant denies the allegations contained in Paragraph No. 25 of the Plaintiff's Second Amended Petition.

26.     This Defendant denies the allegations contained in Paragraph No. 26 of the Plaintiff's Second Amended Petition.

27. The allegations contained in Paragraph No. 27 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore no response is needed.

28.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 28 of the Plaintiff's Second Amended Petition, therefore they are denied.

29.     As to this Defendant, the allegations contained in Paragraph No. 29 of the

Plaintiff's Second Amended Petition are denied.

30.     As to this Defendant, the allegations contained in Paragraph No. 30 of the Plaintiff's Second Amended Petition are denied.

31.     As to this Defendant, the allegations contained in Paragraph No. 31 of the Plaintiff's Second Amended Petition are denied.

### SECOND CAUSE OF ACTION – NEGLIGENCE (SAFETY VIOLATIONS)

32.     This Defendant re-adopts, re-alleges and incorporates by reference all allegations and denials contained above.

33.     The allegations in Paragraph No. 33 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore response is required.

34.     The allegations in Paragraph No. 34 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore response is required.

35.     The allegations in Paragraph No. 35 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore response is required.

36.     The allegations in Paragraph No. 36 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore response is required.

37.     The allegations in Paragraph No. 37 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore response is required.

38.     As to this Defendant the allegations contained in Paragraph No. 38 of the Plaintiff's Second Amended Petition are denied.

39.     As to this Defendant the allegations contained in Paragraph No. 39 of the Plaintiff's Second Amended Petition are denied.

40.     As to this Defendant the allegations contained in Paragraph No. 40 of the

Plaintiff's Second Amended Petition are denied.

41.    As to this Defendant the allegations contained in Paragraph No. 41 of the Plaintiff's Second Amended Petition are denied.

42.    As to this Defendant the allegations contained in Paragraph No. 42 of the Plaintiff's Second Amended Petition are denied.

43.    As to this Defendant the allegations contained in Paragraph No. 43 of the Plaintiff's Second Amended Petition are denied.

## THIRD CAUSE OF ACTION – NEGLIGENT HIRING, TRAINING, AND RETENTION

44.    This Defendant re-adopts, re-alleges and incorporates by reference all allegations and denials contained above.

45.    The allegations contained in Paragraph No. 45 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore no response is required.

46.    The allegations contained in Paragraph No. 46 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore no response is required.

47.    The allegations contained in Paragraph No. 47 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore no response is required.

48.    The allegations contained in Paragraph No. 48 of the Plaintiff's Second Amended Petition are not directed toward this Defendant and therefore no response is required.

49.    As to this Defendant, the allegations contained in Paragraph No. 49 of the Plaintiff's Second Amended Petition are denied.

50.    As to this Defendant, the allegations contained in Paragraph No. 50 of the Plaintiff's Second Amended Petition are denied.

51.    As to this Defendant, the allegations contained in Paragraph No. 51 of the

Plaintiff's Second Amended Petition are denied.

### FOURTH CAUSE OF ACTION – NEGLIGENT ENTRUSTMENT

52.     This Defendant re-adopts, re-alleges and incorporates by reference all allegations and denials contained above.

53.     The allegations contained in Paragraph No. 53 of the Plaintiff's Second Amended Petition are not directed toward this Defendant, therefore no response is required.

54.     The allegations contained in Paragraph No. 54 of the Plaintiff's Second Amended Petition are not directed toward this Defendant, therefore no response is required.

55.     The allegations contained in Paragraph No. 55 of the Plaintiff's Second Amended Petition are not directed toward this Defendant, therefore no response is required.

56.     As to this Defendant, the allegations contained in Paragraph No. 56 of the Plaintiff's Second Amended Petition are denied.

57.     As to this Defendant, the allegations contained in Paragraph No. 57 of the Plaintiff's Second Amended Petition are denied.

58.     The allegations contained in Paragraph No. 58 of the Plaintiff's Second Amended Petition are not directed toward this Defendant, therefore no response is required.

59.     This Defendant denies the allegations contained in Paragraph No. 59 of the Plaintiff's Second Amended Petition in the sense that Paragraph No. 59 contains improper allegations as it pertains to the Oklahoma Discovery Code.

### AFFIRMATIVE DEFENSES

1.     Action Safety Supply Co., is an improperly named Defendant and should be dismissed.

2.     Plaintiff's Second Amended Petition fails to state a claim for relief or cause of

7

action against this Defendant and this Defendant specifically denies that it owed a "duty" as alleged in the Second Amended Petition.

3.      Plaintiff's claims should be barred or reduced by the doctrine of comparative fault.

4.      Plaintiff's claims should be barred by the doctrine of voluntarily assumption of a known risk.

5.      The accident in question was the result of the negligence of third parties over whom this Defendant had no control.

6.      By way of further defense and pleading in the alternative the actions of this Defendant, at best, created a "mere condition" and were not the "direct cause" of the Plaintiff's alleged injuries.

7.      Any claims brought against Action Safety Supply Co., may be barred by Action Safety Supply Co.'s compliance with all contract terms, project plans and industry standards.

8.      Action Safety Supply Co.'s work on the subject project was completed and accepted.

9.      Plaintiff's alleged injuries and/or the subject accident may have been caused by intervening and/or superseding causes.

10.     Plaintiff's complaints, if any, are the result of a pre-existing condition or causes not related to the accident in question.

11.     Plaintiff's Second Amended Petition, to the extent that it seeks punitive damages, violates Defendant's right to both procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Oklahoma in that:

A.  The standards under which such claims are submitted are so vague as to be effectively meaningless and threaten the deprivation of property for the benefit of society without the protection of fundamentally fair procedures;

B.  The highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures and any statutory limitations;

C.  The introduction of evidence of financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of injury;

D.  Oklahoma Law does not place a reasonable constraint on the jury's discretion when considering punitive damages;

E.  Oklahoma Law does not provide sufficient post-trial procedures and standards, at the District Court level, for scrutinizing a punitive damage award;

F.  Oklahoma law is not sufficiently established for adequate appellate review of punitive damage awards.

12.    Plaintiff's Second Amended Petition, to the extent it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of Oklahoma.

13.    Plaintiff's Second Amended Petition, to the extent it seeks punitive damages, violates Defendant's right to equal protection under the law and is otherwise unconstitutional under the United States Constitution and the Constitution of the State of Oklahoma.

14.    For further defense, Defendant affirmatively alleges that joint and several liability in unconstitutional and violative of the provisions of the United States Constitution and the

9

Oklahoma Constitution, including but not limited to, Defendants right to due process and equal protection under the law.

15.    Plaintiff's Second Amended Petition fails to state a claim for relief which would entitle the Plaintiff to attorney's fees.

16.    Defendant reserves the right to amend or modify its Answer upon the completion of discovery.

WHEREFORE, premises considered, Defendants, Action Safety Supply Co., prays to be dismissed from this action with its costs and attorneys' fees expended herein, and for any and all relief which this Court deems just and equitable.

Respectfully submitted,

By:    _____

DAN S. FOLLUO, OBA 11303
RACHEL M. ROGERS, OBA #22626
Rhodes, Hieronymus, Jones, Tucker
    & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
Telephone:    918/582-1173
Facsimile:    918/592-3390
dfolluo@rhodesokla.com
rrogers@rhodesokla.com
ATTORNEYS FOR DEFENDANT,
    ACTION SAFETY SUPPLY CO.

10

## CERTIFICATE OF MAILING

I hereby certify that on this _16th_ day of _June_ , 2016, I caused to be mailed a true and correct copy of the above and foregoing instrument to:

| | |
|---|---|
| James A. Belote, OBA #12558<br>Jack Stipe, OBA #17965<br>525 Central Park Drive, Suite 101<br>Oklahoma City, Oklahoma 73105<br>jbelote@stipelawokc.com<br>jstipe@stipelawokc.com<br>*Attorneys for Plaintiff* | Todd D. Riddles<br>The Cheek Law Firm<br>311 North Harvey Avenue, Suite 200<br>Oklahoma City, Oklahoma 73102<br>triddles@cheeklaw.com<br>*Attorney for Defendant*<br>*68 Transport, LLC* |
| Keith P. Connell<br>Law Offices of Ann Fries<br>One Corporate Plaza<br>3525 Northwest 56th, Suite B<br>Oklahoma City, Oklahoma 73118<br>Keith.Connell@thehartford.com<br>*Attorney for Defendant*<br>*Overland Corporation* | L. Don Smitherman<br>Moricoli Kellogg & Gleason<br>One Leadership Square<br>211 N. Robinson #1350<br>Oklahoma City, OK 73105<br>*Attorney for Defendant*<br>*Ismael Lujan* |

_____
DAN S. FOLLUO/RACHEL M. ROGERS

11

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH A. SHARP, an individual and as )
next of kin of REUBEN BENJAMIN SHARP, )
Deceased, )
 )
              Plaintiffs, )
 )
vs. )          Case No. CJ-2015-00070
 )
68 TRANSPORT, LLC, a Foreign Limited )
Liability Company; ISMAEL LUJAN, an )
individual; OVERLAND CORPORATION, a )
Domestic Corporation; ACTION SAFETY )
SUPPLY CO., a Domestic Corporation; J. H. )
ROSE LOGISTICS, LLC, a Foreign Limited )
Liability Company; LOGISTI-K USA, LLC, a )
Foreign Limited Liability Company; BASI )
LOGISTICS GROUP, INC., a Foreign )
Corporation, )
 )
              Defendants. )

**F I L E D**
MURRAY COUNTY, OKLAHOMA

JUN 22 2016

Christie Pittman, Court Clerk
By_____BW_____Deputy

## ANSWER TO PLAINTIFFS' SECOND AMENDED PETITION

COMES NOW the Defendant, Overland Corporation, and for its answer to the Second Amended Petition filed on behalf of the Plaintiffs, alleges and states as follows:

1.      Defendant generally and specifically denies each and every material allegation contained in the Second Amended Petition filed on behalf of the Plaintiffs except for those which may be specifically admitted hereinafter.

2.      Defendant admits Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 of Plaintiffs' Second Amended Petition.

3.      Defendant is without sufficient information knowledge or belief to admit or deny the allegations contained within Paragraph 12 of Plaintiffs' Second Amended Petition and therefore denies the same and demands strict proof thereof.

4.      Defendant admits Paragraph 13, 14, 15, and 16   of Plaintiffs' Second Amended Petition.

5.      Defendant admits that there was a collision of automobiles at the approximate location contained in Paragraph 17 and 18 of the Plaintiffs' Second Amended Petition.   However, Defendant denies that the accident occurred in a construction zone or that the traffic was narrowing down to two lanes at the location of the accident and demands strict proof thereof.

