# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH N. SHARP, an individual and personal representative of the Estate of Reuben Benjamin Sharp, deceased,<br><br>   Plaintiff,<br><br>v.<br><br>(1) 68 TRANSPORT, LLC, a foreign limited liability company;<br>(2) ISMAEL LUJAN, an individual;<br>(3) J.H. ROSE LOGISTICS, LLC. A foreign limited liability company, and<br>(4) ACTION SAFETY SUPPLY CO., a domestic corporation,<br><br>   Defendants. | Case No. CIV-17-078-RAW |

## **ORDER**[1]

Plaintiff filed this action in the District Court of Murray County, Oklahoma. Defendant J.H. Rose Logistics, LLC (hereinafter "JH Rose") removed the action to this court, arguing that Plaintiff fraudulently joined Action Safety Supply Co. (hereinafter "Action Safety") in her Third Amended Petition.[2] Action Safety was named in the original Petition filed on December 4, 2015. Defendant argues that prior to Plaintiff's filing of the Third Amended Petition, however, removal was not possible because Plaintiff had sued an additional non-diverse defendant, Overland Corporation. JH Rose states that although Overland Corporation was dismissed on December

---

[1] For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

[2] JH Rose attached to its Notice of Removal consent by 68 Transport, LLC and Ismael Lujan. Docket Nos. 2-7 and 2-8. JH Rose states that it is not required to obtain consent from Action Safety, as it was improperly or fraudulently joined.

27, 2016, it received no notice thereof and was not aware of the dismissal until it received the Third Amended Petition.

In her Third Amended Complaint, Plaintiff alleges that Action Safety "failed to properly plan, set up, operate and maintain the construction project, signage and construction zone at issue which contributed to the collision." Docket No. 2-1, p. 4. Plaintiff further states that she "has reason to believe other Defendants will claim reasonable care was not used by Defendant Action Safety, who is therefore joined pursuant to Oklahoma Statute Title 12, Section 2020." Id. Plaintiff alleges that she suffered damages as a direct result of the negligence, gross negligence and reckless disregard of *each of the Defendants*. Id. at 4-5. Now before the court is Plaintiff's motion to remand [Docket No. 20]. Plaintiff argues that Action Safety was not fraudulently joined and that JH Rose removed this action out of time.

### *Removal and Fraudulent Joinder*

When a civil action is brought in a state court "of which the district courts of the United States have original jurisdiction," the defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Removing defendants bear the burden of establishing jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

JH Rose removed this action based on diversity jurisdiction, 28 U.S.C. § 1332(a), arguing that although Action Safety is not diverse, it was fraudulently joined to defeat diversity jurisdiction. "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a

cause of action against the non-diverse party in state court." Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted).

A defendant asserting fraudulent joinder carries a heavy burden of proof. Montano v. Allstate Indem., 211 F.3d 1278 (10th Cir. 2000)(unpublished). District courts are to resolve disputed questions of fact and ambiguities in the controlling law in the plaintiff's favor and then determine whether the plaintiff "has any possibility of recovery against the party whose joinder is questioned." Id. "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." Id.

In cases where a defendant alleges fraudulent joinder, the Tenth Circuit has directed district courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Nerad v. AstraZeneca Pharmaceuticals, Inc., 203 Fed.Appx. 911, 913 (10th Cir. 2006) (citing Dodd v. Fawcett Publ'ns, Inc. 329 F.2d 82, 85 (10th Cir. 1964)). "In doing so, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Id. "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id.

While the court is to pierce the pleadings, the court is not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967); Dodd, 329 F.2d at 85. Furthermore, the Tenth Circuit is in agreement with the Third Circuit that "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be

3

disregarded for purposes of diversity jurisdiction." Brazell v. Waite, No. 12-4047, 2013 WL 2398893, at *3 (10th Cir. June 4, 2013) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 853 (3d Cir. 1992)).

Focusing on Plaintiff's statement that she has reason to believe other Defendants will claim reasonable care was not used by Action Safety, JH Rose argues that Plaintiff has not alleged a cognizable cause of action against Action Safety. Plaintiff alleged, however, that Action Safety "failed to properly plan, set up, operate and maintain the construction project, signage and construction zone at issue which contributed to the collision." Plaintiff included Action Safety in her first cause of action for negligence. JH Rose has not demonstrated any actual fraud in the pleading of jurisdictional facts or the inability of Plaintiff to establish her cause of action for negligence against Action Safety in state court.[3] Plaintiff's motion to remand, therefore, is hereby granted.

*Timeliness*

JH Rose's Notice of Removal was also untimely. If a case is not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). A case may not be removed under section 1446(b)(3) more than one year after commencement of the action "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

JH Rose argues it ascertained the case was removable upon the filing of the Third Amended Petition, which eliminated Overland Corporation as a defendant. As Plaintiff argues,

---

[3] JH Rose's argument regarding Plaintiff's deposition testimony is not convincing. Plaintiff is not qualified to testify about what Action Safety did to cause the accident.

however, she included in her application requesting leave to amend, filed on January 5, 2017, the fact that she dismissed Overland Corporation.  Accordingly, JH Rose's Notice of Removal, filed on March 2, 2017, was out of time under § 1446(b)(3).  The court need not reach § 1446(c), but notes that Plaintiff did not act in bad faith to prevent a defendant from removing the action.

*Attorney Fees*

Plaintiff requests just costs and actual expenses, including attorney fees, incurred as a result of JH Rose's improper removal.  The court has discretion to award just costs and actual expenses, including attorney fees, upon remand.  28 U.S.C. § 1447(c).  An award of costs and fees is proper under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  While JH Rose perhaps should have known its removal could be out of time, it did not lack an objective reasonable basis for seeking removal.  In its discretion, therefore, the court declines to award fees and costs.

*Conclusion*

As the parties are not completely diverse and JH Rose has not met its burden of establishing fraudulent joinder, this court lacks jurisdiction.  This action, therefore, is hereby remanded to the District Court of Murray County, Oklahoma.

**IT IS SO ORDERED** this 2nd day of August, 2017.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**