6.      Defendant is without sufficient information, knowledge or belief to either admit or deny the allegations contained in Paragraph 19 of Plaintiffs' Second Amended Petition; therefore, Defendant denies the same and demands strict proof thereof.

7.      Defendant restates and alleges Paragraphs 1-6 of Defendant's Answer to Plaintiff's Second Amended Petition in response to Paragraph 20 of Plaintiff's Second Amended Petition.

8.      Defendant admits Paragraph 21 and 22 of Plaintiff's Second Amended Petition.

7.      Defendant denies that Overland was performing construction at the time of the collision as stated in Paragraphs 23, and 24 of Plaintiffs' Second Amended Petition and demands strict proof thereof.

8.      Defendant denies Paragraphs 25 and 26 of Plaintiffs' Second Amended Petition and demands strict proof thereof.

9.      Defendant is without sufficient information, knowledge or belief to either admit or deny the allegations contained in Paragraphs  27, 28, and 29 of  Plaintiffs'

Second Amended Petition; therefore, Defendant denies the same and demands strict proof thereof.

16.     Defendant will specifically deny Paragraphs 30 and 31 with respect to this Defendant and demands strict proof thereof.

17.     Defendant will restate and incorporate Paragraphs 1 through 31 in response to Paragraph 32 of Plaintiffs' Second Amended Petition and demands strict proof thereof.

18.     Defendant is without sufficient information, knowledge or belief to either admit or deny the allegations contained in Paragraphs 33, 34, 35, 36, 37, 38, 39, 40, and 41 of the Plaintiffs' Second Amended Petition; therefore, Defendant denies the same and demands strict proof thereof.

19.     Defendant will specifically deny Paragraphs 42 and 43 with respect to this Defendant and demands strict proof thereof.

20.     Defendant restates and alleges Paragraphs 1-19 of Defendant's Answer to Plaintiff's Second Amended Petition in response to Paragraph 44 of Plaintiff's Second Amended Petition.

21     Defendant is without sufficient information, knowledge or belief to either admit or deny the allegations contained in Paragraphs 45, 46, 47, 48, and 49 of the Plaintiffs' Second Amended Petition; therefore, Defendant denies the same and demands strict proof thereof.

22.     Defendant will specifically deny Paragraphs 50 and 51 with respect to this Defendant and demands strict proof thereof.

23.     Defendant restates and alleges Paragraphs 1-22 of Defendant's Answer to Plaintiff's Second Amended Petition in response to Paragraph 52 of Plaintiff's Second Amended Petition.

24.     Defendant is without sufficient information, knowledge or belief to either admit or deny the allegations contained in Paragraphs 53, 54, 55, and 56 of the Plaintiffs' Second Amended Petition; therefore, Defendant denies the same and demands strict proof thereof.

25.     Defendant will specifically deny Paragraphs 57, 58 and 59 with respect to this Defendant and demands strict proof thereof.

<u>**Affirmative Defenses**</u>

1.     Defendant denies causation and the nature and extent of injuries and damages.

2.     The accident was proximately caused or contributed to by the negligence of third parties.

3.     The negligence of the Plaintiff was more than 50% the cause of this accident, thereby preventing Plaintiff's recovery herein against this Defendant. Alternatively, Defendant alleges that the negligence of the Plaintiff was a cause of this accident, thereby reducing Plaintiff's recovery herein against this Defendant.

4.     The injuries complained of in Plaintiffs' Second Amended Petition are the result of pre-existing health problems that were neither caused nor aggravated by this accident and for which Defendant is not liable.

5.     The injuries complained of in Plaintiffs' Second Amended Petition are the result of health care problems which developed subsequent to the date of the alleged

accident, which were neither caused nor aggravated by this Defendant and for which this Defendant is not liable.

6.     The accident was proximately caused or contributed to by the negligence of third parties over whom Defendant had no control and no duty to control.

7.     Plaintiffs have failed to state a claim upon which relief can be granted.

8.     The alleged condition was open and obvious and was not the cause of the accident.

9.     Defendant states that Plaintiffs' claims seeking punitive or exemplary damages violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Oklahoma in that:

(a) Consideration of any punitive or exemplary damages in this action (including but not limited to acts occurring outside of the State of Oklahoma or acts involving nonparties) would allow standardless discretion to the jury to improperly determine punishment, depriving this Defendant of fair notice of the consequences of its actions and would amount to a taking of property without due process;

(b) The admission of any evidence directly to the jury concerning this Defendant's assets or net worth will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive or exemplary damages, and the measure of punitive or exemplary damages.

(c) Punitive or exemplary damages, by their very nature, constitute punishment and are a quasi-criminal sanction for which the burden of proof should not be less than "beyond a reasonable doubt" and not merely a "preponderance of the evidence".

10.     Defendant states that an award of punitive or exemplary damages, if

allowed, would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and the Constitution of the State of Oklahoma in that punitive or exemplary damages would constitute an excessive fine upon the Defendant.

11.    Defendant states that punitive or exemplary damages are punishment, a quasi-criminal sanction, for which this Defendant is not afforded the specific procedural safeguards prescribed by the Fourth, Fifth, and Sixth Amendments of the United States Constitution and the Constitution of the State of Oklahoma.

12.    The imposition of punitive damages without proper standards or proportion to the alleged actual damages violates the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Oklahoma.

13.    Discovery in this case is just commencing, and Defendant reserves the right to amend its answer to assert additional affirmative defenses as they may be ascertained.

WHEREFORE, premises considered Defendant Overland Corporation prays that Plaintiffs' Second Amended Petition be dismissed against this Defendant and Plaintiffs take nothing thereby, and further, Defendant prays for costs of this action and for such other relief deemed to be fair and equitable by the Court.

Respectfully submitted,

Keith P. Connell, OBA #12087
LAW OFFICES OF ANN FRIES
4500 South Garnett Road, Suite 230
Tulsa, Oklahoma  74146-5220
(405) 917-8157
(877) 369-4896 *Facsimile*
*Keith.Connell@thehartford.com*

ATTORNEY FOR DEFENDANT
OVERLAND CORPORATION


## CERTIFICATE OF SERVICE

This is to certify that on the 20 day of June_____, 2016, a true and correct copy of the above and foregoing instrument was mailed with postage thereon fully prepaid to:

James A. Belote
Jack Stipe
Stipe and Belote
525 Central Park Drive, Suite 101
Oklahoma City, OK  73105

Tim N. Cheek
D. Todd Riddles
Gregory D. Winningham
Tyler J. Coble
Cheek Law Firm
311 N. Harvey Ave.
Oklahoma City, OK  73102

Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
Tucker & Gable, PLLC
P. O. Box 21100
Tulsa, OK  74121

L. Don Smitherman
Moricoli Kellogg & Gleason PC
211 N. Robinson, Suite 1350
Oklahoma City, OK  73105

Keith P. Connell

RECEIVED

JUL 1 8 2016

RICHARDS & CONNOR

IN THE DISTRICT COURT IN AND FOR MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual )
And Personal Representative of the )
Estate of REBEN BENJAMIN )
SHARP, Deceased. )
)
)
PLAINTIFF, )
)
v. )
)
68 TRANSPORT, LLC, a Foreign )
Limited Liability Company; ISMAEL )
LUJAN, AN Individual; OVERLAND )
CORPORATION, a Domestic )
Corporation; ACTION SAFETY )
SUPPLY CO., a Domestic Corporation; )
J.H. ROSE LOGISTICS, LLC, a )
Foreign Limited Liability Company; )
LOGISTI-K USA, LLC, a Foreign )
Limited Liability Company; BASI )
LOGISTICS GROUP, INC., a Foreign )
Corporation, )
)
)
DEFENDANTS. )

**F I L E D**
MURRAY COUNTY, OKLAHOMA

JUL 1 5 2016

CHRISTIE PITTMAN, Court Clerk
By _____ Deputy

CASE No. CJ-2015-00070

## SPECIAL ENTRY OF APPEARANCE PURSUANT TO *YOUNG V. WALTON*

**COMES NOW** Phil R. Richards and Joy Tate of the law firm Richards & Connor, PLLP,

Attorneys for Defendant, J.H. Rose Logistics, LLC, in the above style and numbered cause, and

pursuant to 12 O.S. Ann., §2012(A) and *Young v. Walton,* 807 P.2d 248 (Okla. 1991), enters their

special appearance herein, without waiving defenses, and further reserves an additional twenty

(20) days from July 15, 2016, or until August 4, 2016, within which to further answer, respond,

object, or otherwise plead to the allegations set forth within Plaintiff's Second Amended Petition.

Respectfully submitted,

Phil R. Richards, OBA #10457
Joy Tate, OBA #31727
RICHARDS & CONNOR
12th Floor, ParkCentre Building
525 South Main Street
Tulsa, Oklahoma 74103-4509
Telephone:  (918) 585-2394
Facsimile:  (918) 585-1449
ATTORNEYS FOR DEFENDANT
J.H. ROSE LOGISTICS, LLC

## CERTIFICATE OF MAILING

I hereby certify that on the 14th day of July, 2016, a true and correct copy of the above and foregoing document was deposited in the U.S. Mail with postage prepaid thereon and addressed to:

Tim N. Cheek
D. Todd Riddles
Gregory D. Winningham
Tyler J. Coble
Cheek Law Firm, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, OK  73102

Keith P. Connell
Law Offices of Ann Fries
4500 South Garnett Road, Suite 230
Tulsa, Oklahoma  74146

Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
Tucker & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, OK  74121

L. Don Smitherman
Moricoli Kellogg & Gleason PC
211 N. Robinson, Suite 1350
Oklahoma City, OK  73105

Joy Tate

IN THE DISTRICT COURT IN AND FOR MURRAY COUNTY
STATE OF OKLAHOMA

RECEIVED

JUL 2 1 2016

RICHARDS & CONNOR

DEBORAH N. SHARP, an Individual )
and Personal Representative of the )
Estate of REBEN BENJAMIN )
SHARP, Deceased. )
                                  )
                                  )
       PLAINTIFF,                 )
                                  )
v.                                )       Case No. CJ-2015-00070
                                  )
68 TRANSPORT, LLC, a Foreign      )
Limited Liability Company; ISMAEL )
LUJAN, an Individual; OVERLAND    )       F I L E D
CORPORATION, a Domestic           )       MURRAY COUNTY, OKLAHOMA
Corporation; ACTION SAFETY        )
SUPPLY CO., a Domestic Corporation; )     JUL 1 8 2016
J.H. ROSE LOGISTICS, LLC, a       )
Foreign Limited Liability Company; )      Christie Pittman, Court Clerk
LOGISTI-K USA, LLC, a Foreign     )       By_____OW_____Deputy
Limited Liability Company; BASI   )
LOGISTICS GROUP, INC., a Foreign  )
Corporation,                      )
                                  )
       DEFENDANTS.                )

## AMENDED CERTIFICATE OF SERVICE

COMES NOW Phil R. Richards and Joy Tate of the law firm Richards & Connor, PLLP,

Attorneys for Defendant, J.H. Rose Logistics, LLC, in the above-style and numbered cause, herein

state that on July 14, 2016, Plaintiff's counsel was inadvertently omitted from the original

certificate of service to its Special Entry of Appearance. Service on Plaintiff's counsel was

accomplished on July 15, 2016.

Respectfully submitted,

Phil R. Richards, OBA #10457
Joy Tate, OBA #31727
RICHARDS & CONNOR
12th Floor, ParkCentre Building
525 South Main Street
Tulsa, Oklahoma 74103-4509
Telephone: (918) 585-2394
Facsimile: (918) 585-1449
ATTORNEYS FOR DEFENDANT
J.H. ROSE LOGISTICS, LLC

## CERTIFICATE OF MAILING

I hereby certify that on the 15th day of July, 2016, a true and correct copy of the above and foregoing document was deposited in the U.S. Mail with postage prepaid thereon and addressed to:

James A. Belote
Jack Stipe
Stipe & Belote, LLP
525 Central Park Drive, Ste. 101
Oklahoma City, OK  73105

Tim N. Cheek
D. Todd Riddles
Gregory D. Winningham
Tyler J. Coble
Cheek Law Firm, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, OK  73102

Keith P. Connell
Law Offices of Ann Fries
4500 South Garnett Road, Suite 230
Tulsa, Oklahoma  74146

Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
Tucker & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, OK  74121

L. Don Smitherman
Moricoli Kellogg & Gleason PC
211 N. Robinson, Suite 1350
Oklahoma City, OK  73105

Phil R. Richards

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual and )
Personal Representative of the Estate of )
REUBEN BENJAMIN SHARP, Deceased, )
                                      )
                Plaintiff,            )
                                      )          Case No. CJ-2015-70
vs.                                   )
                                      )
68 TRANSPORT, LLC, a Foreign Limited  )
Liability Company; ISMAEL LUJAN, an   )
Individual; OVERLAND CORPORATION,     )
a Domestic Corporation; ACTION SAFETY )
SUPPLY CO., a Domestic Corporation;   )
J.H. ROSE LOGISTICS, LLC, a Foreign   )
Limited Liability Company; LOGISTI-K USA, )
LLC, a Foreign Limited Liability Company; )
BASI LOGISTICS GROUP, INC., a Foreign )
Corporation,                          )
                                      )
                Defendants.           )

**F I L E D**
MURRAY COUNTY, OKLAHOMA

JUL 2 2 2016

Christie Pittman, Court Clerk
By_____Deputy

## ENTRY OF APPEARANCE

David T. Fletcher, of the firm Coffey, Senger & McDaniel, P.L.L.C., enters his appearance

as additional counsel on behalf of Defendant Logisti-K USA, LLC in the above-captioned action.

Respectfully submitted,

David T. Fletcher, OBA #30781
Coffey, Senger & McDaniel, PLLC
4725 East 91st Street, Suite 100
Tulsa, OK 74137
918-292-8787
918-272-8788 - Fax
dfletcher@csmlawgroup.com
*Attorney for Defendant Logisti-K USA, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of July, 2016, a true, correct and exact copy of the above and foregoing instrument was mailed *via U.S. First Class Mail* to:

James A. Belote, Esq.
Jack Stipe, Esq.
STIPE & BELOTE, LLP
525 Central Park Drive, Suite 101
Oklahoma City, OK  73105

Tim N. Cheek, Esq.
D. Todd Riddles, Esq.
Gregory D. Winningham, Esq.
Tyler J. Coble, Esq.
CHEEK LAW FIRM, PLLC
311 North Harvey Ave.
Oklahoma City, OK  73102

Keith P. Connell, Esq.
LAW OFFICES OF ANN FRIES
4500 S. Garnett Road, Suite 230
Tulsa, OK  74146

Dan S. Folluo, Esq.
Rachel M. Rogers, Esq.
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE, PLLC
P.O. Box 21100
Tulsa, OK  74121

L. Don Smitherman, Esq.
MORICOLI KELLOGG & GLEASON, PC
211 N. Robinson, Suite 1350
Oklahoma City, OK  73105

David T. Fletcher

2

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual and )
Personal Representative of the Estate of )
REUBEN BENJAMIN SHARP, Deceased, )
                                      )
            Plaintiff,                )
                                      )         Case No. CJ-2015-70
vs.                                   )
                                      )
68 TRANSPORT, LLC, a Foreign Limited  )
Liability Company; ISMAEL LUJAN, an   )
Individual; OVERLAND CORPORATION,     )         **F I L E D**
a Domestic Corporation; ACTION SAFETY )         MURRAY COUNTY, OKLAHOMA
SUPPLY CO., a Domestic Corporation;   )
J.H. ROSE LOGISTICS, LLC, a Foreign   )         JUL 2 2 2016
Limited Liability Company; LOGISTI-K USA, )
LLC, a Foreign Limited Liability Company; )     Christie Pittman, Court Clerk
BASI LOGISTICS GROUP, INC., a Foreign )         By_____Deputy
Corporation,                          )
                                      )
            Defendants.               )

ENTRY OF APPEARANCE

Andrew B. Morsman, of the firm Coffey, Senger & McDaniel, P.L.L.C., enters his

appearance as additional counsel on behalf of Defendant Logisti-K USA, LLC in the above-

captioned action.

Respectfully submitted,

Andrew B. Morsman, OBA #10911
Coffey, Senger & McDaniel, PLLC
4725 East 91st Street, Suite 100
Tulsa, OK 74137
918-292-8787
918-272-8788 - Fax
amorsman@csmlawgroup.com
*Attorney for Defendant Logisti-K USA, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of July, 2016, a true, correct and exact copy of the above and foregoing instrument was mailed *via U.S. First Class Mail* to:

James A. Belote, Esq.
Jack Stipe, Esq.
STIPE & BELOTE, LLP
525 Central Park Drive, Suite 101
Oklahoma City, OK  73105

Tim N. Cheek, Esq.
D. Todd Riddles, Esq.
Gregory D. Winningham, Esq.
Tyler J. Coble, Esq.
CHEEK LAW FIRM, PLLC
311 North Harvey Ave.
Oklahoma City, OK  73102

Keith P. Connell, Esq.
LAW OFFICES OF ANN FRIES
4500 S. Garnett Road, Suite 230
Tulsa, OK  74146

Dan S. Folluo, Esq.
Rachel M. Rogers, Esq.
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE, PLLC
P.O. Box 21100
Tulsa, OK  74121

L. Don Smitherman, Esq.
MORICOLI KELLOGG & GLEASON, PC
211 N. Robinson, Suite 1350
Oklahoma City, OK  73105

Andrew B. Morsman

2

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual and ) 
Personal Representative of the Estate of )
REUBEN BENJAMIN SHARP, Deceased, )
                                     )
                   **Plaintiff,**        )
                                       )       **Case No. CJ-2015-70**
**vs.**                                  )
                                       )
**68 TRANSPORT, LLC, a Foreign Limited** )
**Liability Company; ISMAEL LUJAN, an** )
**Individual; OVERLAND CORPORATION,** )
**a Domestic Corporation; ACTION SAFETY** )
**SUPPLY CO., a Domestic Corporation;** )
**J.H. ROSE LOGISTICS, LLC, a Foreign** )
**Limited Liability Company; LOGISTI-K USA,** )
**LLC, a Foreign Liability Company;** )
**BASI LOGISTICS GROUP, INC., a Foreign** )
**Corporation,** )
                                       )
               **Defendants.**   )

**FILED**
**MURRAY COUNTY, OKLAHOMA**

**JUL 22 2016**

Christie Pittman, Court Clerk
By_____ Deputy

### ENTRY OF APPEARANCE

    Robert P. Coffey, Jr., of the firm Coffey, Senger & McDaniel, P.L.L.C., enters his appearance as additional counsel on behalf of Defendant Logisti-K USA, LLC in the above-captioned action.

Respectfully submitted,

*[signature]*

Robert P. Coffey, Jr., OBA #14628
Coffey, Senger & McDaniel, PLLC
4725 East 91st Street, Suite 100
Tulsa, OK 74137
918-292-8787 and 918-272-8788 - Fax
robert@csmlawgroup.com
*Attorney for Defendant Logisti-K USA, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of July, 2016, a true, correct and exact copy of the above and foregoing instrument was mailed *via U.S. First Class Mail* to:

James A. Belote, Esq.
Jack Stipe, Esq.
STIPE & BELOTE, LLP
525 Central Park Drive, Suite 101
Oklahoma City, OK  73105

Tim N. Cheek, Esq.
D. Todd Riddles, Esq.
Gregory D. Winningham, Esq.
Tyler J. Coble, Esq.
CHEEK LAW FIRM, PLLC
311 North Harvey Ave.
Oklahoma City, OK  73102

Keith P. Connell, Esq.
LAW OFFICES OF ANN FRIES
4500 S. Garnett Road, Suite 230
Tulsa, OK  74146

Dan S. Folluo, Esq.
Rachel M. Rogers, Esq.
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE, PLLC
P.O. Box 21100
Tulsa, OK  74121

L. Don Smitherman, Esq.
MORICOLI KELLOGG & GLEASON, PC
211 N. Robinson, Suite 1350
Oklahoma City, OK  73105

_____
Robert P. Coffey, Jr.

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual and )
Personal Representative of the Estate of )
REUBEN BENJAMIN SHARP, Deceased, )
                                 )
             **Plaintiff,** )         Case No. CJ-2015-70
                                 )
**vs.** )
                                 )
68 TRANSPORT, LLC, a Foreign Limited )
Liability Company; ISMAEL LUJAN, an )
Individual; OVERLAND CORPORATION, )
a Domestic Corporation; ACTION SAFETY )
SUPPLY CO., a Domestic Corporation; )
J.H. ROSE LOGISTICS, LLC, a Foreign )
Limited Liability Company; LOGISTI-K USA, )
LLC, a Foreign Limited Liability Company; )
BASI LOGISTICS GROUP, INC., a Foreign )
Corporation, )
                                 )
            **Defendants.** )

**F I L E D**
MURRAY COUNTY, OKLAHOMA

JUL 22 2016

Christie Pittman, Court Clerk
By _____ Deputy

## ANSWER OF DEFENDANT LOGISTI-K USA, LLC,
## TO SECOND AMENDED PETITION

    **COMES NOW** Defendant, Logisti-K USA, LLC, by and through its undersigned counsel

of record, and for its Answer to the Second Amended Petition of Plaintiff alleges and states as

follows:

    1.     This Defendant denies both generally and specifically each and every material

allegation contained therein, and demands strict proof thereof by the greater weight of the

evidence, except as set forth otherwise hereinbelow.

    2.     This Defendant admits those allegations contained in Paragraphs 1, 8, and 11 of

Plaintiff's Second Amended Petition.

3.     This Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraphs 2, 3, 4, 5, 6, 7, 9, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25, 26, 28, 36, 45, 46, 47, and 54 of Plaintiff's Second Amended Petition, and therefore denies same, and demands strict proof thereof by the greater weight of the evidence.

4.     This Defendant specifically denies those allegations contained in Paragraphs 21, 22, 27, 29, 30, 31, 33, 37, 38, 39, 40, 41, 42, 43, 48, 49, 50, 51, 55, 56, 57, and 58 of Plaintiff's Second Amended Petition, and demands strict proof thereof by the greater weight of the evidence.

5.     This Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Second Amended Petition, to the extent that they allege this Defendant initially brokered the load to J.H. Rose Logistics, LLC. This Defendant specifically denies that it participated in any decision or action to place the load in the hands of any other person, company or entity, including but not limited to any other Defendant, and demands strict proof thereof by the greater weight of the evidence. Further, this Defendant is without knowledge or information sufficient to either admit or deny the balance of the allegations contained in said paragraph, and therefore, denies same.

6.     This Defendant specifically denies those allegations contained in Paragraphs 34 and 35 of Plaintiff's Second Amended Petition insofar as they relate to this Defendant, and demands strict proof thereof by the greater weight of the evidence. This Defendant is without knowledge or information sufficient to either admit or deny the balance of the allegations contained in said paragraphs, and therefore, denies same.

7.     No response is necessary to Paragraphs 10, 20, 32, 44, 52, 53, 59 and the "Wherefore" paragraphs of Plaintiff's Second Amended Petition as no allegations are contained therein. To the extent that a response is necessary, this Defendant specifically denies all allegations contained therein.

## AFFIRMATIVE DEFENSES

By way of affirmative defense, this Defendant alleges and states as follows:

1.      Plaintiff has failed to allege facts sufficient to state a cause of action against this Defendant. Consequently, this Defendant moves for a dismissal of the Second Amended Petition.

2.      This Defendant specifically denies that it was negligent in any action or failure to act relating to the facts alleged in Plaintiff's Second Amended Petition, and states in the alternative that if it is found to have been negligent in any such action or failure to act, that such negligence was not the proximate cause of the incident in question or any injuries, damages or losses sustained by either Plaintiff or Plaintiff's decedent.

3.      This Defendant specifically denies that any action or failure to act on its part proximately caused any injuries, damages or losses sustained by either Plaintiff or Plaintiff's decedent.

4.      This Defendant specifically denies that it breached any duty owed by it to either Plaintiff or Plaintiff's decedent and states in the alternative that if it is found to have breached any duty owed by it to either Plaintiff or Plaintiff's decedent, such breach was not the proximate cause of the incident in question or any injuries, damages or losses sustained by either Plaintiff or Plaintiff's decedent.

5.      Any injuries, damages or losses sustained by either Plaintiff or Plaintiff's decedent were solely and proximately caused by the actions and/or negligence of third persons who were not agents, employees or servants of this Defendant, over whom this Defendant exercised no degree of authority or control, and for whose actions this Defendant may not be held answerable in law or in equity.

3

6.      Any injuries, damages or losses sustained by either Plaintiff or Plaintiff's decedent were solely and proximately caused by the actions and/or negligence of an agent, employee or servant of the Plaintiff or of Plaintiff's decedent, over whom this Defendant exercised no degree of authority or control, and for whose actions this Defendant may not be held answerable in law or in equity.

7.      Plaintiff's cause of action is barred by the applicable statute of limitations.

8.      This Defendant specifically reserves the right to amend this Answer to include additional general or affirmative defenses upon the completion of discovery.

**WHEREFORE,** having fully answered the Second Amended Petition of the Plaintiff as filed herein, Defendant, Logisti-K USA, LLC, prays that Plaintiff's action be dismissed with prejudice, that Plaintiff take nothing by way of said Second Amended Petition, and that this Defendant be granted judgment in this action together with all costs, attorneys' fees and other such relief to which the Court deems it entitled in the premises.

Respectfully Submitted,

Robert P. Coffey, Jr., OBA #14628
Andrew B. Morsman, OBA #10911
David T. Fletcher, OBA #30781
**COFFEY, SENGER & McDANIEL, PLLC**
4725 East 91st Street, Suite 100
Tulsa, Oklahoma 74137
(918) 292-8787; (918) 272-8788 Facsimile
Robert@csmlawgroup.com
AMorsman@csmlawgroup.com
DFletcher@csmlawgroup.com
*Attorneys for Defendant, Logisti-K USA, LLC*

4

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of July, 2016, a true, correct and exact copy of the above and foregoing instrument was mailed *via U.S. First Class Mail* to:

James A. Belote, Esq.
Jack Stipe, Esq.
STIPE & BELOTE, LLP
525 Central Park Drive, Suite 101
Oklahoma City, OK  73105

Tim N. Cheek, Esq.
D. Todd Riddles, Esq.
Gregory D. Winningham, Esq.
Tyler J. Coble, Esq.
CHEEK LAW FIRM, PLLC
311 North Harvey Ave.
Oklahoma City, OK  73102

Keith P. Connell, Esq.
LAW OFFICES OF ANN FRIES
4500 S. Garnett Road, Suite 230
Tulsa, OK  74146

Dan S. Folluo, Esq.
Rachel M. Rogers, Esq.
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE, PLLC
P.O. Box 21100
Tulsa, OK  74121

L. Don Smitherman, Esq.
MORICOLI KELLOGG & GLEASON, PC
211 N. Robinson, Suite 1350
Oklahoma City, OK  73105


_____
Robert P. Coffey, Jr.

5

N THE DISTRICT COURT IN AND FOR MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual )
and Personal Representative of the )
Estate of REBEN BENJAMIN )
SHARP, Deceased. )
)
Plaintiffs, )
)
v. )
)
68 TRANSPORT, LLC, a Foreign )
Limited Liability Company; ISMAEL )
LUJAN, an Individual; OVERLAND )
CORPORATION, a Domestic )
Corporation; ACTION SAFETY )
SUPPLY CO., a Domestic Corporation; )
J.H. ROSE LOGISTICS, LLC, a )
Foreign Limited Liability Company; )
LOGISTI-K USA, LLC, a Foreign )
Limited Liability Company; BASI )
LOGISTICS GROUP, INC., a Foreign )
Corporation, )
)
Defendants. )

**F I L E D**
MURRAY COUNTY, OKLAHOMA

**AUG 0 2 2016**

CHRISTIE PITTMAN, Court Clerk
By ____ꞇꞇ_____Deputy

Case No. CJ-2015-00070
Judge Aaron Duck

## DEFENDANT JH ROSE LOGISTICS, LLC'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant J.H. Rose Logistics LLC ("Defendant" or "JH Rose") files this Memorandum

of Law in support of its Motion to Dismiss. For the reasons set forth below, JH Rose respectfully

requests that the Court grant the Motion to Dismiss and dismiss the Second Amended Petition

("Petition") filed against it.

## I.   FACTS AND PROCEDURAL HISTORY

This lawsuit arises out of a motor vehicle accident that occurred on July 30, 2015, on Interstate 35 in Murray County.[1] The accident occurred when a tractor-trailer being operated by Ismael Lujan ("Lujan") collided with a vehicle occupied by Plaintiff and Plaintiff's decedent. Plaintiff has alleged that Lujan was negligent in causing the accident and that, at the time of the accident, Lujan was operating in the course and scope of his employment as a driver for 68 Transport, LLC ("68 Transport"), an interstate motor carrier.

JH Rose is a federally licensed broker for interstate shipments of freight. As such, it assists shippers of goods with transport or delivery of those goods through their placement with an authorized motor carrier for shipment to the purchaser of goods. In this capacity, JH Rose acts as the "middle man" between the shipper who needs freight transported and the motor carrier who actually transports the freight. As a broker, JH Rose does not transport the freight but merely arranges for the transportation of freight by a motor carrier, such as 68 Transport.

To the extent Plaintiff is alleging that JH Rose acted as the broker in arranging for the transportation of freight by 68 Transport, this is consistent with JH Rose's business operations as a licensed broker.

Plaintiff alleges that JH Rose is liable for the accident based on several theories. The Second Amended Petition alleges the following as pertains to JH Rose:

Paragraph 14:  Defendant Lujan was the employee of JH Rose

Paragraph 15:  JH Rose is vicariously liable for the actions of Lujan.

Paragraph 16:  JH Rose was the statutory employer of Lujan

---

[1] Because this matter is before the Court on a Motion to Dismiss, the facts are stated here as alleged in Plaintiff's Petition. JH Rose does not concede these to be correct, but recognizes that the Court must accept them as true for purposes of this Motion to Dismiss.

Paragraph 19: JH Rose brokered the load in question.

Paragraph 27: JH Rose failed to properly "research, examine, and verify" whether Defendant 68 and Defendant Lujan were qualified.

Paragraph 34: JH Rose failed to comply with federal safety regulations

Paragraph 35: JH Rose failed to properly qualify driver Lujan.

Paragraph 47: JH Rose was negligent in the hiring, training, retention, and supervision of Defendant Lujan.

Paragraph 55: JH Rose negligently entrusted the load to Defendant 68 Transport.

JH Rose now moves to dismiss Plaintiff's Petition on the basis of both failure to state a claim and federal preemption.

## II.    STANDARD OF REVIEW

Pursuant to Oklahoma law, a motion to dismiss for failure to state a claim upon which relief may be granted is governed by 12 O.S. § 2012(B)(6). The court must take as true all of the allegations contained within the plaintiff's petition along with the reasonable inferences which can be drawn from them. *Wilson v. State ex rel. State Election Bd.*, 2012 OK 2, ¶ 4, 270 P.3d 155, 157 (citing *Darrow v. Integris Health, Inc.*, 2008 OK 1, ¶ 7, 176 P.3d 1204, 1208.) A motion to dismiss is granted when "the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle him to relief." *Frazier v. Bryan Mem. Hosp.*, 1989 OK 73, ¶ 13, 775 P.2d 281, 287. The movant has the burden to prove the legal insufficiency of the petition. *Fanning v. Brown*, 2004 OK 7, ¶ 4, 85 P.3d 841, 844

## III.    ARGUMENT

The issue before the Court is whether all state-law causes of action asserted in the Second Amended Petition against JH Rose should be dismissed because they are preempted by federal

3

law.  As set forth below and supported by legal authority, JH Rose contends the state-law causes

of action asserted by Plaintiff in her Petition should be dismissed for failure to state a claim.

**A.    PREEMPTION UNDER FEDERAL AVIATION ADMINISTRATION AUTHORIZATION ACT**

**1.    Governing Law**

In 1980, Congress deregulated interstate trucking so that the rates and services offered by

trucking companies and related entities would be set by the market rather than by government

regulation.  *See* Motor Carrier Act of 1980, 94 Stat. 793.  Later, in 1994, to bolster deregulation,

Congress included a provision within the Federal Aviation Administration Authorization Act

("FAAAA"), 108 Stat. 1605-06, which expressly provides that state regulation of the trucking

industry is preempted:

> a State, political subdivision of a State, or political authority of 2 or more States
> may not enact or enforce a law, regulation, or other provision having the force and
> effect of law related to a price, route, or service of any motor carrier (other than a
> carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any
> motor private carrier, <u>broker</u>, or freight forwarder with respect to the transportation
> of property.

49 U.S.C. § 14501(c)(1) (emphasis added).  In interpreting this provision, the Supreme Court has

determined:

> (1) that [s]tate enforcement actions having a connection with, or reference to
> carrier rates, routes, or services are preempted; (2) that such preemption may occur
> even if a state law's effect on rates, routes, or services is only indirect; (2) that, in
> respect to preemption, it makes no difference whether a state law is consistent or
> inconsistent with federal regulation; and (4) that preemption occurs at least where
> state laws have a significant impact related to Congress' deregulatory and
> preemption-related objectives.

*Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 370, 370-71 (2008) (citing *Morales v.*

*Trans World Airlines, Inc.*, 504 U.S. 374 (1992)) (internal citations and punctuation omitted).[2]

---

[2] In relying on its prior decision in *Morales*, the *Rowe* court noted that because the FAAAA's preemption provision is
identical to a separate preemption provision applicable to deregulated airlines, it is appropriate to look to decisions

4

Therefore, under *Rowe*, FAAAA preemption is broad in scope, and occurs even if the state law's effect on "rates, routes, or services is only indirect." *Id.* Although the outer limits of FAAAA preemption have not been articulated, the Court has recognized that some state laws, such as those that affect trucking in only a tenuous, remote, or peripheral manner, such as those forbidding gambling, are not preempted. *Id.* at 371. Importantly, the FAAAA preempts not only state statutes and administrative regulations governing the trucking industry but also state-law private causes of action which come within its terms. *See, e.g., Smith v. Comair, Inc.*, 134 F.3d 254 (4th Cir. 1998); *Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.*, 972 F. Supp. 665, 672 (N.D. Ga. 1997); *Ameriswiss Technology, LLC v. Midway Line of Illinois, Inc.*, 2012 U.S. Dist. Lexis 138880, 14 n.6 (D.N.H. Sept. 27, 2012) (noting "state common law counts as an 'other provision having the force and effect of law.'").

*Rowe* is the seminal case on FAAAA preemption in the trucking context. There, the Supreme Court examined a Maine statute which forbade licensed tobacco retailers to employ a delivery service unless that service followed particular delivery procedures designed to control the distribution of tobacco products in the interest of public health and safety. *Rowe*, 552 U.S. at 371. More specifically, the Maine statute required motor carriers to offer a system of services for the delivery of tobacco that verified the licensing of the retailer and provided for certain labeling on the shipments of tobacco. *Id.* at 368-69. The Court found that these requirements had a significant and adverse impact on Congress' goals in enacting the FAAAA preemption provision. This was so because the Maine statute required motor carriers to utilize certain procedures and to offer a system of services that they would prefer not to offer, and which, in a free and deregulated market, they would not offer. "The Maine law thereby produces the very effect that the federal law sought

---

interpreting the airline preemption provision for guidance. Accordingly, in this Memorandum, JH Rose cites case law on the airline preemption provision interchangeably with case law on the FAAAA preemption provision.

to avoid, namely, a State's direct substitution of its own governmental commands for competitive market forces in determining (to a significant degree) the services that motor carriers will provide." *Id.* at 372. In other words, "the effect of the regulation is that carriers will have to offer tobacco delivery services that differ significantly from those that, in the absence of the regulation, the market might dictate." *Id.* It thereby "regulates a significant aspect of the motor carrier's package pickup and delivery service." *Id.* at 373. Because, under the FAAAA, the states cannot re-regulate what Congress has chosen to de-regulate, the Court found the Maine statute to be preempted by the FAAAA.

Recognizing the Supreme Court's holding in *Rowe*, courts continue to apply FAAAA preemption broadly. In fact, courts around the country have held that the FAAAA preempts private causes of action against brokers and carriers for negligence, including personal injury cases, where the claims made in those actions have an effect on routes, rates, and services. For example, in *Rockwell v. United Parcel Service, Inc.*, 1999 WL 33100089 (D. Vt. July 7, 1999) (copy attached), the court found the plaintiff's personal injury case against UPS was preempted because the plaintiff claimed that the manner in which UPS handled and delivered packages caused his injuries. Similarly, in *Non Typical, Inc. v. Transglobal Logistics*, 2012 U.S. Dist. Lexis 73452 (E.D. Wis. 2012) (copy attached), *Huntington Operating Corp. v. Sybonney Express, Inc.*, 2010 WL 1930087 (S.D. Tex. May 11, 2010) (copy attached) and, *Chatelaine, Inc. v. Twin Modal, Inc.*, 2010 WL 3294242 (N.D. Tex. Aug. 20, 2010) (copy attached), the courts found negligence claims against a broker preempted. As the *Non Typical* court noted, "[w]hile Plaintiffs argue for a narrow reading of preemption in this field, particularly against brokers, courts in this Circuit have broadly interpreted preemption under the ADA and the FAAA." 2012 U.S. Dist. Lexis at 8 (citing *Williams v. Midwest Airlines, Inc.*, 321 F. Supp. 2d 993, 995—96 (E.D. Wis. 2004) (holding that a

passenger's tort claims arising out of an airline's refusal to board him were preempted)); *see also Travel All Over the World, Inc.*, 73 F.3d at 1432 n.8 (noting punitive damages are preempted because they represent "an enlargement or enhancement [of the bargain] based on state laws or policies external to the agreement" (citations omitted)). The court further noted, "[o]ther district courts outside this Circuit have responded similarly." *Id.* (citing *Yellow Transportation, Inc. v. DM Transportation Management Services*, No. Civ. A. 2:06-CV-1517-LDD, 2006 U.S. Dist. LEXIS 51231, 2006 WL 2871745 (E.D. Pa. July 14, 2006) (holding that claims of misrepresentation, unjust enrichment, quantum meruit, and fraud by an interstate motor carrier against a freight broker were preempted by 49 U.S.C. § 14501(c)(1)); *Kashala v. Mobility Servs. Int'l, LLC*, No. 07-CV-40107-TSH, 2009 U.S. Dist. LEXIS 64334, 2009 WL 2144289 (D. Mass. May 12, 2009) (dismissing a negligence claim against a transportation broker for loss and damages to personal property because the claims against the broker were preempted by the FAAA); *Huntington Operating Corp. v. Sybonney Express, Inc.*, No. H-08-781, 2010 U.S. Dist. LEXIS 55591, 2010 WL 1930087 (S.D. Tex. May 11, 2010) (holding that 49 U.S.C. § 14501 broadly preempted and thus dismissing negligence claims against the broker)). Finally, in *Ameriswiss*, the United States District Court for the District of New Hampshire recognized that negligence claims against a broker are preempted by the FAAAA. 2012 U.S. Dist. Lexis 138880 at 14.

In sum, FAAAA preemption is broad, and it preempts state law claims that affect a broker's routes, rates, and services. Importantly, as courts have held, the court must look not to the denomination of each cause of action but to the facts underlying the specific claim. *Smith v. Comair, Inc.*, 134 F.3d 254, 259 (4th Cir. 1998). Finally, as the *Non Typical* court held, "tort claims (such as negligence) can be preempted even though state tort law does not directly reference rates, routes, or services." 2012 U.S. Dist. Lexis at 9.

2.    **Analysis**

Applying these principles to the case at issue, it becomes clear that the causes of action alleged in Plaintiff's Petition seek to regulate JH Rose's activities as a broker by dictating – through the imposition of civil liability—the types of services it can offer and the manner in which those services can be provided. Plaintiff's Petition alleges the state-law cause of action which can be broken down into (1) vicarious liability arguments, (2) claims for negligent selection of a carrier, and (3) claims involving the negligent supervision, hiring, training, and retention of driver Lujan. (Petition ¶¶ 14-16, 19, 27 34-35, 47, 55).

When analyzing whether this claim is preempted as impacting, either directly or indirectly, JH Rose's routes, rates, or services, the court must look beyond the bare labeling of the causes of action alleged to "the facts underlying the specific claim." *Smith*, 134 F.3d at 259.

The Petition first alleges that JH Rose is vicariously liable for the acts of driver Lujan. (Petition ¶¶ 14-15).

Next, the Petition sets forth that JH Rose failed to properly "research, examine, and verify" the qualifications of 68 Transport before assigning the load. (Petition ¶¶ 27). More specifically, Plaintiff alleges that JH Rose was negligent in contracting, entrusting and selecting 68 Transport to carry this freight. (Petition. ¶¶ 27, 55).

Finally, Plaintiff seeks to apply motor carrier duties relating to compliance with federal regulations and driver hiring, retention, training and supervision to JH Rose, a freight broker. (Petition ¶¶ 34-35, 47).

These factual allegations, which constitute the basis on which Plaintiff seeks to impose liability under state law against JH Rose, strike at the heart of JH Rose's business structure, services, and operations. Plaintiff seeks to hold JH Rose liable because of the methods by which it

8

works with its contract carriers, the manner in which it assigns shipments, the manner in which it controls shipments, the requirements it imposes on motor carriers to which it assigns shipments, the efforts it takes to verify the safety of motor carriers, and other like activities. These are all "services" performed by JH Rose. Likewise, Plaintiff's contention that JH Rose should conduct detailed investigations of the motor carriers it hires and their employees seeks to force JH Rose to alter the manner in which it selects carriers by imposing a state-law requirement on JH Rose that is not found in federal law, thereby impacting its services. Here, if JH Rose contracted with 68 Transport, then it contracted with a motor carrier the Federal Motor Carrier Safety Administration ("FMCSA") found qualified and authorized to operate in interstate commerce. Plaintiff now seeks to require JH Rose to go beyond the FMCSA's authorization of 68 Transport and to examine 68 Transport's safety practices and even the qualifications of the employees hired by 68 Transport. Clearly, these allegations affect JH Rose's services.

JH Rose has structured its services in such a manner as to use the advantages of the deregulated interstate trucking and brokerage market for the benefit of itself, its customers, and the American consumer. As the Supreme Court has consistently noted, this was Congress' intent when deregulating the trucking industry. In *Rowe*, the Court held that state regulations—including non-economic regulations—which regulate a company's activities impermissibly substitute a "governmental command" for "competitive market forces in determining . . . the services that motor carriers will provide." 552 U.S. at 372. The causes of action asserted by Plaintiff will undoubtedly impose a similar restraint on JH Rose by forcing JH Rose to engage in a time consuming process of verifying the detailed safety and hiring practices of each motor carrier it contracts with instead of relying on the FMCSA's determination that a carrier is fit to operate. Were JH Rose to take these steps to avoid state regulation through the medium of tort liability,

9

numerous inefficiencies would result and *de facto* state regulation of interstate brokerage of goods would arise. As a result, the efficiencies—to be realized through market forces—which Congress sought to achieve would be hindered or blocked by state regulation. The Supreme Court has made clear that Congress foresaw this and enacted the FAAAA's preemption provisions to prevent it. *Rowe*, 552 U.S. at 368 (noting Congress enacted FAAAA to "ensure that the States would not undo federal deregulation with regulation of their own").

As noted above, the FAAAA expressly applies to brokers as well as motor carriers, meaning the reasoning of *Rowe* and related preemption case law applies equally to JH Rose as a broker in this case. In *Huntington Operating Corp. v. Sybonney Express, Inc.*, C.A. No. 4:08-cv-781, 2010 WL 1930087 (S.D. Tex. May 11, 2010), the United States District Court for the Southern District of Texas granted summary judgment in favor of a broker sued for negligent selection of a motor carrier it hired to transport a shipment of goods. There, the allegation was that the broker failed to ensure the motor carrier had adequate insurance coverage and failed to disclose information regarding the motor carrier's licensing history when hiring the motor carrier. Thus, as in the instant case, the allegation was that the broker had negligently selected an independent contractor. In granting summary judgment in favor of the broker on preemption grounds, the court noted that the FAAAA "broadly" preempts state law claims, including those for negligent selection of an independent contractor. The same reasoning applies here to bar Plaintiff's claim against JH Rose for the negligent selection of 68 Transport, which is the only cause of action asserted against JH Rose in the Petition.

In arguing for the application of preemption here, JH Rose is not asserting that all state-law negligence or personal injury claims against the trucking industry fall within FAAAA preemption. Instead, a court faced with a claim of FAAAA preemption must undertake an

examination of "the facts underlying the specific claim[s]" raised in each case. *Smith*, 134 F.3d at 259. Where that examination reveals that the facts on which a plaintiff seeks to impose liability do not relate to a "price, route, or service" of a motor carrier or broker—or relate only tangentially—no preemption will occur.

Here, an examination of the facts underlying Plaintiff's claims reveals that the causes of action in this case are based on the manner in which JH Rose structures its operations; the efficiencies it adopts to better service its customers; and the criteria it uses to select motor carriers to transport shipments. These claims are sharply distinct from ordinary negligence claims. For example, the claims which are typically asserted against a negligent driver and his employer are based on common acts of negligence of the driver, such as a driver who speeds, who fails to pay attention to traffic conditions, or who talks on a cell phone. An allegation of negligence based on these acts is less likely to impact the motor carrier's "price, route, or services." But, the allegations as pled by Plaintiff against JH Rose rest solely on the services it provides. Further, as in *Non Typical*, Plaintiff here seeks recovery of large compensatory and punitive damages from JH Rose. As the *Non Typical* court noted, the imposition of a large damage award against a broker would "plainly have an economic effect on the rates it charges and how it provides its transportation brokerage services." 2012 U.S. Dist. Lexis at 9. Accordingly, the court noted that "enforcement of plaintiff's [tort claims] would have a prescriptive effect, essentially regulating the practices of defendant carriers." *Id*. Here, the same result would occur. If Plaintiff is permitted to proceed on her causes of action, Plaintiff would be regulating JH Rose by forcing it to restructure its contracting practices, to increase the rates it charges and to change how it provides its transportation brokerage services. Accordingly, Plaintiff's claims against JH Rose for negligent selection must be dismissed as preempted by FAAAA.

11

B.   **FIELD PREEMPTION**

In addition to the preemptive effect of FAAAA, the claims of the Plaintiff are also preempted by the concept of field preemption.

1.   **Governing Law**

Absent a demonstration of contrary intent by Congress, state common law, including state tort law, may qualify as state law subject to preemption under the Supremacy Clause. *See, e.g. Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 521-24 (1992). Where Congress has not expressly provided for preemption of state law, this preemption may be implied in certain circumstances. *See Gade v. Nat'l Solid Waste Mgmt.*, 505 U.S. 88, 98 (1992). Consequently, field preemption occurs when "the scheme of federal regulation is 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.'" *Id.* (internal citations omitted).

Since 1887, with the passage of the Interstate Commerce Act, interstate transportation has been heavily regulated. *See* Interstate Commerce Act, ch. 104, 24 Stat. 379 (1887).  Over the years, this regulation has extended to motor carriers as Congress sought

> to regulate transportation by motor carriers in such a manner as to recognize and preserve the inherent advantages of, and foster the sound economic conditions in, such transportation and among such carriers in the public interest.

Motor Carrier Act of 1935, 49 Stat. 543.

Additionally, in 1980, the Motor Carrier Act sought to deregulate the trucking industry by abolishing rate, route, and pricing regulations governing interstate companies while preserving the authority of the Secretary of Transportation to regulate safety regarding shipments using motor carriers. *See* Motor Carrier Act of 1980, Pub. L. No. 96-296, 94 Stat. 793 (codified as amendments to subtitle IV of 49 U.S.C.). Under this Act, the Secretary "prescribe[s] minimum safety standards for commercial motor vehicles" using the National Transportation Policy. 49 U.S.C. § 31136. To

12

ensure this National Transportation Policy was not overridden by state regulation, Congress passed the FAAAA (discussed above) to show its continued desire for economic deregulation while preserving federal safety regulation. *See* Federal Aviation Administration Authorization Act of 1994, Pub. L. No. 103-305, 108 Stat. 1569 (codified as amended in scattered sections of 49 U.S.C.).

Compliance with the safety methods prescribed by the Secretary of Transportation is the sole way to obtain licensure as an interstate motor carrier. 49 U.S.C. §§ 13901-13902. Using these methods, a motor carrier is assigned a safety rating, which is used to determine whether a carrier is qualified to provide interstate transportation.

2.   **Analysis**

Based on the prevalence of federal law, it is reasonable to believe that Congress intended for the states not to supplement the law on regulation of the safety of motor carriers. Congress has so completely enumerated the rights and limitations of motor carriers in terms of safety that it is both unnecessary and improper to allow for states to implement their own rights and limitations as well.

By placing the Secretary of Transportation in charge of prescribing the safety methods for motor carriers, and by enacting a way for carriers to obtain a uniform, federal safety rating, Congress has demonstrated its intent to have the federal government regulate safety of motor carriers at the exclusion of regulation by states. *See* 49 U.S.C. §§ 13901-13902. When the federal government, through the Secretary of Transportation or the Federal Motor Carrier Safety Administration, has assessed a motor carrier's safety compliance and has stated that the carrier is fit and authorized to work, it would be against the intent of the federal law and of Congress to allow a state to punish a broker that relies on this representation in hiring a carrier. *See id.*

13

In this case, 68 Transport had to maintain compliance with economic and safety regulations in order to continue to be licensed as an interstate motor carrier. 68 Transport was an authorized motor carrier at the time of the signing of the contract, the assignment of the load and the date of the accident. Requiring a broker to investigate the safety history of a motor carrier requires the broker to second guess the federal government's judgment, the Secretary of Transportation's judgment, and the Federal Motor Carrier Safety Administration's judgment. To do so would be improper and against the intent of Congress.

Because federal law has so completely regulated the safety of motor carriers, it is reasonable to infer that Congress has "left no room for the States to supplement it." *See Gade*, 505 U.S. at 98. Therefore, all of Plaintiff's state law claims against JH Rose for negligent selection are impliedly preempted through field preemption.

## IV.   CONCLUSION

For these reasons, JH Rose respectfully moves this Honorable Court to find that Plaintiff's Petition fails to state a claim upon which relief can be granted and order that such Petition be dismissed with prejudice.

Respectfully submitted,

Phil R. Richards, OBA #10457
Joy Tate, OBA #31727
RICHARDS & CONNOR
12th Floor, ParkCentre Building
525 South Main Street
Tulsa, Oklahoma 74103-4509
Telephone: (918) 585-2394
Facsimile: (918) 585-1449

- and -

14

Robert D. Moseley, Jr. (Pro Hac Forthcoming)
SMITH MOORE LEATHERWOOD, LLP
2 W. Washington Street, Suite 1100
Greenville, South Carolina 29601
Telephone: (864) 751-7600
Facsimile: (864) 751-7800
rob.moseley@smithmoorelaw.com
**ATTORNEYS FOR DEFENDANT**
**J.H. ROSE LOGISTICS, LLC**

## CERTIFICATE OF MAILING

I hereby certify that on the 1st day of August, 2016, a true and correct copy of the above and foregoing document was mailed first class, U.S. Mail, proper postage prepaid thereon to the following:

James A. Belote, Esq.
Jack Stipe, Esq.
STIPE & BELOTE, LLP
525 Central Park Drive, Ste. 101
Oklahoma City, Oklahoma 73105

**ATTORNEYS FOR PLAINTIFF**
**DEBORAH N. SHARP**

Tim N. Cheek, Esq.
D. Todd Riddles, Esq.
Gregory D. Winningham, Esq.
Tyler J. Coble, Esq.
CHEEK LAW FIRM, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, Oklahoma 73102

**ATTORNEYS FOR DEFENDANT**
**68 TRANSPORT**

L. Don Smitherman, Esq.
MORICOLI KELLOGG & GLEASON PC
211 N. Robinson, Suite 1350
Oklahoma City, Oklahoma 73105

**ATTORNEY FOR DEFENDANT**
**ISMAEL LUJAN**

Robert P. Coffey, Jr., Esq.
Andrew B. Morsman, Esq.
David T. Fletcher, Esq.
COFFEY, SENGER & MCDANIEL, PLLC
4725 E. 91st Street, Suite 100
Tulsa, Oklahoma 74137

**ATTORNEYS FOR DEFENDANT**
**LOGISTI-K USA, LLC**

Keith P. Connell, Esq.
LAW OFFICES OF ANN FRIES
4500 South Garnett Road, Suite 230
Tulsa, Oklahoma 74146

**ATTORNEY FOR DEFENDANT**
**OVERLAND CORPORATION**

Dan S. Folluo, Esq.
Rachel M. Rogers, Esq.
RHODES, HIERONYMUS, JONES, TUCKER & GABLE, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121

**ATTORNEYS FOR DEFENDANT**
**ACTION SAFETY SUPPLY CO.**

Joy Tate

15

RECEIVED

AUG 1 5 2016

RICHARDS & CONNOR

### IN THE DISTRICT COURT IN AND FOR MURRAY COUNTY
### STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual
and Personal Representative of the
Estate of REUBEN BENJAMIN
SHARP, Deceased.

        PLAINTIFF,

v.

68 TRANSPORT, LLC, a Foreign
Limited Liability Company; ISMAEL
LUJAN, an Individual; OVERLAND
CORPORATION, a Domestic
Corporation; ACTION SAFETY
SUPPLY CO., a Domestic Corporation;
J.H. ROSE LOGISTICS, LLC, a
Foreign Limited Liability Company;
LOGISTI-K USA, LLC, a Foreign
Limited Liability Company; BASI
LOGISTICS GROUP, INC., a Foreign
Corporation,

        DEFENDANTS.

**F I L E D**
MURRAY COUNTY, OKLAHOMA

**AUG 0 9 2016**

CHRISTIE PITTMAN, Court Clerk
By _____Deputy

Case No. CJ-2015-00070

### AGREED ORDER TO RESET SCHEDULING CONFERENCE

It is hereby Ordered that the Scheduling Conference set for August 9, 2016 is stricken by agreement of the Parties. Defendant BASI Logistics has not yet been served with the Petition and Summons.

**The Scheduling Conference is reset for September 13, 2016 - 10:30 am. At that time, the Court will also hear Defendant J.H. Rose Logistics' Motion to Dismiss.**

ORIGINAL SIGNED BY
AARON DUCK

_____
DISTRICT COURT JUDGE AARON DUCK

APPROVED BY:

_____

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
Stipe & Belote, LLP
525 Central Park Drive, Ste. 101
Oklahoma City, OK 73105
PH: (405) 524-2268
FAX: (405) 525-3231
*Attorneys for Plaintiff*

_____

Tim N. Cheek
D. Todd Riddles
Gregory D. Winningham
Tyler J. Coble
Cheek Law Firm, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, OK 73102
*Attorneys for Defendant 68 Transport, LLC*

_____

Keith P. Connell
Law Offices of Ann Fries
4500 South Garnett Road, Suite 230
Tulsa, OK 74146
*Attorney for Defendant Overland Corporation*

_____

Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
Tucker & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, OK 74121

2

APPROVED BY:


_____
James A. Belote, OBA #12558
Jack Stipe, OBA #17965
Stipe & Belote, LLP
525 Central Park Drive, Ste. 101
Oklahoma City, OK 73105
PH: (405) 524-2268
FAX: (405) 525-3231
*Attorneys for Plaintiff*


_____
Tim N. Cheek
D. Todd Riddles
Gregory D. Winningham
Tyler J. Coble
Cheek Law Firm, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, OK 73102
*Attorneys for Defendant 68 Transport, LLC*


_____
Keith P. Connell
Law Offices of Ann Fries
4500 South Garnett Road, Suite 230
Tulsa, OK 74146
*Attorney for Defendant Overland Corporation*


_____
Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
Tucker & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, OK 74121

2

APPROVED BY:

_____

James A. Belote, OBA #12558
Jack Stipe, OBA #17965
Stipe & Belote, LLP
525 Central Park Drive, Ste. 101
Oklahoma City, OK 73105
PH: (405) 524-2268
FAX: (405) 525-3231
*Attorneys for Plaintiff*

_____

Tim N. Cheek
D. Todd Riddles
Gregory D. Winningham
Tyler J. Coble
Cheek Law Firm, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, OK 73102
*Attorneys for Defendant 68 Transport, LLC*

_____

Keith P. Connell
Law Offices of Ann Fries
4500 South Garnett Road, Suite 230
Tulsa, OK 74146
*Attorney for Defendant Overland Corporation*

_____

Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
Tucker & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, OK 74121

2

APPROVED BY:

_____
James A. Belote, OBA #12558
Jack Stipe, OBA #17965
Stipe & Belote, LLP
525 Central Park Drive, Ste. 101
Oklahoma City, OK 73105
PH: (405) 524-2268
FAX: (405) 525-3231
*Attorneys for Plaintiff*

_____
Tim N. Cheek
D. Todd Riddles
Gregory D. Winningham
Tyler J. Coble
Cheek Law Firm, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, OK 73102
*Attorneys for Defendant 68 Transport, LLC*

_____
Keith P. Connell
Law Offices of Ann Fries
4500 South Garnett Road, Suite 230
Tulsa, OK 74146
*Attorney for Defendant Overland Corporation*

_____
Dan S. Folluo
Rachel M. Rogers
Rhodes, Hieronymus, Jones,
Tucker & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, OK 74121

2

*Attorneys for Defendant Action Safety Supply*
APPROVED BY:

L. Don Smitherman
Moricoli, Kellogg & Gleason
One Leadership Square
211 N. Robinson, Suite 1350
Oklahoma City, OK 73102
*Attorney for Defendant Ismael Lujan*


Phil R. Richards
Joy Tate
Richard & Conner
12th Floor, Park Centre Building
525 South Main Street
Tulsa, OK 74103
*Attorneys for Defendant*
*J.H. Rose Logistics, LLC*


Andrew B. Morsman
Robert Coffey
Attorney at Law
Coffey, Senger & McDaniel, PLLC
4725 E. 91st St., Suite 100
Tulsa, OK  74137
*Attorneys for Defendant*
*Logisti-K USA, LLC*

3

*Attorneys for Defendant Action Safety Supply*
APPROVED BY:

_____

L. Don Smitherman
Moricoli, Kellogg & Gleason
One Leadership Square
211 N. Robinson, Suite 1350
Oklahoma City, OK 73102
*Attorney for Defendant Ismael Lujan*

_____

Phil R. Richards
Joy Tate
Richard & Conner
12th Floor, Park Centre Building
525 South Main Street
Tulsa, OK 74103
*Attorneys for Defendant*
*J.H. Rose Logistics, LLC*

_____

Andrew B. Morsman
Robert Coffey
Attorney at Law
Coffey, Senger & McDaniel, PLLC
4725 E. 91st St., Suite 100
Tulsa, OK  74137
*Attorneys for Defendant*
*Logisti-K USA, LLC*

3

*Attorneys for Defendant Action Safety Supply*
APPROVED BY:

_____

L. Don Smitherman
Moricoli, Kellogg & Gleason
One Leadership Square
211 N. Robinson, Suite 1350
Oklahoma City, OK 73102
*Attorney for Defendant Ismael Lujan*

_____

Phil R. Richards
Joy Tate
Richard & Conner
12th Floor, Park Centre Building
525 South Main Street
Tulsa, OK 74103
*Attorneys for Defendant*
*J.H. Rose Logistics, LLC*

_____

Andrew B. Morsman
Robert Coffey
Attorney at Law
Coffey, Senger & McDaniel, PLLC
4725 E. 91st St., Suite 100
Tulsa, OK 74137
*Attorneys for Defendant*
*Logisti-K USA, LLC*

3

AUG 2 9 2016

RICHARDS & CONNOR

IN THE DISTRICT COURT IN AND FOR MURRAY COUNTY
STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual )
and Personal Representative of the )
Estate of REBEN BENJAMIN )
SHARP, Deceased. )
                     )
        Plaintiff, )
                     )
v. )     Case No. CJ-2015-00070
                     )     Judge Aaron Duck
68 TRANSPORT, LLC, a Foreign )
Limited Liability Company; ISMAEL )
LUJAN, an Individual; OVERLAND )
CORPORATION, a Domestic )
Corporation; ACTION SAFETY )
SUPPLY CO., a Domestic Corporation; )
J.H. ROSE LOGISTICS, LLC, a )
Foreign Limited Liability Company; )
LOGISTI-K USA, LLC, a Foreign )
Limited Liability Company; BASI )
LOGISTICS GROUP, INC., a Foreign )
Corporation, )
                     )
        Defendants. )

**F I L E D**
MURRAY COUNTY, OKLAHOMA

AUG 24 2016

Christie Pittman, Court Clerk
By _____ _____ Deputy

## MOTION TO ASSOCIATE COUNSEL

Defendant J.H. Rose Logistics, LLC hereby moves the Court for an Order permitting Robert D. Moseley, Jr. to practice in the above-styled and numbered cause pursuant to the Rules Creating and Controlling the Oklahoma Bar Association, 5. O.S. Ch.1, App.1, Art. II. This motion is supported by the attached "Signed Application" (Exhibit A), "Certificate(s) of Good Standing (Exhibit B), and the "Certificate of Compliance" from the Oklahoma Bar Association (Exhibit C).

Respectfully submitted,

Phil R. Richards, OBA #10457
Joy Tate, OBA #31727
RICHARDS & CONNOR
12th Floor, ParkCentre Building
525 South Main Street
Tulsa, Oklahoma 74103-4509
Telephone: (918) 585-2394
Facsimile: (918) 585-1449

**ATTORNEYS FOR DEFENDANT
J.H. ROSE LOGISTICS, LLC**

## CERTIFICATE OF MAILING

I hereby certify that on the 19th day of August, 2016, a true and correct copy of the above and foregoing document was mailed first class, U.S. Mail, proper postage prepaid thereon to the following:

James A. Belote, Esq.
Jack Stipe, Esq.
STIPE & BELOTE, LLP
525 Central Park Drive, Ste. 101
Oklahoma City, Oklahoma  73105

**ATTORNEYS FOR PLAINTIFF**
**DEBORAH N. SHARP**

Tim N. Cheek, Esq.
D. Todd Riddles, Esq.
Gregory D. Winningham, Esq.
Tyler J. Coble, Esq.
CHEEK LAW FIRM, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, Oklahoma  73102

L. Don Smitherman, Esq.
MORICOLI KELLOGG & GLEASON PC
211 N. Robinson, Suite 1350
Oklahoma City, Oklahoma  73105

**ATTORNEY FOR DEFENDANT**
**ISMAEL LUJAN**

Robert P. Coffey, Jr., Esq.
Andrew B. Morsman, Esq.
David T. Fletcher, Esq.
COFFEY, SENGER & McDANIEL, PLLC
4725 E. 91st Street, Suite 100
Tulsa, Oklahoma  74137

**ATTORNEYS FOR DEFENDANT**
**LOGISTI-K USA, LLC**

Keith P. Connell, Esq.
LAW OFFICES OF ANN FRIES
4500 South Garnett Road, Suite 230
Tulsa, Oklahoma  74146

**ATTORNEY FOR DEFENDANT**
**OVERLAND CORPORATION**

Dan S. Folluo, Esq.
Rachel M. Rogers, Esq.
RHODES, HIERONYMUS, JONES, TUCKER &
    GABLE, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121

**ATTORNEYS FOR DEFENDANT**
**ACTION SAFETY SUPPLY CO.**

Phil R. Richards

# APPLICATION APPROVED

OUT OF STATE ATTORNEY REGISTRATION

_Robert_      _D_      _Moseley_      , Applicant, respectfully represents:
First Name    Middle Name    Last Name

1. Applicant is an attorney at law and a member of the law firm of __Smith Moore__

__Leatherwood LLP__

with its principal offices located at ____PO Box 87____
                                                    Mailing Address

__Greenville__         , __Greenville__ , __SC__ , __29602__       ,
      City                      County    State      Zip Code

( __ )                 , ( __ )                  , ( __ )                 ,
    Telephone  (Firm)        Telephone (Applicant's Direct Dial)      Fax (Applicant)

_____     If Applicant's office address is different from above,
E-mail Address (Applicant)

please provide the following: _____
                                              Mailing Address

_____ , _____ , _____ , _____ ,
      City                County              State       Zip Code

2.    Applicant is admitted to practice and is a member in good standing

(certificates of good standing attached) of the bar(s) of the highest state court(s)

of the following state(s):

| State | Date of Admission |
|-------|-------------------|
| South Carolina | 11/12/91 |

3.  Applicant is admitted to practice before the following United States District
Courts, United States Circuit Courts of Appeal, the Supreme Court of the United
States, and/or other tribunals on the dates indicated for each, and is presently a
member in good standing of the bars of said courts:

| Tribunal | Date of Admission |
|----------|-------------------|
| US District Court, South Carolina | February 3, 1992 |
| US Court of Federal Claims | May 2, 2012 |
| Tenth Circuit Court of Appeals | September 18, 2008 |



EXHIBIT

"A"

Eleventh Circuit Court of Appeals _____ December 1, 2008 _____

Fourth Circuit Court of Appeals _____ September 8, 1992 _____

4.  Have you ever been suspended or disbarred in any court except as hereinafter provided (Give particulars; e.g. court, jurisdiction, date): _____

_____ No _____

5.  Are you currently subject to any pending disciplinary proceedings by any organization with authority to discipline attorneys at law except as hereinafter provided (Give particulars; e.g. court, discipline authority, date, status): _____

_____ No _____

6.  Have you ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law except as hereinafter provided (Give particulars; e.g. court, discipline authority, type of discipline, date, status): _____ No _____

_____

_____

7.  Have you ever had any certificate or privilege to appear and practice before any regulatory or administrative body suspended or revoked except as hereinafter provided (Give particulars; e.g. administrative body, date, status of suspension or reinstatement): _____ No _____

_____

8.    Applicant seeks admission to practice in the State of Oklahoma in the following matter (give particulars; e.g. caption of case, court or agency, type of matter, party to be represented): **Note - A separate application is to be submitted for each matter in which the applicant seeks admission!** Deborah N. Sharp, et al. vs. 68 Transport, LLC, Case Number CJ-2015-00070, District Court in and for Murray County, State of Oklahoma, Tort case, Party to be represented: Defendant J.H. Rose Logistics, LLC

9.   The Oklahoma Bar Association member who is counsel of record for Applicant in this matter is:

| Phil | R | . | Richards | 10457 |
| First Name | Middle Name | | Last Name | O.B.A. Number |

| 525 S Main St | , | Tucker | , | OK | , | 74103 | , |
| Mailing Address | | City | | State | | Zip Code | |

( 918 ) 585-2394 , ( 918) 585-1449 , prichards@richardsconnor.com
Telephone Number      Fax Number      E-mail Address

10.   The following accurately represents the names of each party in this matter and the names and addresses of each counsel of record who appear for that party:

Party Name          Counsel Name          Address of Counsel

Plaintiff Sharp, Attys James S. Belote & Jack Stipe, 525 Central Park Dr, Ste 101, Oklahoma City, OK 73105

Defendant Ismael LuJan,     Attys Tim N. Cheek, Todd Riddles, Gregory Winningham and Tyler Coble, Cheek Law Firm, 311 North Havey Ave, Okalhoma City, OK 73102 & L. Don Smitherman, Moricoli Kellog & Gleason, 211 N. Robinson, Ste 1350, Oklahoma City, OK 73105

Defendant Logisti-K USA, LLC,   Attys Robert B. Coffey, Jr., Andrew B. Morsman and David T. Fletcher of Coffey Senger & McDaniel, 4725 E. 91st St, Ste 100, Tulsa, OK 74137

Defendant Overland Corp.,  Atty Keith P. Connell, 4500 South Garnett Rd, Suite 230, Tulsa, OK 74146

Defendant Action Safety Supply Co.,   Attys Dan S. Folluo and Rachel M. Rogers, Rhodes Firm, PO Box 21100, Tulsa, OK 74121

11.   Applicant certifies that he/she shall be subject to the jurisdiction of the courts and disciplinary boards of this state with respect to the laws of this state governing the conduct of attorneys to the same extent as a member of the Oklahoma Bar Association.

12.   Applicant understands and shall comply with the standards of professional conduct required of members of the Oklahoma Bar Association.

13.   Applicant has disclosed in writing to the client that the Applicant is not admitted to practice in this jurisdiction and the client has consented to such representation.

I, _____Robert D. Moseley, Jr._____, do hereby swear/affirm under penalty of perjury that the assertions of this application are true:

.I am the Applicant in the above referenced matter; I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to those matters I believe them to be true.

I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the Oklahoma Bar Association; I understand and shall comply with the standards of professional conduct required by members of the Oklahoma Bar Association; and that I am subject to the disciplinary jurisdiction of the Oklahoma Bar Association with respect to any of my actions occurring in the course of such appearance.

DATED this __24__ day of __August__ , 2016.

_____
Applicant

Mail with check or money order (payable to the OBA) to:

Out-of-State Attorney Registration
Oklahoma Bar Association
P.O. Box 53036
Oklahoma City, OK  73152-3036

Form 200B

# The Supreme Court of South Carolina

## Certificate of Good Standing

I, Daniel E. Shearouse, Clerk of the Supreme Court of South Carolina, do hereby certify that Robert D. Moseley Jr. was duly sworn and admitted as an attorney in this state on November 12, 1991, and is currently a regular member of the South Carolina Bar in good standing.

DANIEL E. SHEAROUSE, CLERK

BY _Gayle B. Watts_

DEPUTY CLERK FOR BAR ADMISSIONS

Columbia, South Carolina

July 29, 2016



EXHIBIT

"B"



### Certificate of Compliance

Oklahoma Bar Association
1901 North Lincoln Boulevard
Post Office Box 53036
Oklahoma City, Oklahoma  73152-3036

The Oklahoma Bar Association, in response to the application of out-of-state attorney, submits the following certificate pursuant to 5 O.S. Ch.1 App.1, Art. II

1.  Applicant has submitted a signed application of out-of-state attorneys, certificate(s) of good standing, and the non-refundable application fee pursuant to the Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S. Ch. 1, App. 1, Art. II.

2.  Date of Application: **August 12, 2016**

3.  Application Number: **2016-358**

4.  Applying Attorney:  **Robert D. Mosely**
    **Smith Moore Leatherwood LLP**
    **PO Box 87**
    **Greenville, SC 29602**

5.  The Application was: **GRANTED**

Dated this __12th__ day of __August__, 20__16__.



Gina L. Hendryx, General Counsel
Oklahoma Bar Association



Form 400C

RECEIVED

AUG 29 2016

RICHARDS & CONNO...

## IN THE DISTRICT COURT IN AND FOR MURRAY COUNTY
## STATE OF OKLAHOMA

DEBORAH N. SHARP, an Individual )
and Personal Representative of the )
Estate of REBEN BENJAMIN )
SHARP, Deceased. )
                              )
         Plaintiff, )
                              )
v. )        Case No. CJ-2015-00070
                              )        Judge Aaron Duck
68 TRANSPORT, LLC, a Foreign )
Limited Liability Company; ISMAEL )
LUJAN, an Individual; OVERLAND )
CORPORATION, a Domestic )
Corporation; ACTION SAFETY )
SUPPLY CO., a Domestic Corporation; )
J.H. ROSE LOGISTICS, LLC, a )
Foreign Limited Liability Company; )
LOGISTI-K USA, LLC, a Foreign )
Limited Liability Company; BASI )
LOGISTICS GROUP, INC., a Foreign )
Corporation, )
                              )
         Defendants. )

F I L E D
MURRAY COUNTY, OKLAHO...

AUG 2 5 2016

CHRISTIE PITTMAN, Court Clerk
By _____ Deputy.

### ORDER ADMITTING TO PRACTICE

Phil R. Richards having filed his Motion to Associate Counsel pursuant to the Rules Creating

and Controlling the Oklahoma Bar Association, 5 O.S. Ch. 1. App. 1, Art. II, together with a signed

Application, Certificate(s) of Good Standing, and the Oklahoma Bar Association Certificate of

Compliance; and said Motion having been noticed, no objections having been made, and the Court

being fully apprised in the premises, and good cause appearing, it is hereby;

     **ORDERED**, that said motion is hereby granted, and Robert D. Moseley, Jr., is hereby

admitted to practice in the above-styled and numbered cause of action for the purposes of the above

entitled matter only.

Dated this 25 day of August , 2016.

ORIGINAL SIGNED BY
AARON DUCK

Judge of the District Court

Prepared by:

Phil R. Richards, OBA #10457
Joy Tate, OBA #31727
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg
525 S. Main Street
Tulsa, Oklahoma 74103
Telephone: 918/585.2394
Facsimile: 918/585.1449

ATTORNEYS FOR DEFENDANT
J.H. ROSE LOGISTICS, LLC

2